UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEREMY PINSON, *et al.*, | : |
| Plaintiffs, | : Civil Action Nos.: 12-1872 (RC) |
| v. | : Re Document Nos.: 2, 5-13, 15 |
| U.S. DEPARTMENT OF JUSTICE, *et al.*, | : |
| Defendants. | : |

# MEMORANDUM OPINION

### RESOLVING ALL PENDING MOTIONS

## I. INTRODUCTION

This action arises out of the Defendants' alleged violations of the Freedom of Information Act and the Privacy Act. On November 15, 2012, the *pro se* Plaintiff, Mr. Jeremy Pinson, filed a complaint alleging that Defendants, Department of Justice ("DOJ") and its components, failed to respond to the Plaintiff's requests under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, submitted between 2007 and 2012. Since November 15, 2012, the Plaintiff has amended his complaint twice and filed seven motions ("Plaintiff's Motions").[1] On February 27, 2012, the Defendants moved to strike the Plaintiff's second amended complaint, and on March 21, 2013, the Defendants filed a response

---

[1] "Amended Complaint" filed on December 3, 2012, ECF No. 2; "Motion to Dismiss Plaintiff Dennison" filed on January 11, 2013, ECF No. 7; "Motion for Joinder of Plaintiff" filed on January 11, 2013, ECF No. 6; "Second Amended Complaint" filed on January 11, 2013, ECF No. 5; "Motion to Strike Second Amended Complaint" filed on March 11, 2013, ECF No. 10; "Motion For Leave to Re-Amend Complaint to Add Parties" filed on March 11, 2013, ECF No. 11; "Motion for a Preliminary Injunction" filed on March 11, 2013, ECF No. 12; "Motion for Evidentiary Hearing and Rule 11 Sanctions" filed on March 15, 2013, ECF No. 13; "Motion under *Vaughn v. Rosen* to Require Detailed Indexing, Justification, and Itemization" filed on March 15, 2013, ECF No. 15.

to all of the Plaintiff's Motions. This Court responds to the Plaintiff's Motions and the Defendants' responses collectively in this Opinion.

Pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(6), 12(e) and FOIA and Privacy Act filing requirements, the Plaintiff's complaints lack sufficient background to determine the grounds for which relief is sought. Accordingly, this Court *sua sponte* orders the Plaintiff to provide a more definite statement of his claims and grants the Plaintiff leave to amend his complaint. Moreover, after examining the Plaintiff's subsequent motions and the Defendants' responses, this Court grants the Plaintiff's Motion to Dismiss Plaintiff Dennison, denies the Plaintiff's Motion for Joinder of Plaintiff Stine, denies without prejudice the Plaintiff's Motion for a Preliminary Injunction, denies without prejudice the Plaintiff's Motion for Evidentiary Hearing and Rule 11 Sanctions, and denies as premature the Plaintiff's Motion for a *Vaughn* Index. Additionally, this Court grants the Plaintiff's and the Defendants' Motions to Strike Plaintiff's Second Amended Complaint, but denies the Defendants' request for relief of any obligation to respond to any further filings by the Plaintiff absent a court order. This Court will address the Plaintiff and the Defendants' motions together in the order in which they were filed.

## II. FACTUAL BACKGROUND

On November 15, 2012, the Plaintiff, Mr. Jeremy Pinson, incarcerated at a maximum security facility in Florence, Colorado, filed a complaint alleging that Defendants DOJ and fifteen of its components improperly responded to 211 of the Plaintiff's FOIA and Privacy Act requests filed between 2007 and 2012. *See* Compl. ¶¶ 5-25, ECF No. 1. The Plaintiff's complaint listed the names of the components involved, the number of requests submitted to each component, and the agency's action for each request. *See id.* The Plaintiff requested an injunction compelling production of the information sought and all damages available under 5

2

U.S.C. § 552. *See id*. ¶¶ 26-27. The Plaintiff neither included any details about the information he requested from the Defendants nor any responses received from the Defendants about denials of such information.

