UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| JEREMY PINSON, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 12-1872 (RC) |
| | : | | |
| v. | : | Re Document No.: | 30 |
| | : | | |
| U.S. DEPARTMENT OF JUSTICE, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

DENYING PLAINTIFF'S MOTION FOR LIMITED DISCOVERY AND LEAVE TO SUPPLEMENT AND FOR APPOINTMENT OF COUNSEL

**I. PROCEDURAL BACKGROUND**

Two years ago, Jeremy Pinson filed a complaint against the U.S. Department of Justice ("DOJ"), claiming that various branches of the DOJ improperly withheld records from him in violation of the Freedom of Information Act and the Privacy Act ("FOIA"). *See* Compl. ¶ 4, ECF No. 1. Pinson then amended his complaint twice. *See* Am. Compl., ECF No. 2; Second Am. Compl., ECF No. 30. After the DOJ moved to strike Pinson's Second Amended Complaint, *see* Def.'s Mot. Strike, ECF No. 8, the Court ordered Pinson to "provide a more definite statement of his claims" but granted him leave to amend his complaint. Mem. Op. 17, Sept. 30, 2013, ECF No. 26. Pinson then filed a fourth version of his complaint. *See* Corrected Second Am. Compl., ECF No. 32. Around the same time, Pinson filed this motion, asking the Court to (1) order "the defendant to produce copies of all final response letters to all FOIA requests listed in the Corrected Second Amended Complaint," (2) "allow [him] to supplement [the complaint] with the documents once produced," and (3) appoint an attorney to represent him because of his

mental illness. Pl.'s Mot. 2–3, ECF No. 30. For the reasons detailed below, this motion is denied.

## II. DISCUSSION

### A. Plaintiff's Motion for Limited Discovery

First, Pinson asks the Court to order "the defendant to produce copies of all final response letters to all FOIA requests listed in the Corrected Second Amended Complaint." Pl.'s Mot. 3, ECF No. 30. He cites Federal Rules of Civil Procedure 26 and 34 in support of his request. Rule 26 requires parties in a civil case to voluntarily disclose certain information to the other party without waiting for a request from the other party. *See* Fed. R. Civ. P. 26(a)(1). Rule 34, read in conjunction with Rule 26, allows parties in a civil case to request documents from the other party that may be relevant to any party's claim or defense. *See* Fed. R. Civ. P. 26(b), 34(a).

The local rules of this Court, however, exempt all FOIA actions from the requirements of initial disclosure under Rule 26(a)(1). *See* D.D.C. LCvR 26.2(a)(9). In addition, discovery of any type is generally not allowed in FOIA proceedings. *Wolf v. CIA*, 569 F. Supp. 2d 1, 9 (D.D.C. 2008) (quoting *Wheeler v. CIA*, 271 F. Supp. 2d 132, 139 (D.D.C. 2003)). The one exception to this rule is when the plaintiff makes something more than a "speculative" assertion that the agency might not have acted in good faith in responding to his FOIA request. *See Accuracy in Media, Inc. v. Nat'l Park Serv.*, 194 F.3d 120, 124 (D.C. Cir. 1999) (affirming the district court's decision not to allow discovery where the plaintiff argued that the agency's search must have been inadequate because the detailed nature of certain typed reports suggested the existence of handwritten notes). Thus, discovery "should be denied where an agency's declarations are reasonably detailed, submitted in good faith and the court is satisfied that no factual dispute remains." *Wolf*, 596 F. Supp. 2d at 9 (quoting *Schrecker v. Dep't of Justice*, 217 F. Supp. 2d 29,

35 (D.D.C. 2002)). Furthermore, even if the district court decides to allow discovery in a given case, it may nevertheless limit the scope of that discovery at its discretion. *See SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (noting that a district court has "broad discretion to manage the scope of discovery"). For example, a court may limit the scope of available discovery when "the discovery sought is unreasonably cumulative or duplicative." Fed. R. Civ. P. 26(b)(2)(C)(i).

At least at this point in time, the Court concludes that this case is not one of those unusual situations in which FOIA discovery should be allowed. The DOJ has provided Pinson with many of the final response letters he requested in conjunction with its motions to dismiss various portions of his complaint. The DOJ also filed numerous declarations detailing its responses to many of Pinson's FOIA requests. Thus, at this point, it would be premature and redundant to allow the parties to engage in extensive discovery. Plaintiff has the burden of pleading sufficient facts to survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). To the extent that Plaintiff lacks such information, it is not a defendant's responsibility to provide it. Therefore, this case does not warrant an exception to the general rule prohibiting discovery in FOIA cases.

