UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| JEREMY PINSON, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 12-1872 (RC) |
| | : | | |
| v. | : | Re Document No.: | 47 |
| | : | | |
| U.S. DEPARTMENT OF JUSTICE, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

### GRANTING IN PART AND DENYING IN PART AS MOOT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### I. INTRODUCTION

Jeremy Pinson currently is an inmate at ADX Florence, a federal prison located in Colorado. While in prison, Mr. Pinson has filed multiple Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, requests with different components of the U.S. Department of Justice ("DOJ"). On several occasions, the DOJ has asked him to narrow the scope of his records requests or informed him that the records he sought were exempt from disclosure by law. Mr. Pinson took issue with some of these determinations, so he filed a complaint claiming that the DOJ improperly withheld numerous records from him in violation of FOIA, as well as that the DOJ and two government officials violated the Privacy Act, 5 U.S.C. § 552a, and certain unspecified provisions in the U.S. Constitution.

In response, the DOJ filed nine pre-answer motions, each asking the Court to dismiss or grant summary judgment in its favor on different portions of Mr. Pinson's complaint. Now before the Court is the DOJ's motion to dismiss or, in the alternative, for summary judgment as to Mr. Pinson's FOIA claims regarding the DOJ's Civil Rights Division ("CRD"). Specifically, Mr.

Pinson's original complaint alleges that he submitted three requests to the CRD between 2008 and 2013: one in 2009 (Request No. 09-00047-P), one in 2010 (Request No. 11-00097-F), and one in 2011 (no request number provided).[1] The DOJ, on the other hand, argues that the CRD received and responded to Mr. Pinson's 2009 and 2010 FOIA requests in full, and that the agency never received a FOIA request from Mr. Pinson in 2011.

For the reasons explained below, the Court will deny as moot the DOJ's motion for summary judgment as to Mr. Pinson's 2009 and 2010 FOIA claims because those claims were removed from his amended complaint, thus making them abandoned. In addition, the Court will grant the DOJ's motion for summary judgment as to Mr. Pinson's 2011 FOIA claim because there is no genuine dispute of material fact that the CRD never received this request.

## II. FACTUAL BACKGROUND

In 2009, Mr. Pinson submitted the first FOIA request to the CRD (Request No. 09-00047-P) in which he sought a copy of "[a]ll records maintained on Jeremy Vaughn Pinson." (Pinson Letter Ex. A, Feb. 17, 2009, ECF No. 47.) Mr. Pinson also asked for a copy of any "documents received from other agencies of the U.S. Government pertaining to allegations of misconduct or criminal acts of employees of the Bureau of Prisons" ("BOP") that were "maintained in field offices in Texas, Colorado, [or] California and wooldve [sic] been generated or received between … 2003-2009." (*Id.*) The CRD searched its records system for files responsive to Mr. Pinson's request and provided him with copies of all the records it uncovered. (*See* Stmt. Mat. Facts ¶ 7, ECF No. 47.) The agency, however, informed Mr. Pinson that it did not have field offices in Texas, Colorado, or California, and advised him to contact the BOP directly if he wanted copies

---

[1] As is discussed below, the Corrected Second Amended Complaint makes no mention of the 2009 and 2010 FOIA requests.

2

of documents stored in a BOP field office. (*See id.* ¶ 8; CRD Letter Ex. B, Jan. 30, 2013, ECF No. 47.)

In 2010, Mr. Pinson submitted a second FOIA request to the CRD (Request No. 11-00097-F) seeking copies of "[a]ny report to Congress made pursuant to 42 U.S.C. 1997f." (Pinson Letter Ex. C, Nov. 30, 2010, ECF No. 47.) Again, the CRD searched its records system for files responsive to Mr. Pinson's request and provided him with copies of fourteen reports it had made to Congress between 1996 and 2009 pursuant to 42 U.S.C. § 1997f. (*See* Stmt. Mat. Facts ¶ 10; CRD Letter Ex. C, Dec. 10, 2010, ECF No. 47.)

Finally, Mr. Pinson attests that in 2011 he sent a third FOIA request to the CRD "seeking copies of any complaints they had received alleging civil rights violations by employees at ADX Florence." (Pinson Decl. Ex. 1 ¶ 2, ECF No. 59.) He also asserts that he signed a payment form "confirming a debt for postage" on this letter. (*Id.* ¶ 3.) The CRD, however, never responded to this request, (*id.* ¶ 4), and the agency now attests that it has no record of receiving the 2011 request in the first place, (*see* Hermilla Decl. ¶¶ 3, 10, ECF No. 47.) Mr. Pinson does not dispute the CRD's statement; instead, he simply maintains that he "submitted" a FOIA request to the CRD in 2011. (*See* Pinson Resp. Mot. Summ. J. 1, ECF No. 59.)

