UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JEREMY PINSON, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.:   12-1872 (RC) |
| | : | |
| v. | : | Re Document No.:   66 |
| | : | |
| U.S. DEPARTMENT OF JUSTICE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

**GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT**

**I.  INTRODUCTION**

Jeremy Pinson is an inmate at MCFP Springfield, an administrative security federal medical center located in Missouri.  While in prison, Mr. Pinson filed Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, requests with several components of the U.S. Department of Justice ("DOJ").  In certain cases, the DOJ asked Mr. Pinson to clarify his records requests, told him that it could not find records that are responsive to his requests, or informed him that the records he sought were exempt from disclosure by law.  Mr. Pinson disagreed with some of these determinations, so he filed a complaint claiming that the DOJ improperly withheld numerous records from him in violation of FOIA.  In response, the DOJ filed nine pre-answer motions, each asking the Court to dismiss or grant summary judgment in its favor on different portions of Mr. Pinson's complaint.

This matter comes before the Court on the DOJ's motion to dismiss or for summary judgment on Mr. Pinson's two FOIA claims against the United States Marshals Service ("USMS").  *See* Def.'s Mot. Dismiss Summ. J., Mar. 26, 2014, ECF No. 66.  The DOJ argues

that it is entitled to summary judgment on Mr. Pinson's first claim because he failed to exhaust his administrative remedies before bringing this lawsuit. *See* Def.'s Mem. Supp. Dismiss Summ. J. 5-7, ECF No. 66-2. On the second claim, the DOJ argues it is entitled to summary judgment because a third party's signature on a requisite form is inauthentic, and that therefore responsive records are exempt from disclosure under exemption 7(C) of the Privacy Act. *See id.* at 7-9.

For the reasons explained below, the Court grants the DOJ's motion for summary judgment as to Mr. Pinson's first claim, but denies the DOJ's motion for summary judgment as to the second.

## II. FACTUAL BACKGROUND

### A. Request No. 2012USMS21333

On July 31, 2012, Mr. Pinson submitted FOIA Request No. 2012USMS21333 to the USMS for all information it maintains on Jamil Abdullah Al-Amin. *See* Bordley Decl. ¶ 2, ECF No. 66-3; Pinson Decl. ¶ 2, ECF No. 78. Mr. Pinson did not submit a DOJ Form 361, titled "Certification of Identity," signed by Mr. Al-Amin as part of this request. *See* Bordley Decl. ¶3; Pinson Decl. ¶ 4. After receiving the request, the USMS advised Mr. Pinson that it would close out the request until the USMS received Mr. Al-Amin's signed form. *See* Bordley Decl. ¶¶ 2-3. The USMS further advised Mr. Pinson that he could appeal this determination within 60 days. *Id.*

According to the USMS's records, Mr. Pinson never appealed its determination. *Id.* Mr. Pinson does not dispute this in either his response to the DOJ's motion or in his supporting declaration. *See* Pl.'s Resp. Def.'s Mot. Dismiss Summ. J. 1-2, ECF No. 78; Pinson Decl.

## B. Request No. 2012USMS21692[1]

By letter dated September 2, 2012, Mr. Pinson submitted FOIA Request No. 2012USMS21692 to the USMS for the "production of all information maintained . . . on Jamil Abdullah Al-Amin." *See* Bordley Decl. ¶ 5; Bordley Decl. Ex. B; Pinson Decl. ¶ 4. The USMS received the request on September 12, 2012. *See* Bordley Decl. ¶ 5. This second request included a DOJ Form 361 purportedly signed by Mr. Al-Amin ("Certification"). *See* Bordley Decl. ¶ 6; Pinson Decl. ¶ 4. The USMS examined the Certification and became concerned that Mr. Al-Amin's signature was inauthentic and that any responsive production would violate the Privacy Act. *See* Bordley Decl. ¶¶ 6-7; Bordley Decl. Ex. D.

