# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| JEREMY PINSON, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 12-1872 (RC) |
| | : | | |
| v. | : | Re Document No.: | 55 |
| | : | | |
| U.S. DEPARTMENT OF JUSTICE, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

### GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION
### FOR PARTIAL SUMMARY JUDGMENT

## I. INTRODUCTION

Jeremy Pinson currently is an inmate at MCFP Springfield, a federal prison located in

Missouri.  While in prison, Mr. Pinson has filed multiple Freedom of Information Act ("FOIA"),

5 U.S.C. § 552, requests with different components of the U.S. Department of Justice ("DOJ").

In certain cases, the DOJ has asked him to clarify his records requests, told him that it could not

find records that are responsive to his request, or informed him that the records he sought were

exempt from disclosure by law.  Mr. Pinson took issue with some of these determinations, so he

filed a complaint claiming that the DOJ improperly withheld numerous records from him in

violation of FOIA.  In response, the DOJ has filed several pre-answer motions, each asking the

Court to dismiss or grant summary judgment in its favor on different portions of Mr. Pinson's

complaint.

Now before the Court is the DOJ's motion for partial summary judgment as to Mr.

Pinson's FOIA claims regarding the DOJ's Civil Division.  Specifically, Mr. Pinson alleges that

the Civil Division refused to produce records in response to FOIA requests that he submitted in

2010 (Request No. 145-FOI-10314) and 2011 (Request No. 145-FOI-10573).  The DOJ argues that it is entitled to summary judgment on these FOIA causes of action because the Civil Division properly withheld documents related to Request No. 145-FOI-10314 and correctly refused to conduct an unreasonably burdensome search in response to Request No. 145-FOI-10573.

For the reasons explained below, the Court will grant in full the DOJ's motion for summary judgment as to Request No. 145-FOI-10314.  The Court, however, will deny the DOJ's motion for summary judgment as to Request No. 145-FOI-10573 because the agency has failed to meet its burden of providing a sufficient explanation for why Mr. Pinson's request would be unreasonably burdensome.

## II.  FACTUAL BACKGROUND

### A. Request No. 145-FOI-10314

In a letter dated September 5, 2010, Mr. Pinson mailed a FOIA request (Request No. 145-FOI-10314) to the Civil Division, seeking "[a]ny documents, records, or electronic messages containing the name or making reference to Jeremy Vaughn Pinson, which were generated after April 2007."  Pinson Letter Ex. A, Sept. 5, 2011, ECF No. 55-4.  The Civil Division responded on October 28, 2010, advising Mr. Pinson that the Civil Division located one hundred and seventy-three pages responsive to his request, but that it would only release eighty-nine pages because the remaining eighty-four pages were withheld under 5 U.S.C. § 552(b)(5) due to the nature of the documents.  *See* Kovakas Decl. ¶ 4.  Mr. Pinson appealed the Civil Division's decision to withhold the remaining eighty-four pages.  *See id.* ¶ 5.  On appeal, the Civil Division reviewed its prior decision and discovered that ninety-six pages had been withheld, not eight-four.  The Civil Division released thirty-six of those ninety-six pages and continued to withhold

fifty-three pages.[1]  *See id.*  The Civil Division sent Mr. Pinson a letter, dated July 30, 2013,

informing him that further review revealed additional responsive documents that were processed

subsequent to his initial request.  *See* DOJ Letter Ex. D, July 30, 2013, ECF No. 55-7.  The Civil

Division released to Mr. Pinson another thirty-two pages; eleven of the thirty-two pages were

partially redacted in order to remove the name and personal contact information of a paralegal.

*See id.*  In total, the Civil Division continues to withhold eighty-four pages in their entirety and

eleven pages in part that are responsive to Mr. Pinson's initial request.  *See id.*

### B. Request No. 145-FOI-10573

Mr. Pinson submitted a second FOIA request (Request No. 145-FOI-10573) to the Civil

Division, by letter dated April 20, 2011, for "all settlement agreements entered into, or involving,

the Bureau of Prisons arising from civil litigation challenging the conditions, or conduct of staff,

at the U.S. Penitentiary Administrative Maximum at Florence, Colo[rado]."  Pinson Letter Ex. B,

Apr. 20, 2011, ECF No. 55-5.  Because of the broad scope of the request and the nature of the

Civil Division's records system, the Civil Division believed Mr. Pinson's request required an

unreasonable amount of effort to conduct a search for responsive records.  *See* Kovakas Decl. ¶¶

