**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JEREMY PINSON,                                    :
                                                  :
     Plaintiff,                               :          Civil Action No.:        12-1872 (RC)
                                                  :
     v.                                       :          Re Document No.:        126
                                                  :
U.S. DEPARTMENT OF JUSTICE, *et. al*,             :
                                                  :
     Defendants.                              :

<u>MEMORANDUM & ORDER</u>

Denying as Moot Drug Enforcement Administration's
Renewed Motion for Summary Judgment

*Pro se* Plaintiff Jeremy Pinson is currently an inmate at ADX Florence, a federal prison

located in Colorado. While in prison, Mr. Pinson sent numerous Freedom of Information Act

("FOIA") requests to various federal agencies. Dissatisfied with several agencies' responses to

his requests, Mr. Pinson filed a lengthy complaint in this Court against numerous agencies under

the Department of Justice ("DOJ") umbrella. *See generally* Corr. 2d. Am. Compl., ECF No. 32.

At issue here is Mr. Pinson's claim against the Drug Enforcement Administration ("DEA")

alleging FOIA violations with regard to his request for records on Ismael Guzman (Request No.

12-0429-F). *See id.* at 10; *see generally* Def.'s Mot. Dismiss Summ. J., ECF No. 45.

In its motion for summary judgment, the DOJ based its refusal to conduct a search for

records sought in Request No. 12-0429-F on the grounds that Mr. Pinson failed to exhaust his

administrative remedies relating to the request, that the request "did not contain a reasonable

description" of the records sought and therefore did not constitute a "proper" request, and that

the Certificate of Identity provided by Plaintiff for the release of records relating to Mr. Guzman

was of "questionable validity." *See* Def.'s Mot. Dismiss Summ. J. at 5, 7-8, ECF No. 45.

In denying summary judgment as to Request No. 12-0429-F, this Court rejected the DOJ's contention that Plaintiff's action was barred due to failure to exhaust administrative remedies and found that the request "reasonably described" the records sought. *See Pinson v. Dep't of Justice*, No. 12-1872, 2014 WL 4825855 at *6, *8 (Sept. 30, 2014). Still, the Court ordered supplemental briefing on the issue of the Guzman certification's authenticity, instructing the DOJ to "contact Mr. Guzman to determine whether he signed the Certification of Identity and consented to the release of his information to Mr. Pinson in connection with FOIA Request No. 12-0429-F." *See id.* at *9.

Now before the Court is the DOJ's response to the Court's order for supplemental briefing, which contains a renewed motion for summary judgment as to the DEA. *See generally* Def.'s Response to Court Order [] For Supplemental Briefing, ECF No. 126. The DOJ states in its motion and attached declaration that after reviewing a copy of the Certification of Identity for authentication purposes, "[Mr.] Guzman advised… that he did not sign the Certificate of Identity and that it was not his signature." *See* Demeo Decl. ¶ 3-4, ECF No. 126-1. He further stated that "inmate Jeremy Pinson…is not authorized to receive [my] documents." *Id.* at ¶5.

The Court accepts Defendant's declaration and concludes that Mr. Guzman never signed the authorization in the first place, or has since withdrawn his authorization.[1] Even if Mr. Pinson's claim that he saw Mr. Guzman sign the Certificate of Identity form is true, the declaration makes clear that any prior authorization has since been withdrawn, and no dispute of fact remains.

But this does not end the matter. The Court notes that despite not having Mr. Guzman's consent to release his records, the DEA was still required to process Mr. Pinson's request under

---

[1]     While the Court acknowledges Mr. Pinson's evidentiary objections to the declaration, *see* ECF No. 135, it remains satisfied with the evidence presented.

FOIA. The DEA has never done so because it asserted that the request did not adequately

describe the records sought – a notion that Court previously rejected. *See Pinson,* No. 12-1871 at

*5. The DEA has also failed to adequately justify withholding any such records under the FOIA

personal privacy exception or otherwise. Nevertheless, because the Court accepts Mr. Pinson's

statement in his Reply brief that "he will not pursue [this] claim further if Mr. Guzman has

changed his mind," *see* Pl.s's Reply, ECF No. 135, the DEA will not be required to pursue this

course of action, and the Court will deny this motion as moot in light of Mr. Pinson's decision to

abandon his claim regarding Request No. 12-0429-F.

It is hereby **ORDERED** that Defendant's renewed motion for summary judgment (ECF

No. 126) is **DENIED AS MOOT**.

**SO ORDERED**.

Dated:  May 15, 2015                                              RUDOLPH CONTRERAS
                                                                 United States District Judge