**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| JEREMY PINSON, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 12-01872 (RC) |
| | : | | |
| v. | : | Re Document No.: | 187 |
| | : | | |
| UNITED STATES DEP'T OF STATE, *et al.* | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

**GRANTING DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT**

**I.  INTRODUCTION**

*Pro se* Plaintiff Jeremy Pinson is currently an inmate at ADX Florence, a federal prison located in Colorado.  While in Prison, Mr. Pinson has filed multiple Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, requests with different components of the U.S. Department of Justice ("DOJ").  On several occasions, the DOJ has asked Mr. Pinson to clarify his records requests, told him that it could not find records that are responsive to his requests, or informed him that the records he sought were exempt from disclosure by law.  Mr. Pinson took issue with some of these determinations, so he filed a complaint claiming that the DOJ improperly withheld numerous records from him in violation of FOIA.  In response, the DOJ filed several pre-answer motions, each asking the Court to dismiss or grant summary judgment in its favor on different portions of Mr. Pinson's complaint.

On March 12, 2014, the DOJ moved the Court for partial summary judgment as to FOIA Request Numbers 145-FOI-10314 and 145-FOI-10573, both directed to DOJ's Civil Division. The Court granted Defendants' motion with respect to Request Number 145-FOI-10314, but

denied the motion with respect to Request Number 145-FOI-10573, reasoning that the Civil Division failed to sufficiently describe why the search would be unreasonably burdensome.  On March 19, 2015, Defendants filed a renewed motion for partial summary judgment addressing Request Number 145-FOI-10573, which is now before the Court.  For the reasons stated below, the Court grants the motion.

## II.  FACTUAL BACKGROUND

By letter dated April 20, 2011, Mr. Pinson made a FOIA request (Request Number 145-FOI-10573) to the Civil Division requesting copies of "all settlement agreements entered into, or involving, the Bureau of Prisons arising from civil litigation challenging the conditions, or conduct of staff, at the U.S. Penitentiary Administrative Maximum at Florence, Colo[rado]."  Pinson Letter, ECF No. 187-1 at 5.  The request also instructed that Defendants "not use more than 2 hours search time when processing this request and . . . not produce more than 100 pages of information."  *Id.*

Because of the broad scope of the request and the nature of the Civil Division's records system, the Civil Division believed that Mr. Pinson's request required an unreasonable amount of effort to conduct a search for responsive records.  *See* Defs.' Statement of Facts ("SOF") ¶ 2, ECF No. 187 (citing Kovakas 1st Decl. ¶¶ 8, 12, ECF No. 55-3).  The Civil Division sent a letter dated May 17, 2011, notifying Mr. Pinson of its refusal to conduct the search and inviting Mr. Pinson to narrow the scope of his request or to provide additional information that would allow a search to be conducted with a reasonable amount of effort.  *See id.*  The letter explained to Mr. Pinson that "the broad scope of this . . . request did not allow . . . a search for records responsive to his request with a reasonable amount of effort as required by DOJ regulations at 28 C.F.R. § 16.3(b)."  Kovakas 1st Decl. ¶ 8.  It also informed Mr. Pinson that if the Civil Division did not

receive a response to its letter within 10 business days, it would close the request. *Id.* The Civil Division did not receive any response from Mr. Pinson to the May 17, 2011 letter, and it closed the request. *Id.*

By letter dated May 30, 2011, Mr. Pinson administratively appealed the Civil Division's decision, which was subsequently reviewed by DOJ's Office of Information Policy. *Id.* at ¶ 9. The Office of Information Policy ("OIP") affirmed DOJ's refusal, reasoning that the retrieval of the requested information "would require [the Civil Division] to conduct an unreasonably burdensome search." OIP Letter, Sept. 19, 2011, Def.'s Ex. E, ECF No. 55-8. OIP advised that "the Civil Division does not catalog its cases in such a way that it would be able to search for civil litigation pertaining to a particular [Federal Bureau of Prisons ("BOP")] facility," and it encouraged Mr. Pinson to submit a request to the BOP for the desired information. *Id.* Mr. Pinson instead filed this lawsuit, alleging that the Civil Division's refusal to conduct a search and produce responsive documents violated FOIA.

