# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| JEREMY PINSON, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 12-1872 (RC) |
| | : | | |
| v. | : | Re Document Nos.: | 249, 257 |
| | : | | |
| U.S. DEPARTMENT OF JUSTICE, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

### DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION; AND
### DENYING PLAINTIFF'S MOTION FOR ORDER TO SUPPLEMENT

## I. INTRODUCTION

*Pro se* Plaintiff Jeremy Pinson ("Plaintiff") is currently incarcerated in federal prison.

While in prison, Plaintiff filed a complaint against the Department of Justice alleging violations

of the Freedom of Information Act and the Privacy Act.  In his amended operative complaint,

Plaintiff further alleged that Federal Bureau of Prisons ("BOP") Director Charles Samuels and

another BOP official, John Dignam, retaliated against him for communicating with the media

and for filing several lawsuits against the BOP.  *See* 2d Am. Compl. at 15, ECF No. 32.  Plaintiff

brought the retaliation claims against Defendants Dignam and Samuels in their individual

capacities pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*

("Bivens").  Plaintiff alleged that Defendants unconstitutionally retaliated against him by

transferring him to a prison in Florence, Colorado ("ADX Florence") based on false information,

by refusing to investigate his complaints regarding his safety at ADX Florence, and by harassing

him through strip searches, meal deprivation, separating him from another inmate, and restricting

his mail.  *See* 2d Am. Compl. at 13–16.

Plaintiff now seeks to preliminarily enjoin the alleged ongoing severe retaliation against him. *See* Pl.'s Mot. Prelim. Inj. ("Mot. Prelim. Inj.") at 1, 4, ECF No. 249. Plaintiff claims that Defendant Samuels and BOP officials are retaliating against him for bringing several lawsuits against BOP officials including Director Samuels. *See id.*, Ex. 1 at 1. Plaintiff states that Defendant Samuels ordered him to be placed in severe conditions of solitary confinement under false allegations and discontinued most of his access to mental health treatment. *See id.* at 2, Ex. 1 at 1–2. Plaintiff claims that these acts of retaliation have rendered him suicidal and that Defendant Samuels is attempting to "drive [Plaintiff] mad." *See id.* at 1. Specifically, Plaintiff seeks a return to the "status quo" prior to his placement in solitary confinement on August 10, 2015, including restored access to the STAGES housing unit, full daily access to mental health treatment, daily access to the court filings in this case, and access to the law library. *See id.* at 4, Ex. 1 at 1.

For the reasons set forth more fully below, the Court denies Plaintiff's motion for preliminary injunction on the ground of mootness.

## II.  FACTUAL BACKGROUND

On August 10, 2015, Plaintiff was placed in the Special Housing Unit ("SHU") (what Plaintiff refers to as "solitary confinement") at ADX Florence. *See id.* Ex. 1 at 1. Defendants claim that Plaintiff was placed in solitary confinement "for reasons of safety, institutional order, and protecting staff and inmates" after Plaintiff allegedly "attempt[ed] to break a chair, yell[ed], caus[ed] his nose to bleed, and attempt[ed] to throw blood onto staff and other inmates." *See* Defs.' Opp'n to Mot. Prelim. Inj. ("Defs.' Opp'n") at 2–3, ECF No. 253. However, Plaintiff argues that he was exonerated of these charges on December 22, 2015 and that the charges were

"false and retaliatory from inception."  Pl.'s Reply to Defs.' Opp'n to Mot. Prelim. Inj. ("Pl.'s Reply"), Ex. A at 1, ECF No. 260.

Plaintiff also claims that BOP officials stated that his litigation was "really pissing off Director Samuels" and that they would "bury [him] in SHU" if he did not stop litigating.  *See* Mot. Prelim. Inj., Ex. 1 at 1.  Plaintiff states that BOP officials told him that Director Samuels personally ordered his placement in solitary confinement because Dr. Samuels "was furious about [Plaintiff's] lawsuit and wanted [him] to suffer."  *See id.*  Additionally, Plaintiff states that he was threatened to drop his lawsuit against Defendant Samuels or else BOP officials would fabricate a threat assessment to keep him in solitary confinement.  *See id.* at 2.  Plaintiff claims that the BOP official followed through on this threat after Plaintiff refused to dismiss his lawsuit against Director Samuels.  *See id.*, Ex. 1 at 2.

Defendants refute all of these allegations.  *See* Defs.' Opp'n at 3–4.  Director Samuels denies personally ordering Plaintiff to be placed in solitary confinement.  *See id.*, Ex. B at 2.  He also denies stating that he was "furious" about Plaintiff's litigation and wanted Plaintiff "to suffer."  *See id.*  Likewise, the other BOP officials deny making any threats or imposing any ultimatums on Plaintiff to drop his lawsuit.  *See id.*, Ex. C at 2; *id.*, Ex. D at 2.  Additionally, Defendants provide law library usage records demonstrating Plaintiff's use of the library on twenty-six occasions between August 10, 2015 and December 3, 2015.  *See* Defs.' Opp'n at 4–5, Ex. A Attach. 3.

Although Defendants did not respond to Plaintiff's allegation that he was denied access to his mail and court filings in their opposition to Plaintiff's preliminary injunction motion, Defendants later asserted in a subsequent pleading that Plaintiff regularly received mail between January and March of this year.  *See* Defs.' Opp'n to Pl.'s Mot. for Order to Show Cause at 2,

ECF No. 271.  Moreover, Defendants argue that "those difficulties [regarding Plaintiff's access to mail] should now be moot, as plaintiff recently was transferred to a facility in Pennsylvania." *See id.* at 3.  Plaintiff was in fact transferred to another prison and notified the court that his new address is P.O. Box 3000, White Deer, PA, 17887.  *See* Pl.'s Notice of Change of Address, ECF No. 273.