Since his initial complaint, the Plaintiff has amended his complaint twice and has filed seven motions. On December 3, 2012, the Plaintiff filed his first amended complaint adding two plaintiffs, Christopher Dennison and Greg Murray, to this action. *See* 1st Am. Compl., ECF No. 2. On January 11, 2013, the Plaintiff moved to dismiss Plaintiff Dennison. *See* Mot. Dismiss, ECF No. 7. On the same day, the Plaintiff moved to join Mikeal Stine as a plaintiff and moved to dismiss Plaintiff Murray.[2] *See* Mot. Joinder, ECF No. 6.

Additionally, on the same day, the Plaintiff filed a second amended complaint adding three Bureau of Prisons (BOP) employees as defendants in this action. *See* 2d Am. Compl., ECF No. 5. In his second amended complaint, the Plaintiff alleged that the Defendants violated FOIA, the Privacy Act, and the Plaintiff's First and Eighth Amendment rights. *See id.* ¶ 4. The Plaintiff repeated his Privacy Act claims against Defendants alleging that they refused to delete false information from the Plaintiff's file. *See id.* ¶¶ 25-27. The Plaintiff also claimed that the Defendants harassed the Plaintiff by seizing his legal documents and filing false disciplinary reports against him. *See id.* ¶ 35.

On February 27, 2013, the Defendants moved to strike the Plaintiff's second amended complaint and to deny the Plaintiff's motion for joinder ("Motion to Strike"). *See* Defs.' Mot. Strike, ECF No. 8. In their motion, the Defendants first argue that the Plaintiff failed to seek leave of court before filing his second amended complaint. *See id.* at 4. Second, the Defendants

---

[2] Although the Plaintiff requests that Murray's claims be dismissed from this action, he also requests that such claims be severed into a separate action. The Court declines to sever such claims. If Mr. Murray seeks to pursue these claims, he must bring a separate action.

argue that the complaint includes an invalid signature that demonstrates bad faith. *See id*. at 5. Third, the Defendants argue that the second amended complaint is futile because (1) it fails to state a claim for relief against the individual defendants, (2) it would not survive a motion to dismiss under Rule 12(b)(6), (3) it does not invoke or exhaust administrative remedies, and (4) it fails to state a valid claim for relief under the Privacy Act. *See id.* at 5-16. Finally, the Defendants argue that this Court should deny the Plaintiff's request for joinder because the Plaintiff fails to meet the conditions for a permissible joinder. *See id.* at 17.

On March 11, 2013, the Plaintiff moved to strike his second amended complaint and requested leave to amend his complaint to add parties ("Motion for Leave"). *See* Mot. Leave, ECF No. 10. The Plaintiff moved to add four new plaintiffs who allegedly shared similar causes of action. *See id.* at 1. Additionally, the Plaintiff acknowledged that he filed his second amended complaint without seeking leave from this Court and requested this Court grant him leave to "file a more factually accurate complaint." *See id.* On the same day, the Plaintiff filed a "Motion for a Preliminary Injunction" to enjoin the Defendants from alleged retaliation against the Plaintiff. *See* Mot. Prelim. Inj., ECF No. 12. In his Motion, the Plaintiff claims that three BOP employees and the Assistant Warden of the prison threatened, assaulted, confiscated documents, and withheld meals from the Plaintiff and his witnesses. *See id.* at 2-3; Pl.'s Decl. ¶ 2-5, ECF No. 12-1.

On March 15, 2013, the Plaintiff filed a motion requesting an evidentiary hearing and seeking sanctions ("Motion for Hearing") against Defense Counsel for alleged factual misrepresentations included in the Defendants' Motion to Strike filed on February 27, 2013. *See* Mot. for Hr'g, ECF No. 13. On the same day, the Plaintiff responded to the Defendants' Motion to Strike. In the Plaintiff's response, he again requested that this Court strike his second

amended complaint and asked for leave to file a more detailed complaint. *See* Pl.'s Resp. 1-2, ECF No. 14. Additionally, on the same day, the Plaintiff filed a motion for a *Vaughn* index requesting that this Court require the Defendants to provide a detailed justification for the documents not released and exempted from production pursuant to the Plaintiff's FOIA requests. *See Vaughn* Mot. 1, ECF No. 15.