For all of the reasons set forth above, Pinson's motion for discovery is hereby denied.

### B. Plaintiff's Motion for Leave to Supplement

Pinson also asks the Court for leave to "supplement" his complaint with the information that he seeks to obtain from the DOJ in discovery. (Pl.'s Mot. 3, ECF No. 30.) Leave to supplement a complaint may be given when some "transaction, occurrence, or event . . . happen[s] *after*" the complaint is filed. Fed. R. Civ. P. 15(d) (emphasis added). In this case, Pinson seeks to add information to his complaint relating to events that have already happened. (*See* Pl.'s Mot. 3, ECF No. 30.) Therefore, Pinson's motion is actually a request to amend, not

supplement, his complaint. *Compare* Fed. R. Civ. P. 15(d) (describing the purpose of supplemental pleadings), *with* Fed. R. Civ. P. 15(a)–(b) (describing the purpose of amended pleadings).

A plaintiff may amend his complaint more than once "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend a complaint should be freely given "when justice so requires," *id.*, but not when doing so would cause "undue delay" or when the movant has repeatedly failed to cure deficiencies in his complaint after being given several opportunities to do so. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In this case, the Court has already denied Pinson's motion for discovery. This makes his request to "supplement" moot. Accordingly, Pinson's motion for leave to "supplement" the complaint is hereby denied.

### C.  Plaintiff's Motion for Appointment of Counsel

Finally, Pinson asks the Court to appoint an attorney for him, claiming that he is mentally ill. (Pl.'s Mot. 2–3, ECF No. 30.) Plaintiffs in civil cases do not have a constitutional or statutory right to counsel. *See Willis v. F.B.I.*, 274 F.3d 531, 532–33 (D.C. Cir. 2001). A district court may "request an attorney to represent any person unable to afford counsel" in a civil case, 28 U.S.C. § 1915(e)(1), but this is appropriate only in "exceptional circumstances" when the denial of counsel would result in fundamental unfairness. *Mays v. Meeks*, No. 05-2116, 2006 WL 890671, at *1 (D.D.C. Apr. 5, 2006). For example, a court may appoint an attorney for a *pro se* litigant who is involved in a particularly complex or meritorious case or who is otherwise incapable of adequately representing himself without the help of an attorney. *See* D.D.C. LCvR 83.11(b)(3) (listing four factors to consider in determining whether to appoint counsel for a *pro se* litigant who has already been granted leave to proceed *in forma pauperis*). Ultimately, however, the

district court has the discretion to decide whether to appoint an attorney for a *pro se* litigant in a civil case. *See Willis*, 274 F.3d at 532–33.

In this case, Pinson is bringing a FOIA action, not an intractably complex tax case. Plaintiff's pleadings suggest that he is intelligent and articulate and, thus, is capable, at this point, to adequately represent himself as evidenced by how he has ably represented himself thus far in bringing and responding to a variety of motions.[1] Plaintiff contends that he is unable to represent himself because he is mentally ill. His pleadings do not suggest as much. Furthermore, Plaintiff provides no medical evidence to suggest such a claim. Moreover, his submission of Mr. Stine's non-medical lay opinion on this point carries no weight. Under these circumstances, the Court does not find it necessary to appoint an attorney for Pinson.

Pinson's motion for appointment of counsel is therefore denied.

### III. CONCLUSION

For all of the reasons set forth above, Plaintiff's Motion for Limited Discovery and Leave to Supplement and for Appointment of Counsel is hereby **DENIED** in its entirety.

Dated: July 10, 2014                                              RUDOLPH CONTRERAS
                                                                  United States District Judge

---

[1] Pinson has previously represented himself in approximately 180 cases before at least 20 federal district courts and in more than 60 appeals in at least 7 different circuits. *Pinson v. Armijo*, 2014 WL 1034992, at *2, No. 13-CV-01567-BNB, (D. Colo. Mar. 18, 2014). In addition, Pinson states that he "has assisted over 50 BOP inmates to file lawsuits against the BOP." Pl.'s Corrected Second Am. Compl. 14, ECF No. 32. *See also Womack v. Berkebile*, No. 13-CV-01866-BNB, 2013 WL 5937974, at *4 (D. Colo. Nov. 6, 2013). On one occasion, Pinson asked a federal district court to allow him to represent another inmate, asserting that this inmate was "incompetent and not capable of proceeding in a separate case without [his] help." *Pinson v. Berkabile*, No. 12-CV-02673-BNB, 2013 WL 1127097, at *1 (D. Colo. Mar. 18, 2013).

5