### III. LEGAL STANDARD

#### A. Analyzing the DOJ's Motion Under Rule 12(b)(6) or Rule 56

The DOJ moves for dismissal of Mr. Pinson's CRD FOIA request causes of action under Rule 12(b)(6) or, alternatively, for summary judgment under Rule 56. In general, exhaustion arguments in FOIA cases are analyzed under Rule 12(b)(6). *See, e.g.*, *Hidalgo v. FBI*, 344 F.3d 1256, 1260 (D.C. Cir. 2003) (vacating the district court's summary judgment order and remanding the case with instructions to dismiss the complaint under Rule 12(b)(6) on exhaustion grounds); *Jean-Pierre v. Fed. Bureau of Prisons*, 880 F. Supp. 2d 95, 100 n.4 (D.D.C. 2012)

3

("Although FOIA cases 'typically and appropriately are decided on motions for summary judgment,' where an agency argues that the requester has failed to exhaust his administrative remedies, courts analyze the matter under Rule 12(b)(6) for failure to state a claim." (citations omitted)). If, however, the defendant's motion references matters outside the pleadings, a court must treat the motion as one for summary judgment, not as one for dismissal based on failure to state a claim under Rule 12(b)(6). *See* Fed. R. Civ. P. 12(d); *Colbert v. Potter*, 471 F.3d 158, 164 (D.C. Cir. 2006); *Yates v. District of Columbia*, 324 F.3d 724, 725 (D.C. Cir. 2003); *see also Rosenberg v. U.S. Dep't of Immigration & Customs Enforcement*, 956 F. Supp. 2d 32, 36–43 (D.D.C. 2013) (granting summary judgment for the government "on the grounds [that] the Plaintiff failed to exhaust his administrative remedies before seeking judicial review").

Here, both the DOJ and Mr. Pinson refer to materials that are not part of the pleadings. Specifically, the DOJ's motion relies on a declaration by a CRD employee, who explains that he conducted a search of the CRD's records and found no evidence of the agency receiving a FOIA request from Mr. Pinson in 2011. (*See* Hermilla Decl. ¶¶ 1–3, 10.) The DOJ's motion also references several letters that were exchanged between Mr. Pinson and the CRD. (*See* Pinson Letter Ex. A; CRD Letter Ex. B; Pinson Letter Ex. C; CRD Letter Ex. C.) And for his part, Mr. Pinson offers a declaration alleging that he gave a FOIA request to a prison counselor in 2011 for mailing to the CRD. (*See* Pinson Decl. ¶¶ 2–5.) Under these circumstances, the Court will evaluate the DOJ's entire motion under the summary judgment standard.[2]

---

[2] It is possible that construing the DOJ's motion under Rule 12(b)(6) would make no difference in the end. *Cf. Mendoza v. Perez*, No. 13-5118, 2014 WL 2619844, at *8 n.9 (D.C. Cir. June 13, 2014) ("The standard for resolution of these legal arguments is the same at the motion to dismiss stage as it is on a motion for summary judgment."); *Acosta v. FBI*, 946 F. Supp. 2d 47, 49–50 (D.D.C. 2013) ("In any event, were this Motion considered under the summary judgment standard, the result would be identical."); *Schoenman v. FBI*, No. 04-2202, 2006 WL 1582253, at *8 n.1 (D.D.C. June 5, 2006) ("[T]the Court will treat Defendants' motion

**B. Summary Judgment Standard**

"FOIA cases typically and appropriately are decided on motions for summary judgment." *Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009) (citing *Bigwood v. U.S. Agency for Int'l Dev.*, 484 F. Supp. 2d 68, 73 (D.D.C. 2007)). A court may grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material" fact is one capable of affecting the substantive outcome of the litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if there is enough evidence for a reasonable jury to return a verdict for the non-movant. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The principal purpose of summary judgment is to streamline litigation by disposing of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). The movant bears the initial burden of identifying portions of the record that demonstrate the absence of any genuine issue of material fact. *See* Fed. R. Civ. P. 56(c)(1); *Celotex*, 477 U.S. at 323. In response, the non-movant must point to specific facts in the record that reveal a genuine issue that is suitable for trial. *See Celotex*, 477 U.S. at 324. In considering a motion for summary judgment, a court must avoid "making credibility determinations," *Czekalski v. Peters*, 475 F.3d 360, 363 (D.C. Cir. 2007), and analyze all underlying facts and inferences in the light most favorable to the non-movant, *see Anderson*, 477 U.S. at 255.