To ensure that Mr. Pinson's request complied with the Privacy Act, on September 25, 2012, the USMS emailed Special Investigative Agent Diana Krist asking her to investigate and advise on whether Mr. Al-Amin's signature on the Certification was genuine. *See* Bordley Decl. ¶ 7; Bordley Decl. Ex. D. Agent Krist responded to the USMS by email on September 26, 2012, stating that "based on our files, the signature of inmate Al-Amin is not authentic." *See* Bordley Decl. ¶ 7; Bordley Decl. Ex. D. Agent Krist did not explain how she reached this conclusion. *See* Bordley Decl. Ex. D. By letter dated October 18, 2012, the USMS informed Mr. Pinson that it was denying his request based on Agent Krist's determination, and it advised Mr. Pinson of his right to appeal. *See* Bordley Decl. ¶ 9; Bordley Decl. Ex. E; Pinson Decl. ¶ 5.

---

[1] As the result of administrative error, the USMS's correspondence with Mr. Pinson regarding Request No. 2012USMS21692 erroneously referenced FOIA Request No. 2011USMS16705. *See* Def.'s Statement of Material Facts Not in Genuine Dispute as to the United States Marshals Service Claims 2 n.1, ECF No. 66-1. In its briefing, DOJ combined the two request numbers to refer to all correspondence relating to the second FOIA request. Here, for brevity, the Court uses only the original request number.

Mr. Pinson appealed the USMS's decision by letter dated October, 22, 2012. *See* Bordley Decl. ¶ 10; Pinson Decl. ¶ 5. Shortly thereafter,[2] on November 15, 2012, Mr. Pinson commenced this lawsuit claiming that the USMS improperly refused to produce information responsive to both of his requests. *See* Compl. 5, ECF. No. 1.

### III. LEGAL STANDARD

#### A. Analyzing the DOJ's Motion Under Rule 12(b)(6) or Rule 56

The DOJ moves for dismissal of Mr. Pinson's causes of action under Rule 12(b)(6) or, alternatively, for summary judgment under Rule 56. In general, exhaustion arguments in FOIA cases are analyzed under Rule 12(b)(6). *See, e.g.*, *Hidalgo v. FBI*, 344 F.3d 1256, 1260 (D.C. Cir. 2003) (vacating the district court's summary judgment order and remanding the case with instructions to dismiss the complaint under Rule 12(b)(6) on exhaustion grounds); *Jean-Pierre v. Fed. Bureau of Prisons*, 880 F. Supp. 2d 95, 100 n.4 (D.D.C. 2012) ("Although FOIA cases 'typically and appropriately are decided on motions for summary judgment,' where an agency argues that the requester has failed to exhaust his administrative remedies, courts analyze the matter under Rule 12(b)(6) for failure to state a claim." (citations omitted)). If, however, the defendant's motion references matters outside the pleadings, a court must treat the motion as one for summary judgment, not as one for dismissal based on failure to state a claim under Rule

---

[2] Mr. Pinson filed this suit 18 working-days after he dispatched his appeal regarding Request No. 2012USMS21692. Under 5 U.S.C. § 552(6)(A)(2) (2009), the USMS had 20 working-days from the date it received Mr. Pinson's appeal to make a determination. Accordingly, it is likely that Mr. Pinson had not yet exhausted his administrative remedies with respect to this request at the time he filed suit. While exhaustion of administrative remedies is a mandatory prerequisite to a FOIA suit, failure to exhaust is not a jurisdictional bar. *Wilbur v. C.I.A.*, 355 F.3d 675, 676 (D.C. Cir. 2004). Failure to exhaust is treated as an affirmative defense that a defendant waives when he does not raise it. *See, e.g.*, *Ramstack v. Dep't of Army*, 607 F. Supp. 2d 94, 104 (D.D.C. 2009) ("Because the failure to exhaust administrative remedies [under FOIA] is considered an affirmative defense, the defendants bear the burden of pleading and proving it." (internal quotation marks omitted)). Accordingly, because Defendants failed to raise a claim of premature filing in District Court as an exhaustion defense, this Court will not decide Mr. Pinson's second claim on exhaustion grounds.

12(b)(6).  *See* Fed. R. Civ. P. 12(d); *Colbert v. Potter*, 471 F.3d 158, 164 (D.C. Cir. 2006); *Yates v. District of Columbia*, 324 F.3d 724, 725 (D.C. Cir. 2003); *see also Rosenberg v. U.S. Dep't of Immigration & Customs Enforcement*, 956 F. Supp. 2d 32, 36-43 (D.D.C. 2013) (granting summary judgment for the government "on the grounds [that] the Plaintiff failed to exhaust his administrative remedies before seeking judicial review").