8, 12.  The Civil Division sent a letter, dated May 17, 2011, notifying Mr. Pinson of its refusal to

conduct the search and inviting Mr. Pinson to narrow the scope of his request or to provide

additional information that would allow a search to be conducted with a reasonable amount of

effort.  *See id.*  Mr. Pinson appealed the Civil Division's refusal to conduct the search, but the

Office of Information Policy affirmed the refusal on the basis that the retrieval of the requested

---

[1]      Within the newly discovered documents, seven pages, originated by other DOJ and
government agencies, were referred to those agencies for review.  *See* Kovakas Decl. ¶ 5.  The
government has stated that it understands that these pages were released to plaintiff in full, Def.'s
Mem. in Supp. of Mot. for Partial Summ. J. at 3, ECF No. 55-1, and plaintiff has not disputed
that assertion.

information "would require [the Civil Division] to conduct an unreasonably burdensome search."

DOJ Letter Ex. E, Sep. 19, 2011, ECF No. 55-8.  The Office of Information Policy advised that

"the Civil Division does not catalog its cases in such a way that it would be able to search for

civil litigation pertaining to a particular [Federal Bureau of Prisons ("BOP")] facility," and it

encouraged Mr. Pinson to submit a request to the BOP for the desired information.  *Id.*

### III.  LEGAL STANDARD

### A. Summary Judgment Standard

The DOJ moves for summary judgment pursuant to Fed. R. Civ. P. 56.  "FOIA cases

typically and appropriately are decided on motions for summary judgment."  *Defenders of*

*Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009) (citing *Bigwood v. U.S.*

*Agency for Int'l Dev.*, 484 F. Supp. 2d 68, 73 (D.D.C. 2007)).  A court may grant summary

judgment when "the movant shows that there is no genuine dispute as to any material fact and

the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A "material" fact is

one capable of affecting the substantive outcome of the litigation.  *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 248 (1986).  A dispute is "genuine" if there is enough evidence for a

reasonable jury to return a verdict for the non-movant.  *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The principal purpose of summary judgment is to streamline litigation by disposing of

factually unsupported claims or defenses.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24

(1986).  The movant bears the initial burden of identifying portions of the record that

demonstrate the absence of any genuine issue of material fact.  *See* Fed. R. Civ. P. 56(c)(1);

*Celotex*, 477 U.S. at 323.  In response, the non-movant must point to specific facts in the record

that reveal a genuine issue that is suitable for trial.  *See Celotex*, 477 U.S. at 324.  In considering

a motion for summary judgment, a court must avoid "making credibility determinations,"

*Czekalski v. Peters*, 475 F.3d 360, 363 (D.C. Cir. 2007), and analyze all underlying facts and inferences in the light most favorable to the non-movant, *see Anderson*, 477 U.S. at 255.

Nevertheless, conclusory assertions offered without any evidentiary support do not establish a genuine issue for trial. *See Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (internal citation omitted). "In addition, the non-moving party cannot rely upon inadmissible evidence to survive summary judgment; rather, the non-moving party must rely on evidence that would arguably be admissible at trial." *Manuel v. Potter*, 685 F. Supp. 2d 46, 58 (D.D.C. 2010) (citations omitted) (internal quotation marks omitted).

## IV.  ANALYSIS

### A. Request No. 145-FOI-10314

The DOJ argues that it is entitled to summary judgment as to Request No. 145-FOI-10314 because there is no genuine dispute of material fact that the Civil Division conducted an adequate search and properly withheld documents under applicable FOIA exemptions. The Civil Division withheld eighty-four pages under 5 U.S.C. § 552(b)(5)[2] to protect attorney work product, pre-decisional deliberative process communications, and attorney-client privileged communications. *See* Kovakas Decl. ¶ 14. The Civil Division withheld eleven pages in part under 5 U.S.C. § 552(b)(6)[3] to prevent disclosing the personal contact information of a paralegal. *See id.* at ¶ 21.

---

[2]    Exemption(b)( 5) protects from disclosure inter-agency and intra-agency memoranda or letters legally unavailable to an adversarial party.  5 U.S.C. § 552(b)(5).

[3]    Exemption (b)(6) permits the withholding of documents where disclosure would be an unwarranted invasion of personal privacy.  5 U.S.C. § 552(b)(6).