On March 12, 2014, Defendants moved for partial summary judgment with respect to Mr. Pinson's FOIA Request Numbers 145-FOI-10314 and 145-FOI-10573. *See* Defs.' 1st Mot. Summ. J., ECF No. 55. Although the Court granted the motion with respect to Request Number 145-FOI-10314, it denied summary judgment with respect to Request Number 145-FOI-10573. *See* Mem. Op., Feb. 23, 2015, ECF No. 169. The Court reasoned that Defendants "failed to sufficiently describe why the search would be unreasonably burdensome." *Id.* at 7. The Court explained that Defendants had not offered any "estimate of the time required to conduct Mr. Pinson's requested search, the cost of a search, or the number of files that would have to be searched," nor had it "explain[ed] why a more limited search would be unfruitful or whether

other parts of the Civil Division might have easier access to, at least, some of the requested information." *Id.* at 9.

On March 19, 2015, Defendants renewed their motion for partial summary judgment as to FOIA Request Number 145-FOI-10573, which is now before the Court. Defendants have provided a detailed declaration in support of their position that the search would be too burdensome, including estimates of the cost and time required to perform an appropriate search. *See* Defs.' 2nd Mot. Partial Summ. J., ECF No. 187 at 10–11. In response, Mr. Pinson argues that Defendants' motion for summary judgment must be denied because the estimated cost of the requested search was "manufactured" and could potentially be reduced if the DOJ took "common sense steps" and sought input from local U.S. Attorneys. *See* Pl.'s Resp. Mot. Partial Summ. J. ("Pl.'s Resp."), ECF No. 205 at 2–3. Mr. Pinson also argues that he is entitled to amend his FOIA request to include a fee waiver request, because he is a "writer for Prison Legal News and the San Francisco Bay View Newspaper," who is "operating on a non-profit basis and will receive no commercial benefit from the dissemination of the information." *Id.* at 2.

### III.  ANALYSIS

#### A.  Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (1) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (2) showing that the materials cited do not establish the absence or presence of a

genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c). However, the mere existence of a factual dispute, by itself, is insufficient to bar summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* Conclusory assertions offered without any factual basis in the record cannot create a genuine dispute. *See Ass'n of Flight Attendants-CWA v. U.S. Dep't of Transp.*, 564 F.3d 462, 465-66 (D.C. Cir. 2009). "FOIA cases typically and appropriately are decided on motions for summary judgment." *ViroPharma Inc. v. Dep't. of Health & Human Servs.*, 839 F. Supp. 2d 184, 189 (D.D.C. 2012).

## B.  Request Number 145-FOI-10573

Defendants argue that the Civil Division reasonably refused to conduct a search in response to request number 145-FOI-10573, because the request was overly broad and would have required an unreasonably burdensome search. Mr. Pinson argues that Defendants should be denied summary judgment because Defendants' estimate of cost needed for the requested search did not account for simple approaches to obtain the information requested, like sending emails to the U.S. Attorney's Office for the District of Colorado. Although the Court agrees that Defendants' explanation is still lacking in some respects, the Court concludes that Defendants have sufficiently established that they cannot conduct a reasonable search within the two-hour time limit imposed by Mr. Pinson.

In its previous memorandum opinion, this Court explained that it denied Defendants' motion because they "failed to sufficiently describe why the search would be unreasonably burdensome." Mem. Op. at 7. Indeed, Defendants failed to offer any estimate of the time required to conduct Mr. Pinson's requested search, the cost of such a search, or the number of

files that would have to be manually searched. *See generally* Defs.' 1st Mot. Partial Summ. J. In the renewed motion, however, Defendants explained that a search of the Civil Division case file database identified "more than 29,920 cases relating to BOP civil litigation." Defs.' 2nd Mot. Partial Summ. J. at 10. Because the database does not contain "indexes or codes that would permit the identification and selection of case files that might contain the settlement agreements," the only way that Civil Division could respond to Mr. Pinson's request is to search all of the identified files. *Id.* (citing Kovakas 1st Decl. ¶ 12). Defendants argue that this would require the Civil Division to expend 44,886 hours and $1,256,808, which is grossly disproportionate and in contravention of Mr. Pinson's instruction not to "use more than 2 hours search time when processing [his] request." *Id.* at 11 (citing Kovakas Suppl. Decl. ¶ 5). From these facts it is clear that requiring the Civil Division to perform a responsive search of its case file database would be unduly burdensome. *Cf. Wolf v. CIA*, 569 F. Supp. 2d 1, 9 (D.D.C. 2008) (finding a search of microfilm that would take an estimated 3675 hours and cost $147,000 to be unreasonably burdensome).