## III.  LEGAL STANDARD

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion."  *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997); *see also Abdullah v. Obama*, 753 F.3d 193, 197 (D.C. Cir. 2014).  To warrant a preliminary injunction, a movant must establish that: (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *See Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008).

This circuit has traditionally balanced these four factors on a "sliding scale" whereby a movant's unusually strong showing on one factor could compensate for weaker showings on one or more other factors.  *See, e.g.*, *Davis v. Billington*, 76 F. Supp. 3d 59, 63–64 (D.D.C. 2014) (citing *Davis v. Pension Benefit Guar. Corp.*, 571 F.3d 1288, 1291–92 (D.C. Cir. 2009)); *Nat'l Mining Ass'n v. Jackson*, 768 F. Supp. 2d 34, 48 (D.D.C. 2011).  Despite the flexibility of this approach, it is critical for the movant to show at least some harm in order to warrant preliminary injunctive relief.  *See Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006) ("A movant's failure to show any irreparable harm is . . . grounds for refusing to issue a preliminary injunction, even if the other three factors entering the calculus merit such relief.").  What is more, "[a]bsent a 'substantial indication' of likely success on the merits, 'there would be

no justification for the court's intrusion into the ordinary processes of administration and judicial review.'" *Nat'l Parks Conservation Ass'n v. U.S. Forest Serv.*, No. 15-01582, 2015 WL 9269401, at *1 (D.D.C. Dec. 8, 2015) (quoting *Am. Bankers Ass'n v. Nat'l Credit Union Admin.*, 38 F. Supp. 2d 114, 140 (D.D.C. 1999)).

There remains an open question in this circuit whether the Supreme Court invalidated the sliding scale approach in *Winter v. Natural Resources Defense Council*. *See Pension Benefit Guar. Corp.*, 571 F.3d at 1292. This circuit has not yet decided whether the likelihood of success factor constitutes an independent, free-standing requirement for preliminary injunctive relief. *See, e.g.*, *Nat'l Parks Conservation Ass'n*, 2015 WL 9269401, at *2.

## IV. ANALYSIS

The Court need neither decide the open question of law regarding the validity of the sliding scale approach in this circuit nor reach the merits of Plaintiff's preliminary injunction motion. Because Plaintiff has been transferred from ADX Florence, Plaintiff's preliminary injunction motion is now moot. This Court must therefore deny Plaintiff's motion for a preliminary injunction.

Plaintiff's transfer from ADX Florence to a facility in Pennsylvania renders moot his preliminary injunction motion challenging his conditions of confinement at ADX Florence. "Normally, a prisoner's transfer or release from a prison moots any claim he might have for equitable relief arising out of the conditions of his confinement in that prison." *Scott v. District of Columbia*, 139 F.3d 940, 941 (D.C. Cir. 1998); *see also, e.g.*, *Ford v. Bender*, 768 F.3d 15, 29 (1st Cir. 2014) ("A prisoner's challenge to prison conditions or policies is generally rendered moot by his transfer or release."); *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004) (same). In claiming that BOP officials are retaliating against him, Plaintiff is challenging his conditions of

confinement at ADX Florence. *See Jeanes v. U.S. Dep't of Justice*, 231 F. Supp. 2d 48, 49–50 (D.D.C. 2002) (where the plaintiff alleged that prison officials retaliated against him for litigating a FOIA claim, plaintiff's retaliation claims constituted a challenge to his conditions of confinement); *Tereshchuk v. Bureau of Prisons*, No. 06-1031, 2007 WL 474179, at *2 (D.D.C. Feb. 9, 2007) (same). The injunctive relief Plaintiff seeks includes a transfer out of the SHU to the STAGES housing program, daily access to mental health treatment, and access to court filings and the law library. *See* Mot. Prelim. Inj. at 4. All of these relate to his conditions of confinement at ADX Florence.

Moreover, Plaintiff has not alleged any continuing present injury or real and immediate threat of repeated injury at his new facility in Pennsylvania. *See Munn Bey v. Dep't of Corr.*, 839 F. Supp. 2d 1, 6 (D.D.C. 2011) ("[U]naccompanied by any continuing, present injury or real and immediate threat of repeated injury, plaintiffs' past exposure to illegal conduct at their former prison does not show a pending case or controversy regarding injunctive relief, and we must vacate as moot that portion of their prayer for relief.") (quoting *Young v. Lane*, 922 F.2d 370, 373 (7th Cir.1991)).

Like Mr. Pinson, in *Brown v. F.B.I*, a prisoner filed a FOIA suit and later sought preliminary injunctive relief against his placement in a special housing unit, claiming it was an act of retaliation by prison officials. *See Brown v. F.B.I*, 793 F. Supp. 2d 368, 383 (D.D.C. 2011). Several weeks after filing his preliminary injunction motion, the plaintiff was transferred to a different prison. *See id.* at 372–73. This Court found that plaintiff's transfer rendered his preliminary injunction motion moot. *See id.* at 383–84. So too here. Plaintiff's claim for injunctive relief is rendered moot by his transfer out of ADX Florence – the prison where the alleged acts of retaliation occurred.

## V.  CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's Motion for Preliminary Injunction without prejudice.[1]  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: April 8, 2016                                          RUDOLPH CONTRERAS
                                                             United States District Judge

---

[1] The Court need not decide Plaintiff's request for an evidentiary hearing (Pl.'s Reply at 1, ECF No. 260) or Plaintiff's motion to supplement (Pl.'s Mot. for Order to Supplement at 1, ECF No. 257) because those motions are moot given the instant ruling.  Furthermore, the Court finds that Rule 11 sanctions against Defendants are inappropriate in this case given the current ruling denying Plaintiff's preliminary injunction motion.