On March 21, 2013, the Defendants filed a response[3] opposing the Plaintiff's five motions filed between March 11, 2013 and March 15, 2013 ("Defendants' Opposition"). First, the Defendants argue that this Court should deny the Plaintiff's request to re-amend his complaint because further amendments to the complaint would be "futile." *See* Defs.' Opp'n 5-7, ECF No. 16. Second, the Defendants insist that this Court dismiss all of the Plaintiff's motions[4] for failure to state valid claims for relief under Fed. R. Civ. P. 12(b)(6). *See id.* 8-11. Finally, the Defendants request that this Court relieve the Defendants of any obligation to respond to any further filings by the Plaintiff absent a court order. *See id.* 10.

---

[3] The Defendants' comprehensive response is titled: "Defendant Department of Justice's Opposition to Plaintiff's Motion for Leave to Re-Amend Complaint and to Add Parties; Motion for Preliminary Injunction; Motion for Evidentiary Hearing and Rule 11 Sanctions; Motion under *Vaughn v. Rosen* to Require Detailed Indexing, Justification, and Itemization; and Defendants' Reply to Plaintiff's Opposition to Motion to Strike Second Amended Complaint and Deny Joinder of Plaintiff," ECF No. 16.

[4] The Plaintiff filed the following five motions after March 11, 2013: "Motion to Strike Second Amended Complaint and For Leave to Re-Amend Complaint to Add Parties" filed on March 11, 2013, ECF Nos. 10-11; "Motion for a Preliminary Injunction" filed on March 11, 2013, ECF No. 12; "Motion for Evidentiary Hearing and Rule 11 Sanctions" filed on March 15, 2013, ECF No. 13; "Motion under *Vaughn v. Rosen* to Require Detailed Indexing, Justification, and Itemization" filed on March 15, 2013, ECF No. 15.

## III. COMPLAINT AND JOINDER

### A. Legal Standards

#### 1. Amended Pleadings

##### a. Federal Rule of Civil Procedure 8(a), 8(d), 12(b)(6), and 12(e)

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim" with the relief sought. Fed. R. Civ. P. 8(a). Even though a complaint need not contain "detailed factual allegations," a complaint must include "more than labels and conclusions" that reveal the grounds that may entitle the complainant for relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff's complaint must include more than inferences or "legal conclusions cast in the form of factual allegations." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Accordingly, a complaint that lacks "further factual enhancement" or includes bald allegations may not meet Rule 8 pleading requirements and may not survive a Rule 12(b)(6) motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 557).

Additionally, under Rule 12(e), a court can order *sua sponte* a more definite statement of a plaintiff's claims when the complaint is "so vague or ambiguous that [a] party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Courts have found that "mere allegations" with unclear statements devoid of "factual details" warrant a court order for a more definite statement. *See, e.g., Fraternal Order of Police Library of Cong. Labor Comm. v. Library of Cong.*, 692 F. Supp. 2d 9, 20 (D.D.C. 2010); *Saad v. Burns Int'l Sec. Servs. Inc.,* 456 F. Supp. 33, 36 (D.D.C. 1978).

##### b. Federal Rule of Civil Procedure 15(a)

Pursuant to Rule 15, "[a] party may amend its pleading once as a matter of course within 21 days after serving it . . . . In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). Rule 15 allows courts to freely grant leave to amend a complaint "when justice so requires." *See id.* District courts, however, have discretion to deny leave to amend a complaint for reasons such as "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice on the opposing party, or futility of amendment." *See Atchinson v. District of Columbia*, 73 F.3d 418, 425 (D.C. Cir. 1996) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