Nevertheless, conclusory assertions offered without any evidentiary support do not establish a genuine issue for trial. *See Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999). "If

---

as either a Rule 12(b)(6) motion for failure to state a claim or as a motion for summary judgment under Rule 56—either treatment will generate the same legal conclusions."). That being said, analyzing the motion under Rule 12(b)(6) would preclude the Court from considering materials outside the pleadings, *see Acosta*, 946 F. Supp. 2d at 50, which would not be appropriate in a situation like this when both parties reference such materials.

the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (internal citation omitted). "In addition, the non-moving party cannot rely upon inadmissible evidence to survive summary judgment; rather, the non-moving party must rely on evidence that would arguably be admissible at trial." *Manuel v. Potter*, 685 F. Supp. 2d 46, 58 (D.D.C. 2010) (internal citations and quotation marks omitted).

## IV. ANALYSIS

### A. 2009 and 2010 FOIA Requests

Mr. Pinson's Corrected Second Amended Complaint, which is the most recent version of the original complaint, makes no mention of, and raises no objections to, his 2009 and 2010 FOIA requests to the CRD. (*See generally* Corr. 2d Am. Compl.) It is well established that once an amended complaint is filed, it supersedes the original complaint, thereby making the first complaint a "dead letter" devoid of any legal effect and making the new complaint the operative document moving forward. *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008); *see also Owens v. Republic of Sudan*, 412 F. Supp. 2d 99, 117 (D.D.C. 2006), *aff'd and remanded on other grounds*, 531 F.3d 884 (D.C. Cir. 2008) (same); 6 Charles A. Wright, Arthur R. Miller & Mary Kane, *Federal Practice and Procedure* § 1476 (3d ed. 2002) (same). As such, from that point on, the parties must direct any dispositive motions only at the allegations and causes of action included in the most recently filed complaint. *See Ohio River Valley Envtl. Coal., Inc. v. Timmermeyer*, 66 Fed. Appx. 468, 471 (4th Cir. 2003). Here, Mr. Pinson's exclusion of the 2009 and 2010 FOIA requests from the Corrected Second Amended Complaint results in those requests no longer being a part of this action as a matter of law. Accordingly, the Court denies as moot the DOJ's motion for summary judgment as to the 2009 and 2010 FOIA claims.[3]

---

[3] Alternatively, because Mr. Pinson did not respond to this portion of the DOJ's dispositive motion, the Court would be compelled to grant the motion as conceded even if the

**B. 2011 FOIA Request**

To prevail on a FOIA cause of action, the plaintiff first must establish that he made a FOIA request in accordance with the published rules for the agency from which he seeks the records. *See* 5 U.S.C. § 552(a)(3)(A); *Davis v. FBI*, 767 F. Supp. 2d 201, 204 (D.D.C. 2011). The plaintiff then must prove that the agency "improperly withheld" records in response to that request. *See* 5 U.S.C. § 552(a)(4)(B); *Roum v. Bush*, 461 F. Supp. 2d 40, 47 (D.D.C. 2006) (citing 5 U.S.C. § 552(a)(4)(B)) (noting that federal courts have jurisdiction to order the production of agency records only after the agency has "denied" the plaintiff's request for records). "It therefore follows that an agency's FOIA obligations are not triggered until a request has been received." *Trupei v. Bureau of Customs & Border Prot.*, No. 07-0475, 2008 WL 249878, at *1 (D.D.C. Jan. 29, 2008). As such, if an agency never received a plaintiff's FOIA request in accordance with its published rules, the agency is entitled to summary judgment as a matter of law. *See*, *Barouch v. DOJ*, 962 F. Supp. 2d 30, 48 (D.D.C. 2013) (citations omitted) ("Because there is no genuine dispute that … [the] Treasury did not receive a FOIA request from [the plaintiff], … the Court will grant [the] Treasury's motion for summary judgment.").