In this case, both the DOJ and Mr. Pinson refer to materials that are not part of the pleadings.  Specifically, the DOJ's motion relies on a declaration by William Bordley, who avers that Mr. Pinson never appealed the USMS's determination regarding the first request and explains how the USMS determined that Mr. Al-Amin's signature on the Certification was inauthentic.  *See* Bordley Decl. ¶¶ 3-9.  The DOJ's motion also references several exhibits to the Bordley Declaration, including copies of correspondence between the USMS and Mr. Pinson and USMS internal correspondence.  *See* Bordley Decl. Ex. A-F.  For his part, Mr. Pinson offers a declaration describing when and how Mr. Al-Amin completed the Certification.  *See* Pinson Decl. ¶¶ 4-5.  Under these circumstances, the Court will evaluate the DOJ's entire motion under the summary judgment standard.[3]

---

[3] It is possible that construing the DOJ's motion under Rule 12(b)(6) would make no difference in the end.  *Cf. Mendoza v. Perez*, No. 13-5118, 2014 WL 2619844, at *8 n.9 (D.C. Cir. June 13, 2014) ("The standard for resolution of these legal arguments is the same at the motion to dismiss stage as it is on a motion for summary judgment."); *Acosta v. FBI*, 946 F. Supp. 2d 47, 50 (D.D.C. 2013) ("In any event, were this Motion considered under the summary judgment standard, the result would be identical."); *Schoenman v. FBI*, No. 04-2202, 2006 WL 1582253, at *8 n.1 (D.D.C. June 5, 2006) ("[T]the Court will treat Defendants' motion as either a Rule 12(b)(6) motion for failure to state a claim or as a motion for summary judgment under Rule 56—either treatment will generate the same legal conclusions.").  That being said, analyzing the motion under Rule 12(b)(6) would preclude the Court from considering materials outside the pleadings, *see Acosta*, 946 F. Supp. 2d at 50, which would not be appropriate in a situation like this when both parties reference such materials.

## B. Summary Judgment Standard

"FOIA cases typically and appropriately are decided on motions for summary judgment." *Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009) (citing *Bigwood v. U.S. Agency for Int'l Dev.*, 484 F. Supp. 2d 68, 73 (D.D.C. 2007)). A court may grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material" fact is one capable of affecting the substantive outcome of the litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if there is enough evidence for a reasonable jury to return a verdict for the non-movant. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The principal purpose of summary judgment is to streamline litigation by disposing of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). The movant bears the initial burden of identifying portions of the record that demonstrate the absence of any genuine issue of material fact. *See* Fed. R. Civ. P. 56(c)(1); *Celotex*, 477 U.S. at 323. In response, the non-movant must point to specific facts in the record that reveal a genuine issue that is suitable for trial. *See Celotex*, 477 U.S. at 324.

In considering a motion for summary judgment, a court must avoid "making credibility determinations," *Czekalski v. Peters*, 475 F.3d 360, 363 (D.C. Cir. 2007), analyze all underlying facts and inferences in the light most favorable to the non-movant, and shall accept the nonmoving party's evidence as true, *see Anderson*, 477 U.S. at 255. Nevertheless, conclusory assertions offered without any evidentiary support do not establish a genuine issue for trial. *See Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (internal citation omitted). "In addition, the non-moving party cannot rely upon inadmissible

evidence to survive summary judgment; rather, the non-moving party must rely on evidence that would arguably be admissible at trial." *Manuel v. Potter*, 685 F. Supp. 2d 46, 58 (D.D.C. 2010) (internal citations and quotation marks omitted).

When an agency withholds records responsive to a FOIA request, the agency "bears the burden of proving the applicability of claimed exemptions." *ACLU v. U.S. Dep't of Def.*, 628 F.3d 612, 619 (D.C. Cir. 2011). "With respect to the applicability of exemptions . . . , summary judgment may be based solely on information provided in the agency's supporting declarations." *Nat'l Sec. Counselors v. CIA*, 960 F.Supp.2d 101, 133 (D.D.C. 2013) (citations omitted). "If an agency's [declaration] describes the justifications for withholding the information with specific detail, demonstrates that the information withheld logically falls within the claimed exemption," and "is not contradicted by contrary evidence in the record," then summary judgment may be warranted solely on the basis of the agency's declaration. *ACLU*, 628 F.3d at 619.