The DOJ filed its motion for partial summary judgment as to the two Civil Division FOIA requests on March 12, 2014.  Included in the DOJ's motion was language warning Mr. Pinson that his failure to contradict the assertions in the DOJ's declaration and attachments could cause the Court to accept those assertions as true.  *See* Def.'s Mot. for Partial Summ. J. at 1, ECF No. 55.  On March 13, 2014, this Court issued a *Fox/Neal* Order, which also warned Mr. Pinson that his failure to respond to the DOJ's motion could result in the motion being treated as conceded and his claims being dismissed.  *See* ECF No. 57.  Rather than respond to the DOJ's arguments regarding Request No. 145-FOI-10314, Mr. Pinson abandoned his claim, focusing his response entirely on Request No. 145-FOI-10573.  Mr. Pinson, in fact, concluded that the DOJ is entitled to summary judgment on his claim concerning Request No. 145-FOI-10314.  *See* Pl.'s Opp'n to Mot. for Partial Summ. J. at 3.

As a consequence, this Court finds that Mr. Pinson has conceded that the Civil Division conducted an adequate search relating to Request No. 145-FOI-10314 and properly withheld a number of responsive documents under the applicable FOIA exemptions.  *See Wilkins v. Jackson*, 750 F. Supp. 2d 160, 162 (D.D.C. 2010) ("It is well established that if a plaintiff fails to respond to an argument raised in a motion for summary judgment, it is proper to treat that argument as conceded."); *Sykes v. Dudas*, 573 F. Supp. 2d 191, 202 (D.D.C. 2008) ("[W]hen a party responds to some but not all arguments raised on a Motion for Summary Judgment, a court may fairly view the unacknowledged arguments as conceded.").[4]

Accordingly, this Court grants the DOJ's motion for partial summary judgment as to FOIA Request No. 145-FOI-10314.

---

[4]     Despite the fact that plaintiff conceded the issue, the Court must note that although the government withheld the name of the paralegal pursuant to Exemption (b)(6), it appears to have disclosed the name in its publicly filed *Vaughn* index.

**B. Request No. 145-FOI-10573**

The DOJ argues that the overly broad nature of Mr. Pinson's request prevents the Civil Division from relying on their index system and would force it to conduct a manual search of all its files that would be unreasonably burdensome.  Mr. Pinson, however, argues that the DOJ should be denied summary judgment because it provided a cursory and inadequate description of why his requested search would be unreasonably burdensome to the Civil Division.  The Court agrees with Mr. Pinson and will not grant summary judgment for the DOJ as to Request No. 145-FOI-10573 because the agency failed to sufficiently describe why the search would be unreasonably burdensome.

The DOJ argues that Mr. Pinson's request lacked specificity and did not align with the manner in which the Civil Division's record system is indexed, making the requested search unreasonably burdensome.  *See* Kovakas Decl. ¶ 12.  The DOJ cites a number of cases to support its position that the limitations of its own record system may shield the agency from its statutory duty to conduct Mr. Pinson's requested search.  These cases, however, are distinguishable from the present case.  Although the DOJ cites *Blakey v. DOJ*, 549 F. Supp. 362, 366-67 (D.D.C. 1996), for the proposition that "FOIA was not intended to compel agencies to become ad hoc investigators for requesters whose requests are not compatible with their own information retrieval systems," the agency in *Blakey* "conducted not one, but two, searches to comply with [the] plaintiff's request" and "released those documents responsive to the request which its index search discovered."  549 F. Supp. at 367.  Similarly, in *Greenberg v. Department of Treasury*, the agency was unable to conduct the search as "written" because it was of such specific nature that it required "extensive research cross-indexing particular bits of information to specific events, incidents, or activities."  10 F. Supp. 2d 3, 13 (D.D.C. 1998).  Instead, the agency conducted a broader search and produced a total of 326 responsive documents, which led this Court to find

the agency had "met its burden to demonstrate that it ha[d] thoroughly searched for the requested documents where they might reasonably be found." *Id.*  In *Blakey* and *Greenberg*, despite the agencies' best efforts to comply with the requests, the plaintiffs were unsatisfied with the results of the agencies' searches, which were limited due to the respective agencies' records systems. *See Blakey*, 549 F. Supp. at 366; *Greenberg*, 10 F. Supp. 2d at 13.  In this case, unlike in *Blakey* and *Greenberg*, the DOJ has made no effort to conduct a search that is either broader or narrower than Mr. Pinson's requested search, which the DOJ simply contends is incompatible with their record system and, therefore, unreasonably burdensome.