Mr. Pinson argues that Defendants' explanation is still insufficient because there may be less burdensome ways to conduct a responsive search. Specifically, Mr. Pinson notes that Defendants have "failed to explain why the search could not be reduced by simply emailing the district involved to seek input from local U.S. Attorneys on any cases they can quickly recall were settled." *See* Pl.'s Response at 3. This Court noted in its prior Memorandum Opinion that Defendants had "made no effort to conduct a search that is either broader or narrower than Mr. Pinson's requested search." Mem. Op. at 8. In their renewed motion, however, Defendants have come forward to explain that even a database search restricted to the District of Colorado would take over 1,300 hours and cost more than $36,000. *See* Kovakas Suppl. Decl. ¶ 5.

Although Mr. Pinson argues that contacting U.S. Attorneys could reduce the scope of the search, he has provided no authority to suggest that the Civil Division bears the burden under FOIA of soliciting information from other DOJ components in an effort to narrow an otherwise unduly burdensome search.[1]  *See* Pl.'s Response at 3.  Moreover, it is highly unlikely that even the type of search that Mr. Pinson suggests could be accomplished within the two-hour limit he imposed.[2]

Mr. Pinson's final argument is that he is entitled to amend his request and to obtain a fee waiver.  *See* Pl.'s Response at 2-3.  Mr. Pinson, however, never sought to amend his request or to obtain a fee waiver from the agency.  Under FOIA, courts review *de novo* an agency's decision to deny a fee waiver request, looking only at the administrative record available at the time of decision.  *See Jarvik v. CIA*, 495 F. Supp. 2d 67, 70–71 (D.D.C. 2007) (citing 5 U.S.C. § 552(a)(4)(A)(vii)).  Because no record of a fee waiver request exists here, however, there is nothing to review.  Accordingly, Mr. Pinson's claim that he should have received a fee waiver cannot be raised for the first time in opposition to a dispositive motion, and it provides no basis for denying Defendants' motion for summary judgment.  *See Hidalgo v. FBI*, 344 F.3d 1256, 1258–59 (D.C. Cir. 2003) (finding that failure to exhaust administrative remedies precluded judicial review because the agency "had no opportunity to consider the very issue that [the plaintiff] has raised" in court); *see also Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 66 (D.C.

---

[1] Under DOJ's FOIA regulations, "[t]he Department has a decentralized system for responding to FOIA requests, with each component designating a FOIA office to process records from that component," so "[t]o make a request for records of that Department, a requester should write directly to the FOIA office of the component that maintains the records being sought."  *See* 28 C.F.R. § 16.3(a)(1).  The U.S. Attorney's Offices are a separate DOJ component from the Civil Division.

[2] In the Court's prior opinion, it noted that among other things, the Civil Division had not explained why it had not queried other branches within the Civil Division.  *See* Mem. Op. at 9.  But such a search would also likely require more than two hours of search time.

Cir. 1990) ("Exhaustion does not occur until the required fees are paid or an appeal is taken from the refusal to waive fees."); *Monroe-Bey v. FBI*, 890 F. Supp. 2d 92, 95–96 (D.D.C. 2012) ("A FOIA requester must exhaust his administrative remedies by paying any assessed fees or appealing the denial of a fee waiver request before obtaining judicial review of a FOIA claim."). The Court finds that Defendants have established through an adequately detailed declaration that they cannot conduct a reasonable search within the two-hour time limit imposed by Mr. Pinson.

## IV.  CONCLUSION

For the foregoing reasons, the Court grants Defendants' renewed motion for partial summary judgment.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  August 17, 2015                                      RUDOLPH CONTRERAS
                                                             United States District Judge