2. **Freedom of Information Act Requests**

Under FOIA, agencies must respond to requests that (1) are timely filed according to agency rules and procedures, (2) "reasonably describe" the records requested, and (2) do not fall under FOIA exemptions. 5 U.S.C. § 552(a)(3)(a); *see, e.g. Hidalgo v. FBI*, 344 F.3d 1256, 1257 (D.C. Cir. 2003); *Calhoun v. Dep't of Justice*, 693 F. Supp. 2d 89, 91 (D.D.C. 2010). Although agencies must "construe . . . FOIA requests[s] liberally," agencies only need to engage in "[a] reasonable search to satisfy th[e] request." *See Kowalczyk v. Dep't of Justice*, 73 F.3d 386, 388 (D.C. Cir. 1996); *Nation Magazine, Wash. Bureau v. U.S. Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995).

Before a requester can bring a FOIA suit in District Court, a requestor must first exhaust all available administrative remedies. *See Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990). A requestor must demonstrate that he complied with the agency's filing procedures and the agency's internal appeals process. *See Hidalgo*, 344 F.3d at 1259.

### 3. Joinder

Pursuant to Rule 20(a), parties may join in one action "if they assert any right to relief jointly, severally, or . . . arising out of the same transaction, occurrence, or series of transactions or occurrences and any question of law or fact common to all plaintiffs will arise in the action." *See* Fed. R. Civ. P. 20(a). A plaintiff satisfies Rule 20(a) only if both requirements are present in the plaintiff's motion. *See Spaeth v. Mich. State Univ. Coll. of Law*, 845 F. Supp. 2d 48, 53 (D.D.C. 2012). Actions "arising out of the same transaction, occurrence, or series of transactions" must be logically related claims. *See Disparte v. Corp. Exec. Bd.,* 223 F.R.D. 7, 10 (D.D.C. 2004) (citing *Moore v. N.Y. Cotton Exch.*, 270 U.S. 593, 610 (1926)). Courts have discretion to permit or deny a joinder to "promote convenience and expedite resolution," but may not join claims that do not arise from the same transaction or share a common question of law or fact. *See Montgomery v. STG Int'l Inc.*, 532 F. Supp. 2d 29, 35 (D.D.C. 2008).

## B. Plaintiff's Pleadings

### 1. Leave to Amend Complaint *Sua Sponte*

This Court *sua sponte* orders the Plaintiff to provide a more definite statement of his claims and grants the Plaintiff leave to amend his complaint because the Plaintiff's three complaints are vague and do not include sufficient facts for this Court to determine the relief that can be granted. Pursuant to Rule 8(a) and Rule 12(b)(6), a plaintiff's complaint does not need to include "detailed factual allegations," but must include "factual enhancement[s]" of the grounds that entitle the plaintiff for relief. *See Twombly*, 550 U.S. at 555, 557. Moreover, before seeking judicial review, a FOIA requestor must demonstrate that he pursued all available administrative avenues for relief. *See Debrew v. Atwood*, 847 F. Supp. 2d 95, 103 (D.D.C. 2012).

The Plaintiff's complaints do not include any details about the type of information he seeks from the Defendants. Despite bringing this suit concerning over 200 FOIA requests to Defendants, he provides almost no information about the requests. Even though in his complaints the Plaintiff includes the processing number associated with some of the FOIA and Privacy Act requests he filed, the Plaintiff does not describe the records requested from each agency or when he made such requests. *See* Compl. ¶¶ 2-6; 1st Am. Compl. ¶¶ 2-7; 2d Am. Compl. ¶¶ 2-6. The Plaintiff must provide more detailed descriptions of the records requested from the Defendants such as when he made each request, to which component he sent each request, the agency's response to each request, and whether he sought an appeal. Otherwise, without providing this more definite statement of his claims, this Court lacks sufficient details to determine if the Defendants complied with their FOIA obligations.

Accordingly, this Court orders the Plaintiff to provide a more definite statement of his claims as set forth above.