At the summary judgment stage, the plaintiff bears the burden of demonstrating a genuine dispute as to the receipt of his FOIA request by the agency. *See Schoenman v. FBI*, No. 04-2202, 2006 WL 1126813, at *13 (D.D.C. Mar. 31, 2006). When the agency offers a declaration stating that a search of its records failed to unearth any evidence of having received a specified FOIA

---

claims still were part of the case. *See Wilkins v. Jackson*, 750 F. Supp. 2d 160, 162 (D.D.C. 2010) ("It is well established that if a plaintiff fails to respond to an argument raised in a motion for summary judgment, it is proper to treat that argument as conceded."); *Sykes v. Dudas,* 573 F. Supp. 2d 191, 202 (D.D.C. 2008) ("when a party responds to some but not all arguments raised on a Motion for Summary Judgment, a court may fairly view the unacknowledged arguments as conceded."). Indeed, Mr. Pinson was warned of this consequence in the Court's *Fox*/*Neal* Order. *See* ECF No. 50.

request from the plaintiff, this declaration is entitled to "a presumption of good faith." *Trupei*, 2008 WL 249878, at *1 (quoting *Long v. DOJ*, 450 F. Supp. 2d 42, 54 (D.D.C. 2006)). In response to such a declaration, the plaintiff must provide something more than his own declaration to create a genuine issue of material fact as to the agency's receipt of the FOIA request. *See Carbe v. ATF*, No. 03-1658, 2004 WL 2051359, at *1, *8 (D.D.C. Aug. 12, 2004) (granting summary judgment for the government when the plaintiff only attached a copy of his FOIA request and attested that he mailed it to the government); *Ning Ye v. Holder*, 624 F. Supp. 2d 121, 124 (D.D.C. 2009) (dismissing claim when the plaintiff offered a letter from FedEx stating that a "M. Parris" signed for a certain parcel because the letter failed to "identify the shipper, the addressee, the parcel, or the relationship between 'M. Parris' and the unknown addressee"); *Antonelli v. Fed. Bureau of Prisons*, 591 F. Supp. 2d 15, 21, 26 (D.D.C. 2008) (granting the government's motion for summary judgment when the plaintiff only attached a copy of an "identical letter" that he allegedly sent to the BOP); *Trupei*, 2008 WL 249878, at *1 (dismissing complaint when the plaintiff only alleged that on a certain date, "he 'deposited' his FOIA request … into 'the institutional mail-box' at [his prison]"); *Schoenman v. FBI*, 2006 WL 1126813, at *10, *13 (granting summary judgment for the government when the plaintiff's attorney offered a declaration stating that he mailed the plaintiff's FOIA request but failed to provide a "a copy of a stamped envelope showing the mailing of the request or a returned receipt certifying the actual receipt of the request by the agency").

Here, as in the cases cited above, the agency offers a declaration attesting that it has no record of receiving Mr. Pinson's 2011 FOIA request. Further, Mr. Pinson offers no contradictory evidence even hinting at the fact that the CRD actually did receive this request. Indeed, unlike the plaintiff in *Ning Ye*, Mr. Pinson does not even *allege* in his declaration that the CRD *received*

the 2011 request. *Cf. Ning Ye*, 624 F. Supp. 2d at 124 (granting the government's motion to dismiss when the plaintiff contended that the agency "did actually receive [his] … FOIA Request"). Instead, Mr. Pinson merely attests that he gave the FOIA request to a prison counselor who agreed to mail the request to the CRD on his behalf, and he then speculates that mail processing "irregularities" at the prison may have prevented the FOIA request from reaching the CRD.

Mr. Pinson's allegations are akin to those that the Court rejected in *Trupei*, when the plaintiff similarly alleged only that on a certain date, "he 'deposited' his FOIA request … into 'the institutional mail-box' at [his prison]." *Trupei*, 2008 WL 249878, at *1. Such a fact, the Court concluded, was insufficient to create a genuine dispute as to the agency's receipt of the FOIA request in light of the agency's declaration that it had no record of receiving the request. Here, Mr. Pinson only attests that he attempted to mail a FOIA request to the CRD, and his evidence in no way indicates that the FOIA request actually was received by the CRD. Such evidence is insufficient to create a genuine dispute of material fact because it does not actually contradict the agency's declaration stating that it did not receive the request. Accordingly, the Court grants summary judgment in favor of the DOJ on this claim.[4]

## V. CONCLUSION

For the foregoing reasons, the Court denies as moot the DOJ's motion for summary judgment as to Mr. Pinson's 2009 and 2010 FOIA requests. In addition, the Court grants

---

[4] If Mr. Pinson still wishes to obtain information about complaints that were filed with the CRD regarding ADX Florence, he is free to "(re)submit [his FOIA request], ensure receipt, and properly begin the process anew." *Schoenman*, 2006 WL 1126813, at *13 n.2. If he does submit a request in accordance with the agency's rules, the Court encourages the CRD to expedite the processing of that request.

summary judgment for the DOJ as to Mr. Pinson's 2011 FOIA request. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: September 24, 2014                                        RUDOLPH CONTRERAS
                                                                                  United States District Judge