## IV.  ANALYSIS

### A. Request No. 2012USMS21333

The DOJ asserts that it is entitled to summary judgment as to Request No. 2012USMS21333, arguing that there is no genuine dispute regarding the material fact that Mr. Pinson failed to exhaust his administrative remedies. *See* Def.'s Mem. Supp. Dismiss Summ. J. 5-7. Mr. Pinson has failed to respond to this argument.

The DOJ filed its motion for summary judgment as to Mr. Pinson's claims against the USMS on March 26, 2014. The DOJ's motion included language warning Mr. Pinson that his failure to contradict the assertions in the DOJ's declaration and attachments could cause the Court to accept those assertions as true. *See* Def.'s Mot. Dismiss Summ. J. 1. On February 26, 2014, this Court issued a *Fox/Neal* Order, which also warned Mr. Pinson that his failure to

7

respond to the DOJ's motion could result in the motion being treated as conceded and his claims being dismissed.  *See* Fox/Neal Order, ECF No. 52.

Despite these warnings, Mr. Pinson did not respond to the argument that he failed to exhaust his administrative remedies with respect to Request No. 2012USMS21333.  In his opposition, Mr. Pinson identifies no material facts in dispute related to Request No. 2012USMS21333, and his arguments make no mention of Request No. 2012USMS21333.  *See* Pl.'s Resp. Def.'s Mot. Dismiss Summ. J.  Looking beyond Mr. Pinson's opposition to his supporting declaration, Mr. Pinson avers nothing suggesting that he disputes the DOJ's exhaustion argument.  *See* Pinson Decl.  Additionally, Mr. Pinson's response concludes by conceding that the DOJ's motion "must be [g]ranted in part, and denied as argued herein."  Pl.'s Resp. Def.'s Mot. Dismiss Summ. J. 2.

As a consequence, this Court finds that Mr. Pinson has effectively conceded that he failed to appeal the USMS's decision and thus failed to exhaust his administrative remedies regarding Request No. 2012USMS21333.  *See Wilkins v. Jackson*, 750 F. Supp. 2d 160, 162 (D.D.C. 2010) ("It is well established that if a plaintiff fails to respond to an argument raised in a motion for summary judgment, it is proper to treat that argument as conceded."); *Sykes v. Dudas*, 573 F. Supp. 2d 191, 202 (D.D.C. 2008) ("[W]hen a party responds to some but not all arguments raised on a Motion for Summary Judgment, a court may fairly view the unacknowledged arguments as conceded.").

Accordingly, this Court grants the DOJ's motion for summary judgment as to FOIA Request No. 2012USMS21333 because Mr. Pinson "failed to exhaust his administrative remedies before seeking judicial review."  *Rosenberg*, 956 F. Supp. 2d at 36-43.

**B. Request No. 2012USMS21692**

The DOJ next asserts it is entitled to summary judgment on Mr. Pinson's claim regarding Request No. 2012USMS21692 because responsive records are exempt under Section 7(C) of the Privacy Act.  *See* Def.'s Mem. Supp. Dismiss Summ. J. 7-9.  Section 7(C) exempts information compiled for law enforcement purposes from FOIA disclosure when the agency reasonably expects that disclosure would "constitute an unwarranted invasion of [a person's] privacy."  5 U.S.C. § 552(b)(7)(C) (2009).  Specifically, the DOJ argues that Mr. Al-Amin's signature on the Certification is inauthentic, and therefore that Section 7(C)'s exemption applies.  *See* Def.'s Mem. Supp. Dismiss Summ. J. 7-9.  The DOJ supports its contention that Mr. Al-Amin's signature on the Certification is false with the Bordley Declaration and its exhibits.  *Id.*