The D.C. Circuit has held that it is the agency's burden, when claiming a search to be unreasonably burdensome, to "provide sufficient explanation as to why such a search would be unreasonably burdensome."  *Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 892 (D.C. Cir. 1995) (ordering this Court to require the agency to submit further affidavits explaining why a search for a dated memorandum would be unreasonably burdensome).  "Courts often look for a detailed explanation by the agency regarding the time and expense of a proposed search in order to assess its reasonableness."  *Wolf v. CIA*, 569 F. Supp. 2d 1, 9 (D.D.C. 2008) (finding a search of microfilm that would take an estimated 3675 hours and cost $147,000 to be unreasonably burdensome); *see also Ayuda, Inc. v. Fed. Trade Comm'n*, No. 13-cv-1266, 2014 WL 4829574, at *17 (D.D.C. Sept. 30, 2014) (holding an agency's affidavits must show with "reasonable specificity" why further segregation of documents, properly withheld under FOIA exemptions, would be unreasonably burdensome); *Pub. Citizen, Inc. v. Dep't of Educ.*, 292 F. Supp. 2d 1, 6 (D.D.C. 2003) (rejecting agency's claim that requested search was unreasonably burdensome "[w]ithout more specification as to why a search certain to turn up responsive documents would be unduly burdensome").  Where an agency has provided a good faith estimate of the excessive

8

amount of time required to complete a search that it feels is unreasonably burdensome, this Court

has upheld the agency's refusal to conduct the requested search.  *See Ayuda*, 2014 WL 4829574,

at *17 (holding as unreasonably burdensome an estimated 8000 hours of labor to manually redact

millions of consumer complaints).  But where an agency vaguely characterizes a search as

"costly" and notes that such a search would "take many hours to complete," this Court has

rejected the agency's claim as inadequate in explaining why the search would be unreasonably

burdensome.  *See Pub. Citizen*, 292 F. Supp. 2d at 6.  The agency in *Public Citizen*, much like

the Civil Division here, asserted that responsive documents could not be found "without pulling

individual files, and manually reviewing [25,000 paper files] individually."  292 F. Supp. 2d at 6.

And although the agency also asserted that it "would need to send files from Texas to California,

or employees from California to Texas, to complete the search," the Court found the agency's

explanation lacked specificity as to why the search, certain to uncover the requested documents,

would be unreasonably burdensome and rejected the agency's claim.  *Id.*

  Here, the DOJ has provided a declaration, which states that all Civil Division files would

need to be searched in order to locate documents responsive to Mr. Pinson's request and that

"[s]uch a search would constitute an unreasonable and burdensome effort . . . not required under

[FOIA]."  Kovakas Decl. ¶ 13.  The DOJ, however, offers no estimate of the time required to

conduct Mr. Pinson's requested search, the cost of such a search, or the number of files that

would have to be manually searched.  Moreover, the DOJ fails to explain why a more limited

search would be unfruitful or whether other parts of the Civil Division might have easier access

to, at least, some of the requested information.  The Court is unable to grant summary judgment

to the government without knowing, at the very least, the number of Civil Division files the DOJ

would have to search or the amount of time that would be required to locate documents

responsive to Mr. Pinson's request.  Because the DOJ has not met its burden to "provide a

sufficient explanation as to why [Mr. Pinson's] search would be unreasonably burdensome," a

grant of summary judgment would be inappropriate.  *Nation Magazine*, 71 F.3d at 892.[5]

## V.  CONCLUSION

For the foregoing reasons, the Court grants summary judgment for the DOJ as to Request

No. 145-FOI-10314 but denies the DOJ summary judgment as to Request No. 145-FOI-10573,

which seeks copies of all settlement agreements entered into or involving the BOP arising from

civil litigation challenging the conditions or conduct of staff at the U.S. Penitentiary

Administrative Maximum at Florence, Colorado.  An order consistent with this Memorandum

Opinion is separately and contemporaneously issued.


Dated: February 23, 2015                                          RUDOLPH CONTRERAS
                                                                            United States District Judge

---

[5]      The DOJ's declaration raises more questions than it answers. Given the nature of the
request, responsive records might reasonably be located in the Torts Branch (if FTCA/*Bivens*
case) or the Federal Programs Branch (if APA case). Was anyone at these places contacted? Do
they keep a file of settlements separate from the computerized system? Do they recall from
memory any such cases? Additionally, the requested information would reasonably be expected
to be found in files pertaining to cases filed in the District of Columbia or the District of
Colorado involving claims in which the client agency is the DOJ or BOP. Can the computerized
system be queried according to the District in which the case was filed or the client agency? If
so, how many files would result in such a narrowed search? In short, the Court is not convinced
by the extremely limited information provided and is skeptical that more could not have been
done.