### 2. Motion to Strike Second Amended Complaint

This Court grants the Plaintiff and the Defendants' motions to strike the Plaintiff's second amended complaint because the Plaintiff failed to seek leave from this Court. The Plaintiff and the Defendants agree that the Plaintiff failed to seek leave before filing his second amended complaint. Rule 15 states that a plaintiff may amend his or her initial pleading within 21 days of the initial filing or after seeking leave from court. *See* Fed. R. Civ. P. 15(a)(1); *see, e.g., Stanko v. Fed. Bureau of Prisons*, 842 F. Supp. 2d 132, 139 (D.D.C. 2012). The Plaintiff filed his first amended complaint on December 3, 2012. This complaint was within the 21-day filing requirement. On January 7, 2013, the Plaintiff filed his second amended complaint. The Plaintiff was not entitled to submit this second amended complaint without first seeking leave

from this Court. *See* Fed. R. Civ. P. 15(a)(1). Therefore, this Court grants the Defendants' and the Plaintiff's motions to strike the Plaintiff's second amended complaint from the record.

### 3. Mikeal Stine's Signature on the Plaintiff's Second Amended Complaint

The Defendants argue that this Court should strike the Plaintiff's second amended complaint because Mikeal Stine did not personally sign the complaint and because Mr. Stine's alleged false signature shows bad faith. Defs.' Mot. Strike at 4, ECF No. 8. This Court will not make factual determinations on Defendants' allegations regarding these matters. Moreover, these issues are moot because that complaint has been stricken, this Court is granting the Plaintiff leave to amend his complaint, and this Court is denying the Plaintiff's motion for joinder on separate grounds.

### 4. Claim for Relief Against Individual Defendants

The Plaintiff's second amended complaint adds BOP employees Charles Samuels, Jr., Blake Davis, John Dignam as defendants in his claim. The Plaintiff asserts that the BOP employees included false information in the Plaintiff and Mr. Stine's files and that the BOP employees failed to separate the Plaintiff and Mr. Stine from prison gangs the employees knew would harm the Plaintiff and Mr. Stine. *See* 2d Am. Compl. ¶ 25, 27, 32, ECF No. 5. The Plaintiff also asserts that the three defendants seized his legal documents and opened his legal mail. *See id.* ¶ 35. The Plaintiff, however, cannot claim relief against individual defendants under FOIA or the Privacy Act.

The Plaintiff's suit against the three defendants is impermissible under FOIA and the Privacy Act. 5 U.S.C. § 552(a)(4)(B); *see, e.*g., *Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006); *Cunningham v. U.S. Dep't of Justice*, 2013 WL 4446795 (D.D.C. Aug. 21, 2013). The Plaintiff would not be entitled to relief under FOIA or the Privacy Act because the

statutes only authorize a cause of action against agencies, not individuals. *See Martinez*, 444 F.3d at 624.

To the extent that the Plaintiff seeks to pursue monetary damages against these individual defendants for all alleged constitutional torts pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, he has not demonstrated that this Court maintains personal jurisdiction over these defendants who appear to be located in Colorado. *See* 403 U.S. 388 (1971); *Ibrahim v. District of Columbia*, 357 F. Supp. 2d 187, 193 (D.D.C. 2004) (holding that this Court lacks personal jurisdiction over suits against out-of-state defendants in their personal capacity); 2d Am. Compl. ¶¶ 25-35. Additionally, the docket does not reflect that service has been effected on these individual defendants in their personal capacity. *See Pollack v. Meese*, 737 F. Supp. 663, 666 (D.D.C. 1990) (stating that a failure to effect personal service "is fatal to a *Bivens* action"); 2d Am. Compl. ¶¶ 25-35. Accordingly, if these claims were to be pursued in a new amended complaint, they would be subject to dismissal.