The DOJ made a similar argument when it sought summary judgment on Mr. Pinson's request to the DOJ's National Security Division ("NSD") for records related to Mr. Al-Amin. *See* Def.'s Mot. Dismiss Summ. J. 8-11, ECF No. 49-1.  There, as here, the NSD was concerned that Mr. Al-Amin's signature on the DOJ Form 361 that Mr. Pinson submitted with his request was not genuine.  *Id.*  This Court's Order denying summary judgment directed the DOJ to contact Mr. Al-Amin to determine whether his signature was authentic.  *See* Order, Sep. 30, 2014, ECF No. 116.  This Court also ordered that the DOJ submit briefing regarding the outcome of its investigation.  *Id.*

The DOJ submitted briefing detailing its investigation into the authenticity of Mr. Al-Amin's signature on October 27, 2014.  *See* Supplemental Br. Order Mot. Dismiss Summ. J., ECF No. 129.  The investigation revealed that Mr. Al-Amin's signature on the Certification of Identity Mr. Pinson supplied with his FOIA request to the NSD was genuine, and the Mr. Al-Amin authorized Mr. Pinson to receive his records.  *Id.* 2-3.  The DOJ provided a supporting declaration by Joseph Dunstone, Mr. Al-Amin's prison case manager, who appended an affidavit

9

signed by Mr. Al-Amin.  *See* Dunstone Decl., ECF No. 129-1; Dunstone Decl. Ex. A. Significantly, Mr. Al-Amin's affidavit stated not only that he signed the Certification with respect to the NSD request, but also that he signed the Certification Mr. Pinson submitted with the request to the USMS.  *See* Dunstone Decl. Ex. A.  In his declaration, Mr. Dunstone stated he showed this affidavit to Mr. Al-Amin, and Mr. Al-Amin confirmed that he had completed and signed it.  *See* Dunstone Decl. ¶ 4.  Mr. Dunstone also stated that he asked Mr. Al-Amin whether he would like Mr. Pinson to receive copies of records that pertain to him, and Mr. Al-Amin verified that he authorized Mr. Pinson to receive his records. *Id.* ¶ 5.

Additionally, Mr. Dunstone's Declaration appended two questionnaires that Mr. Dunstone prepared and that Mr. Al-Amin completed and signed during their meeting.  *See* Dunstone Decl. Ex. A.  The first questionnaire asked whether Mr. Al-Amin "completed and signed [the] affidavit."  *Id.*  The second questionnaire asked whether Mr. Al-Amin provided "[Mr.] Pinson with [certifications of identity] for the 10 FOIA requests listed in the affidavit," including the Certification Mr. Pinson submitted to the USMS.  *Id.*  Mr. Al-Amin handwrote "Yes" in response to both inquiries.  *Id.*

Generally, "[i]f an agency's [declaration] describes the justifications for withholding the information with specific detail, demonstrates that the information withheld logically falls within the claimed exemption, and is not contradicted by contrary evidence in the record . . . then summary judgment is warranted on the basis of the affidavit alone." [4]  *ACLU*, 628 F.3d at 619. Here, however, the DOJ's own submissions offer two contradictory versions of the facts. Specifically, the Bordley Declaration asserts that Mr. Al-Amin's signature on the Certification is inauthentic, while the Dunstone Declaration seems to establish that Mr. Al-Amin's signature is

---

[4]   Though the Court is required to consider the materials submitted by the parties, it may of its own accord consider "other materials on the record."  Fed. R. Civ. P. 56(c)(3).

10

authentic. *Compare* Bordley Decl. ¶¶ 6-9, *with* Dunstone Decl. ¶¶ 3-6. Accordingly, because the DOJ has submitted a declaration contradicting the evidence it relies on in its motion, summary judgment is not appropriate. The Court therefore denies the DOJ's motion for summary judgment as to FOIA Request No. 2012USMS21692.

## V.  CONCLUSION

For the foregoing reasons, the Court grants summary judgment for the DOJ as to Request No. 2012USMS21333 on the basis that Mr. Pinson failed to exhaust his administrative remedies before bringing suit. The Court denies the DOJ's motion for summary judgment as to Request No. 2012USMS21692 because the DOJ's assertion that Mr. Al-Amin's signature is inauthentic is contradicted by evidence in the record. The USMS is ordered to process the Plaintiff's FOIA Request No. 2012USMS21692 consistent with the new information obtained directly from Mr. Al-Amin. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: February 10, 2015                                       RUDOLPH CONTRERAS
                                                                United States District Judge