### 5. Plaintiff's Claims Under the Privacy Act

The Plaintiff fails to state claims under the Privacy Act. A plaintiff is entitled to civil remedies against a federal agency when a plaintiff can demonstrate that the federal agency refuses or fails to comply with the plaintiff's requests under any provision of the Privacy Act. 5 U.S.C. § 552a(g)(1). In order to obtain monetary damages, a plaintiff must also demonstrate that the federal agency has acted intentionally or willfully in refraining from granting a plaintiff's requests and that the agency's actions had an "adverse determination" on a plaintiff. *See Earle v. Holder*, 815 F. Supp. 2d 176, 181, 183 (D.D.C. 2011), *aff'd*, No. 11-5280, 2012 WL 1450574 (D.C. Cir. Apr. 20, 2012).

The Plaintiff's complaints lack sufficient detail to state valid claims against Defendants under the Privacy Act because the complaints do not include any details about the information that was allegedly falsely entered into the Plaintiff's files. *See* 2nd Am. Compl. ¶ 7. Moreover, the Plaintiff's complaints neither demonstrate that the BOP employees acted intentionally or willfully nor demonstrate that there was an adverse determination that resulted from the employees' actions. *See id.* ¶ 7-8. Because this Court is requiring the Plaintiff to provide more information concerning his FOIA claims, he must also provide more factual detail concerning his Privacy Act claims. When the Plaintiff files his amended complaint, he must provide more factual details concerning which records he requested be amended or corrected, when he made such requests, when the agency denied the requests, why he believes the information in the record is inaccurate, what adverse determinations were made as a result of inaccurate information in those records, and why he believes the agency's actions were intentional or willful. The Plaintiff's future complaint should include more details, rather than bald allegations, as to how the Defendants violated the Privacy Act.

**C. Plaintiff's Motions for Joinder of Plaintiff and Dismissal of Plaintiff**

    **1. Plaintiff's Motion to Dismiss Christopher Dennison**

On November 15, 2012, the Plaintiff filed his initial complaint as the sole Plaintiff in this action. On December 3, 2012, the Plaintiff timely filed an amended complaint and added Mr. Dennison and Mr. Murray as plaintiffs. On January 11, 2013, Mr. Dennison moved to dismiss himself pursuant to Fed. R. Civ. P. 41(a), which states that "the plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves . . . an answer." This Court will dismiss Plaintiff Dennison.

### 2. Plaintiff's Motion for Joinder

This Court denies the Plaintiff's Motion for Joinder of Mr. Stine. The Plaintiff and Mr. Stine's FOIA requests do not "aris[e] out of the same transaction, occurrence, or series of occurrences." *See* Fed. R. Civ. P. 20(a). The Plaintiff's motion alleges that he and Mr. Stine made "identical claims" against the Defendants. *See* Mot. Joinder, ECF No. 6. Even though the Plaintiff and Mr. Stine may have made similar types of FOIA requests to the Defendants, the Plaintiff does not include any facts in any of his complaints that reveal that the Plaintiff and Mr. Stine's FOIA requests arise out of the same incident or that the requests are in any way "logically related" to each other. *See* Compl., 1st Am. Compl.; 2d Am. Compl. In the Plaintiff's second amended complaint, which this Court has stricken from the record, he only adds paragraph 9(a) that states that the "BOP refused to respond to any of Stine's FOIA requests." *See* 2d Am. Compl. ¶ 9.

The facts included in the three complaints are insufficient to reveal if the information the Plaintiff and Mr. Stine requested from the Defendants is "logically related" or simply related because both Plaintiffs made FOIA requests to the Defendants. Similar actions without a logical relation do not satisfy the "arising out of the same transaction" prong of Rule 20(a). *See Disparte v. Corp. Exec. Bd.,* 223 F.R.D. 7, 10 (D.D.C. 2004) (citing *Moore v. N.Y. Cotton Exch.*, 270 U.S. 593, 610 (1926)).

Moreover, the Defendants point out that the Plaintiff's motion for joinder should be denied because Mr. Stine has a substantial litigation history of filing frivolous or unmeritorious claims. *See* Defs.' Mot. Strike at 20. The Prison Litigation Reform Act's ("PLRA") three strike rule prohibits prisoners from filing more than three civil actions in *forma pauperis* if the claims have been dismissed because they are "frivolous, malicious or fail to state a claim upon which

relief may be granted." 28 U.S.C. § 1915(g). Mr. Stine's record reveals that he has over three strikes. *See Stine v. Lappin*, No. CIV.A. 07-CV-01839WY, 2009 WL 2848849, at *3 (D. Colo. Sept. 1, 2009) (finding that Plaintiff Stine, because he had over three strikes, had requested help from other inmates to continue submitting his claims). Mr. Stine cannot file his claims independently without prepayment of filing fees because he has been barred from doing so under the PLRA. This Court will not allow Mr. Stine to circumvent the three-strike rule by attempting to join the Plaintiff's complaint through joinder. Considering Mr. Stine's history and the lack of a logically related relation between the Plaintiff and Mr. Stine's requests, this Court denies the Plaintiff's motion for joinder of Mr. Stine.

### III. MOTION FOR PRELIMINARY INJUNCTION; MOTION FOR EVIDENTIARY HEARING AND RULE 11 SANCTIONS; MOTION FOR *VAUGHN* INDEX

The Defendants argue that the Plaintiff's retaliation claims in the Plaintiff's Motion for a Preliminary Injunction and Motion for Evidentiary Hearing must be dismissed pursuant to the PLRA because the Plaintiff has failed to demonstrate that he exhausted his administrative remedies before bringing any action regarding prison conditions. *See* Defs.' Mot. Strike at 13, ECF No. 8. But, the Defendants incorrectly assert that the Plaintiff must plead exhaustion. In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court held that a Plaintiff does not need to plead exhaustion in his complaint. *See id.* at 213. Rather, a failure to exhaust administrative remedies is regarded as an affirmative defense under Rule 8(c). *See* Fed. R. Civ. P. 8(c); *Jones*, 549 U.S. at 219. Accordingly, the Plaintiff need not allege that he exhausted his remedies when filing claims regarding prison conditions.[5] Because the Defendants provide no evidence that the Plaintiff did not exhaust his administrative remedies on these claims, the Court declines to

---

[5] Although the Plaintiff does not need to demonstrate that he has exhausted his administrative remedies regarding his retaliation claims, the Plaintiff must include more facts regarding these claims when amending his complaint.

14

dismiss the claims on exhaustion grounds. This Court, however, denies the Plaintiff's motions on other grounds.

### 1. This Court Denies Without Prejudice[6] Plaintiff's Motion for a Preliminary Injunction

When considering a motion for a preliminary injunction, federal district courts should consider "(1) the [movant's likelihood] of success on the merits; (2) the threat of irreparable injury in the absence of an injunction; (3) the possibility of substantial harm to other interested parties from the issuance of an injunction; and (4) the interests of the public." *See* Fed. R. Civ. P. 65; *see, e.g. Nat'l Min. Ass'n v. Jackson*, 768 F. Supp. 2d. 34, 48 (D.D.C. 2011) (citing *Wagner v. Taylor*, 836 F.2d 566, 575 (D.C.Cir.1987)). On March 11, 2013, the Plaintiff filed a motion for a preliminary injunction seeking to enjoin the Defendants from acts of retaliation against the Plaintiff. In his Motion, the Plaintiff argues that the Defendants harassed the Plaintiff through threats, assault, withholding meals, and confiscation of legal documents. *See* Mot. Prelim. Inj. at 2-3, ECF No. 12. Because Colorado is a more proper forum for the dispute, *see supra* note 6, this Court will not address the Plaintiff's retaliation claims and thus denies without prejudice the Plaintiff's motion for a preliminary injunction.[7] If the Plaintiff repeats these retaliation claims in the new amended complaint, this Court will likely sever them and transfer them to Colorado.

---

[6] Although this Court is the correct venue for FOIA appeals, it does not appear to have jurisdiction over the Plaintiff's retaliation and constitutional claims to the extent he seeks monetary damages. Jurisdiction over these claims likely exists in Colorado's District Court where the Plaintiff is currently detained and which would have personal jurisdiction over the individual defendants located in that state.

[7] This Court finds the Defendants' response to this Motion to be lacking in factual detail or appropriate analysis. Defendants' only argument is that this motion should be dismissed as "frivolous" because the Plaintiff must exhaust administrative remedies to resolve his claims. *See* Defs.' Opp'n at 8-10. This skeletal response fails to adequately consider the Plaintiff's serious allegations.

**2. This Court Denies Without Prejudice Plaintiff's Motion for an Evidentiary Hearing**

On March 15, 2013, the Plaintiff filed a motion for an evidentiary hearing and for Rule 11 sanctions against defense counsel. The Plaintiff alleges that defense counsel intentionally misrepresented documents and facts regarding the Plaintiff's complaints, and thus should be sanctioned under Rule 11. *See* Mot. Hr'g. at 3, ECF No. 13. The Plaintiff provides insufficient evidence to support this claim and the Court denies the motion. In the same motion, the Plaintiff urges the Court to hold an evidentiary hearing with the Plaintiff and security facility staff to substantiate the Plaintiff's claims that the prison staff have been harassing and threatening the Plaintiff. *Id.* Because the requested hearing focuses on the retaliation claims, and because Colorado is a more proper forum for the dispute, *see supra* note 6, this Court denies without prejudice the Plaintiff's motion in this respect as well.[8]

**3. This Court Denies Without Prejudice Plaintiff's Motion for a *Vaughn* Index**

When a federal district court reviews agency decisions to withhold information requested through FOIA, a court can request that an agency produce a detailed "index" of the information withheld. *See Campaign for Responsible Transplantation v. FDA*, 180 F. Supp. 2d 29, 33 (D.D.C. 2001) (citing *Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973)). A requester can move a federal district court for a *Vaughn* index to compel the withholding agency to detail the redacted documents and to justify the elements in the record that have been exempted from disclosure. *See id.* at 32. However, a *Vaughn* index is not typically required until the Defendants must factually support a motion for summary judgment. *See Schoenman v. F.B.I.*,

---

[8] This Court finds the Defendants' response to the Plaintiff's Motion lacking on this issue as well. The Defendants' only argument against this motion is that the Plaintiff's request is frivolous and that "any failure to provide evidentiary support" is a result of the Plaintiff's inaction. *See* Defs.' Opp'n at 12. This sort of conclusory sentiment does not assist the Court in assessing the Plaintiff's claims.

604 F. Supp. 2d 174, 178 (D.D.C. 2009). Because this case is not yet in a posture for dispositive briefing, the Plaintiff's motion is premature. Thus, this Court will deny the Plaintiff's request for a *Vaughn* index.

## IV. DEFENDANTS' OBLIGATION TO RESPOND

In the Defendants' response to the Plaintiff's Motions, they request relief from any obligation to respond to any further filings by the Plaintiff absent an order form this Court. *See* Defs.' Opp'n at 10-11. Despite the Defendants' protestation, the record does not reflect that the Plaintiff's motions have become overly burdensome, particularly because the Plaintiff has not filed any motions during the past five months. Accordingly, as the requested relief does not appear necessary or appropriate, this Court denies the Defendants' request.

## V. CONCLUSION

For the foregoing reasons, this Court orders the Plaintiff to provide a more definite statement of his claims and grants the Plaintiff leave to amend his complaint *sua sponte*, grants the Plaintiff's Motion to Dismiss Plaintiff Dennison, denies the Plaintiff's Motion for Joinder of Plaintiff Stine, denies without prejudice the Plaintiff's Motion for a Preliminary Injunction, denies without prejudice the Plaintiff's Motion for Evidentiary Hearing and Rule 11 Sanctions, and denies as premature the Plaintiff's Motion for a *Vaughn* Index. Additionally, this Court grants the Plaintiff's and the Defendants' Motions to Strike Plaintiff's Second Amended Complaint, but denies the Defendant relief from responding to the Plaintiff's pleadings.

An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  September 30, 2013                                            RUDOLPH CONTRERAS
                                                                     United States District Judge