UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEREMY PINSON,

    Plaintiff,

    v.

U.S. DEPARTMENT OF JUSTICE,

    Defendant.

Civil Action No. 12-1872 (RC)

<u>SEVENTH DECLARATION OF KARA CHRISTENSON</u>

I, Kara Christenson, do hereby declare and state as follows:

1.    I am employed by the United States Department of Justice, Federal Bureau of Prisons (BOP) as a Government Information Specialist for Central Office, stationed at the Federal Medical Center in Rochester, Minnesota (FMC Rochester). I have been assigned to Central Office since August 2016. I was assigned to the Legal Department at FMC Rochester from June 1994 to September 2008, and to the North Central Regional Office from September 2008 to August 2016. I have been employed by the BOP since March 1992. The statements I make hereinafter are made on the basis of my review of the official files and records of the Bureau of Prisons, my own personal knowledge, or on the basis of information acquired by me through the performance of my official duties.

2.    I am familiar with the complaint filed by the above-captioned plaintiff, Jeremy (Grace) Pinson, Federal Register Number 16267-064, seeking disclosure of records she sought from the Bureau of Prisons. I have previously provided declarations in this matter.

3.    The statements I make hereinafter are made on the basis of my review of the official files and records of the Bureau of Prisons, my own personal knowledge, or on the basis of information acquired by me through the performance of my official duties.

4.     In this declaration, I will explain the Bureau's processing of the requests for emails in FOIA Request Nos. 2011-7156, 2012-39, and 2012-40. I will also explain the Bureau's processing of Pinson's request for records in FOIA Request No. 2013-1684, which previously had an outstanding fee issue which has since been resolved. Finally, I will explain the reprocessing of FOIA Request Nos. 2010-12533, 2011-1351, 2011-1886, 2011-2366, 2011-7619, 2012-39, and 2012-975 in light of the Court's Memorandum Opinion, dated February 17, 2017, Docket No. 357.

## INITIAL PROCESSING – EMAILS

5.     The BOP uses a Novell GroupWise email system to provide internal and external email communication by staff. To archive email, the BOP also uses the Netmail Email Archive System. Netmail collects email content directly from GroupWise and saves it into its separate system in an SML file format, preserving applicable metadata. Regular email messages are flagged for a seven year retention and emails flagged as trash are subject to a 45-day retention period.

6.     Via Netmail, BOP staff email is ordinarily searchable using names, date ranges, and specific search terms. Once the email is searched and responsive email is located and collected, that email can be exported from Netmail for review purposes.

7.     To search for responsive email, a network administrator must login to Netmail, identify the staff member's email to be searched by the staff member's network userID, and then conduct a search against their archive based on defined search terms and dates provided by the FOIA requester. A search may take from two to six hours to complete. Once the search is completed and saved, the responsive email must be exported to a reviewable file format. This export process, depending on the number of search results, may take from two to twelve hours. This process must be repeated for every identified staff member.

There is a limit to the number of userIDs that can be combined into any single search. So, if a FOIA request involves hundreds of employees, the search/recovery process could take a dedicated staff member several weeks or months to complete.

**FOIA Request 2011-07156**

8.    In FOIA Request No. 2011-07156, Pinson sought, among other records,[1] "emails between Central Office staff regarding [her] ADX referral" and "emails between SERO Regional staff regarding [her] ADX referral." She limited her request to no more than two hours search time and no more than 100 pages. A true and correct copy of FOIA Request 2011-07156 is attached as Exhibit A to this declaration.

9.    In December 2016, a search request was initiated based on this FOIA request. The network administrator was provided with the following search parameters:

a.    <u>Page Limits</u>:  As Pinson limited her request to 100 pages, the search could be stopped after 200 pages of responsive records had been located to ensure the full or partial release of 100 pages of records.

b.    <u>Date Range</u>:  Pinson was referred to ADX Florence in 2010, so to be over-inclusive, the date range of January 1, 2009, to December 31, 2011, was used.

c.    <u>Search Terms</u>: One search with the term "Pinson ADX Referral" was requested because Pinson requested only emails regarding her referral.

d.    <u>Directories</u>:  As the email search requires specific staff to be identified, I spoke with staff in both the SERO and Central Office to determine which staff were most likely to have responsive emails.[2] I was advised the Correctional Services Administrator, Deputy Regional Director, and Regional Director would likely have been involved with the referral. Further, because the ADX referral process requires the appointment of a Discipline Hearing Officer by the National Discipline Hearing Administrator, I included that individual. As the referral is processed by staff at the Designation and Sentence Computation Center (DSCC), I included the designator who processes the referral requests and the Chief of

---

1    By Memorandum Opinion, dated February 17, 2017, the Court granted summary judgment to the Bureau of Prisons regarding the non-email portions of FOIA Request No. 2011-07156.

2    I have outlined the procedures for referring an inmate to ADX Florence in a previous declaration, and therefore, will not include a full summary of the procedures in this declaration. <u>See</u> Doc. No. 293-3, Third Decl. of Kara Christenson, ¶¶ 66, 106-108

DSCC. Finally, as the Assistant Director of Correctional Programs makes the final decision regarding placement, I included that individual. The following staff were identified using these criteria: Walter Wood, Loren Chiechi, Nancy Trudell, Andrew Mansukhani, Jose Santana, Helen Marberry, and Charles Samuels.

10.     Using the search procedures described above and the parameters I provided, the network specialist conducted the email search. No responsive records were located.

11.     By letter dated February 28, 2017, NCRO advised Pinson that there were no records responsive to her request for emails. A true and correct copy of the February 28, 2017, Letter to Pinson is attached as Exhibit B to this declaration.

**FOIA Request 2012-39**

12.     In FOIA Request No. 2012-39, Pinson sought, among other records,[3] "[a]ll emails, memorandums by ADX Florence Executive Staff and/or Department Supervisors written or generated in connection with the 2011 Accreditation review by the ACA and/or making reference or mentioning such review." She limited her request to no more than two hours search time and no more than 100 pages. A true and correct copy of FOIA Request 2012-39 is attached as Exhibit C to this declaration.

13.     The American Correctional Association (ACA) is a professional organization for individuals and groups that strives to shape the future of corrections. One function of the organization is to develop standards for accrediting correctional institutions according to national benchmarks for the effective operation of correctional systems. An institution is accredited by the ACA if it meets 100% of the mandatory and at least 90% of the nonmandatory standards. Once an institution is accredited, it will undergo reaccreditation every three years.

---

[3]     By Memorandum Opinion, dated February 17, 2017, the Court granted in part and denied in part the Bureau's motion for summary judgment regarding the non-email portions of FOIA Request No. 2012-39. The reprocessing of the records for which summary judgment was denied will be discussed later in this declaration.

14.     In December 2016, a search request was initiated based on the email portion of this

request. The network administrator was provided with the following search parameters:

a.     <u>Page Limits</u>:   As Pinson limited her request to 100 pages, the search could be stopped after 200 pages of responsive records had been located to ensure the full or partial release of 100 pages of records.

b.     <u>Date Range</u>:   Pinson identified the 2011 accreditation process. Typically, based on my experience with the Bureau and working at institutions during the reaccreditation process, an institution will begin preparing for re-accreditation up to one year in advance. Therefore, the date range of January 1, 2010, to December 31, 2011, was used.

c.     <u>Search Terms</u>: Pinson requested records regarding the reaccreditation process conducted by the American Correctional Association, or ACA. Based on my experience with the Bureau, I anticipated there could be emails that referenced the accreditation process without mentioning ACA, and vice versa. Therefore, three separate searches were requested, with the following search terms: (1) "ACA," (2) "accreditation," and (3) "American Correctional Association."

d.     <u>Directories</u>:   As Pinson requested emails by the Florence Executive Staff and Department Heads, I requested, and was provided with, a list from the Federal Correctional Complex in Florence, Colorado, of the Executive Staff and Department Heads for 2011. Typically, the Executive Assistant coordinates the re-accreditation process, so I prioritized his email box to be searched first in anticipation of him having the most responsive emails. Following the search of the Executive Assistant's email, I then prioritized the Complex Wardens, Associate Wardens, Camp Administrator, and Complex Captains as they comprise the "Executive Staff" of the Complex. Finally, I provided a list of the complex department heads, with the current Bureau employees prioritized over former employees. The following staff were identified using these criteria, listed in the requested order to be searched:

| | | |
|---|---|---|
| 1. Mark Collins | 12. Don Griggs | 22. Mark Tucker |
| 2. Blake Davis | 13. Tim Lloyd | 23. Anne Clemmer |
| 3. Charles Daniels | 14. Paul Klein | 24. Derrick Jones |
| 4. Julie Wands | 15. William Hutchings | 25. Joe Garcia |
| 5. Louis Milusnic | | 26. Mike Castle |
| 6. Dennis Stamper | 16. Russ Krist | 27. Michelle Beai |
| 7. Joe "Ponciano" Rangel | 17. Todd Javernick | 28. Chris Synsvoll |
| | 18. Dan Sproul | 29. James Fief |
| 8. Kevin Johnson | 19. Aimee Tuttoilmondo | 30. Carole Schoenrock |
| 9. Mark Munson | | |
| 10. Pete Bludworth | 20. Tomas Gomez | 31. Kenny Crank |
| 11. Kim Nelson | 21. Patricia Rangel | 32. Doug Cramer |

| 33. Tammy Childs | 35. Gilbert Lyde | 37. Mark Kellar |
| 34. John Bellantoni | 36. Richard Derr | |

15. Using the search methods described above and the provided search parameters, the network specialist conducted the email search. Responsive records were located in email directories belonging to two staff members – Peter Bludworth and Chris Synsvoll – and provided to me for processing. However, while I was processing the responsive records, I discovered the emails located in Bludworth's email directory appeared to be corrupted as the bodies of the emails were all blank. I nonetheless processed these emails as the email dates, subjects, and sender were still identified and could be of interest to Pinson.

16. By letter dated April 6, 2017, NCRO released 75 pages of records in full and 18 pages of records in part to Pinson. A true and correct copy of the April 6, 2017, Letter to Pinson is attached as Exhibit D to this declaration.

17. I have prepared a *Vaughn* Index describing with specificity the documents withheld in response to FOIA Request 2012-39, as well as documents withheld in response to other FOIA requests discussed in this declaration. The documents are divided within the *Vaughn* Index by FOIA request, and the documents within each FOIA request are numbered. In order to provide context for the withholdings, if a document was multiple pages, but withholdings affected only one page of the document, I identified the total number of pages in the document and then described with specificity what page or pages of the document were affected by the withholdings. Therefore, the total number of pages referenced in the *Vaughn* Index will be more than the total number of pages withheld in part or in full from Pinson. Further, for the requests that have been reprocessed, the original processing is in *italics* and the reprocessing is in normal font. A true and correct copy of the *Vaughn* Index is attached as Exhibit E to this declaration.

Justification for Non-Disclosure under FOIA Exemption 5 U.S.C. § 552(b)(6)

18.  Exemption (b)(6) provides for the withholding of "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."

19.  Exemption (b)(6) was applied to withhold in Documents 1-4, 6, 9, 10-11, and 14-15 the telephone extensions and direct telephone numbers of Bureau staff. When the public telephone number of the institution was provided, I did not redact it. Due to the passage of time, the staff members who were using the extensions and direct numbers may no longer be reached at those numbers, and the numbers have been reassigned to new staff members. As the staff members can be reached through a public, general telephone number for the institution, they maintain a privacy interest in not being contacted directly at their extensions. I therefore determined it would be appropriate to withhold that information because disclosure would constitute a clearly unwarranted invasion of their personal privacy.

20.  Exemption (b)(6) was applied to withhold in Documents 2 and 12 the names of third-party, non-BOP employees who would be conducting the ACA audit. I reviewed the public website for the American Correctional Association to determine if the individuals were disclosed on the website, but a search using their names resulted in zero results. I therefore determined they had a privacy interest in keeping their involvement with the ACA confidential. I considered whether the public interest in knowing the identity of auditors outweighed this privacy interest. However, I determined it did not – the identities of auditors needed to be protected to ensure their objectivity during the audit process. Thus, I withheld the names because disclosure would constitute a clearly unwarranted invasion of their personal privacy.

21.  Exemption (b)(6) was applied to withhold in Documents 7, 8, 17, and 18 the name of a third-party, non-BOP employee who assisted with a pre-ACA audit. This individual was not associated with the ACA, but rather, was asked by the Bureau to provide an objective review of the Florence Complex's preparedness for the audit. This individual has a privacy interest in not being identified. I considered whether the public interest in knowing the individual's identity outweighed this privacy interest, and I determined it did not. The public has an interest in knowing how an institution prepares for an ACA audit, including the fact that a pre-audit is conducted. The identity of the individual conducting of the pre-audit is of limited additional value, and therefore, disclosure of individual's name would constitute a clearly unwarranted invasion of personal privacy.

22.  Every effort has been made to release all segregable information without invading the privacy interests of the individuals named in these records. I was able to withhold all of the records in part.

Justification for Threshold Requirement for Exemptions under 5 U.S.C. § 552(b)(7)

23.  As a threshold to applying Exemption 7, an agency has to demonstrate that the "records or information [were] compiled for law enforcement purposes." 5 U.S.C. § 552(b)(7).

24.  The Bureau of Prisons is a law enforcement agency. The term "law enforcement officer" is defined as "an employee of the Bureau of Prisons or Federal Prison Industries, Inc." *See, e.g.*, 5 U.S.C. § 8401(17)(D)(i). Furthermore, BOP employees perform law enforcement functions. They possess the authority to make arrests, 18 U.S.C. § 3015; seize evidence, 18 U.S.C. § 4012; and execute searches on inmates and visitors to the institution, 28 C.F.R. §§ 511.10-511.12, 552.10-552.14. Additionally, the BOP is tasked with the law enforcement mission of protecting inmates, staff, and the community. *See* 18 U.S.C. § 4042(a)(1)-(3) ("The Bureau of Prisons, under the direction of the Attorney

General, shall (1) have charge of the management and regulation of all Federal penal and correctional institutions; (2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise; (3) provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States . . . .").

25.     The records at issue in this request meet the law enforcement threshold of Exemption (b)(7). The records at issue were generated by FCC Florence staff in preparation for an ACA accreditation audit. The ACA has issued a set of standards governing the operation of adult correctional institutions, and some of the standards address the institution's handling of threats to its security, handling of inmate escapes, processing of criminal violations, and internal discipline procedures. These standards affect how the Bureau conducts its quintessential law enforcement functions and include guidelines for criminal investigations and protecting the safety of staff, inmates, and the public.

Justification for Non-Disclosure Under FOIA Exemption 5 U.S.C. § 552(b)(7)(F)

26.     Exemption (b)(7)(F) provides for the withholding of information or records compiled for law enforcement purposes, the release of which could endanger the life or physical safety of any individual. See 5 U.S.C. § 552(b)(7)(F).

27.     Exemption (b)(7)(F) was applied to withhold in part Documents 4, 5, 13, and 16. The information withheld related to the institution's policies tools and keys, the disclosure of which could endanger the life or safety of staff. Bureau staff have limited resources available to protect themselves from inmates during an institution emergency, with the primary resources being the keys they carry with them. These keys provide access to secure areas of the institution in which staff can hide to protect themselves from an attack

by an inmate. Further, staff are aware that any resource available to them, such as keys, tools, and other personal protective equipment necessary for the performance of their job, is potentially available to be used against them by inmates. Therefore, each institution has developed plans and procedures to control inmate access to tools, keys, and personal protective equipment. Inmate knowledge of these policies undermines their effectiveness, which could reasonably be expected to endanger the life and safety of staff should an incident occur.

### FOIA Request 2012-00040

28.     In FOIA Request No. 2012-00040, Pinson sought the "production of all emails sent by the North Central Regional Director and Warden of the U.S. Penitentiary Administrative Maximum during 2011." She limited her request to no more than two hours search time and no more than 100 pages, and she also asked for a cost estimate of any pages beyond the 100 pages she requested. A true and correct copy of FOIA Request 2012-00040 is attached as Exhibit F to this declaration.

29.     In December 2016, a search request was initiated based on this FOIA request. The network administrator was provided with the following search parameters:

a.      <u>Page Limits</u>:   As Pinson limited her request to 100 pages, the search could be stopped after 500 pages of responsive records had been located to ensure the full or partial release of 100 pages of records.

b.      <u>Date Range</u>:   As Pinson limited her request to 2011, the date range of January 1, 2011, to December 31, 2011, was used.

c.      <u>Search Terms</u>: Pinson limited her search to all emails sent by individuals, so all emails in the staff member's "sent" box were requested.

d.      <u>Directories</u>:   As the email search requires specific staff to be identified, I determined Michael Nalley was the North Central Regional Director during the requested time period. Blake Davis was the Warden of ADX Florence during the requested time period. A search of their Netmail emails was requested. Further,

neither Mr. Nalley nor Mr. Davis is employed with the Bureau at this time, so neither could be asked to search their GroupWise email box.

30. Using the search methods described above and the provided search parameters, the network specialist conducted the email search. No responsive records were located.

31. By letter dated February 28, 2017, NCRO advised Pinson that there were no records responsive to her request for emails. A true and correct copy of the February 28, 2017, Letter to Pinson is attached as Exhibit G to this declaration.

## INITIAL PROCESSING – OTHER RECORDS

### FOIA Request 2013-01684

32. In FOIA Request No. 2013-01684, Pinson sought "production of all information produced on or after February 25, 2011 which is located in the Central File, SIS File, and any other file maintained on Jeremy Pinson." A true and correct copy of FOIA Request 2013-01684 is attached as Exhibit H to this declaration.

33. An initial estimated fee was assessed, and Pinson choose to modify her request. By letter dated May 24, 2016, Pinson indicated she was no longer sought documents from her Central File on or before October 1, 2014, or her SIS file between February 25, 2011, and October 2013. A true and correct copy of Pinson's Letter dated May 24, 2016, is attached as Exhibit I to this declaration.

34. After some additional correspondence regarding the anticipated fee, Pinson filed a motion with the court asking that the records be produced on a disk and sent to her attorney. A true and correct copy of Doc. No. 370, Motion to Compel Response to Request for Production on CD, is attached as Exhibit J to this declaration. The Bureau agreed to do so. A true and correct copy of the Letter to Pinson, dated April 11, 2017, is attached to this declaration as Exhibit K.

35.     Regarding the search for responsive records, this request has been interpreted as requiring a search for Pinson's Central File, Medical Records, Psychology Records, and SIS records.

36.     In order to effectively manage the inmate population, the Bureau of Prisons maintains information regarding an inmate in her "Central File," which is maintained at the inmate's current or last institution of confinement if the inmate has been released from BOP custody. *See* Program Statement 5800.17, *Inmate Central File, Privacy Folder, and Parole Mini-Files*.

37.     The BOP also maintains a "Medical Record" for each inmate in its custody in order to deliver health services to the inmate. *See* Program Statement 6090.04, *Health Information Management*. The BOP transitioned to electronic medical records in approximately 2007. Generally, the inmate's institution of confinement has access to that inmate's electronic medical records.

38.     Like the inmate Medical Record, the Psychology Data System, or PDS, was created in order to deliver psychology services to the inmate. *See* Program Statement 5310.12, *Psychology Services Manual*. BOP Psychologists will document professional contacts with an inmate in PDS, including intake screenings, treatment plans, detention reviews, suicide referral and watch summaries, evaluations reports, and memoranda. *See* Program Statement 5310.12 at Ch. 2, p. 8. The PDS notes regarding professional contacts are retrievable by the inmate's register number at the institution where the inmate is currently confined. Only Psychology staff have access to these records.

39.     Regarding the request for SIS records, these records are maintained in a centralized computerized database called TRUINTEL, which is searchable by date range or by inmate register number. A search by register number will also retrieve a list of each case

associated with that inmate, and selecting the case from the search result will retrieve a list of documents associated with that case. In turn, selecting the document name will retrieve the document, which can then be saved. Although TRUINTEL is the Bureau's primary system of records, each institution's SIS Department may have additional records not uploaded into TRUINTEL.

40.    Since October 2013, Pinson had been designated at ADX Florence, FDC Houston, USMCFP Springfield, USP Florence, USP Allenwood, USP Terre Haute, and USMCFP Springfield for a second time. She arrived at FMC Rochester on June 14, 2017.

41.    After Pinson asked for the records to be produced on a disk, I initiated a search request. However, I mistakenly believed Pinson had previously limited this request to her Central File records after October 2014 and SIS Files after October 2013. I therefore requested her Central File from her institution of confinement at the time, USMCFP Springfield, and files from SIS Departments at ADX Florence, FDC Houston, USMCFP Springfield, USP Florence, USP Allenwood, and USP Terre Haute. I completed processing of the records I received.

42.    While reviewing documents in anticipation of a June 2017 filing deadline, BOP counsel and I compared the processed documents against Pinson's modified search request. I realized that the processed documents did not contain any BEMR, PDS, or TRUINTEL records for the relevant time period.

43.    I therefore initiated an additional search. At that time, Pinson had transferred to FMC Rochester, so I requested her BEMR and PDS records after February 25, 2011 from FMC Rochester staff. I was provided with the responsive records.

44.    As I had received responses from SIS Departments with non-TRUINTEL documents, I merely requested the TRUINTEL documents from the SIS Department at FMC

Rochester. SIS staff conducted a search in TRUINTEL using Pinson's register number. They then systematically saved all responsive records after October 1, 2013, by opening each case in TRUINTEL and saving the documents.

45.    By letter dated October 23, 2017, NCRO released 13,690 pages of records in full and 1481 pages of records in part to Pinson. 2325 pages were withheld in full. A CD was sent to Pinson's attorneys.  A true and correct copy of the October 23, 2017, Letter to Pinson, is attached as Exhibit L to this declaration.

46.    Although there is some repetition of records in Pinson's Central File, BEMR records, PDS records, and non-TRUINTEL SIS records, the records substantially different, so I prepared a *Vaughn* Index describing with specificity the documents withheld from these records.  These records are represented in the *Vaughn* Index for FOIA Request No. 2013-1684 as Documents 1 through 343, *see* Exhibit E at 4-52.

47.    The remaining records responsive to this FOIA request were retrieved from TRUINTEL and include three types of documents: (1) documents supporting the Bureau's monitoring and classification of Pinson and miscellaneous records regarding Pinson; (2) incidents; and (3) investigations.

48.    Documents supporting the Bureau's monitoring and classification of Pinson are substantially different, so I prepared a *Vaughn* Index describing with specificity the documents withheld from these records.  These records are represented in the *Vaughn* Index for FOIA Request No. 2013-1684 as Documents 344 to 463, *see* Exhibit E at 52-73.

49.    TRUINTEL incidents included in FOIA Request 2013-1684 are as follows:

1.  ALP-16-0101         3.  ALP-16-0120         5.  ALP-16-0127

2.  ALP-16-0112         4.  ALP-16-0126         6.  ALP-16-0145

| | | |
|---|---|---|
| 7.  ALP-16-0148 | 17. FLP-15-0231 | 27. OKL-15-0067 |
| 8.  FLM-14-0079 | 18. FLP-15-0233 | 28. SPG-15-0065 |
| 9.  FLM-14-0102 | 19. FLP-16-0011 | 29. SPG-17-0065 |
| 10. FLP-15-0135 | 20. FLP-16-0013 | 30. SGP-17-0077 |
| 11. FLP-15-0144 | 21. FLP-16-0015 | 31. THP-16-0363 |
| 12. FLP-15-0183 | 22. FLP-16-0019 | 32. THP-16-0390 |
| 13. FLP-15-0207 | 23. FKO-16-0030 | 33. THP-17-0002 |
| 14. FLP-15-0212 | 24. FLP-16-0101 | 34. THP-17-0003 |
| 15. FLP-15-0216 | 25. FLP-16-0108 | 35. THP-17-0004 |
| 16. FLP-15-0218 | 26. FLP-16-0118 | 36. THP-17-0088 |

50. While each incident is unique, the records contained in each TRUINTEL incident are substantially similar.  Every incident will contain a Form 583 Report of Incident, Form 586, and supporting documentation, including but not limited to, staff memoranda, photographs of the scene (if applicable), photographs of inmates and staff involved, medical assessments of the inmates and staff involved, staff rosters, and/or inmate rosters.  The same types of information are withheld from each record, so I selected two TRUINTEL incidents to create a representative sample *Vaughn* Index, ALP-16-0127 and FLM-14-0102.  These records are represented in the *Vaughn* Index for FOIA Request No. 2013-1684 as Documents 464 to 502, *see* Exhibit E at 73-77.

51. TRUINTEL investigations included in FOIA Request 2013-1684 are as follows:

| | | |
|---|---|---|
| 1.  ALP-16-0178 | 5.  ALP-16-0226-B | 9.  FLP-15-0206 |
| 2.  ALP-16-0207 | 6.  ALP-16-0292 | 10. FLP-16-0067 |
| 3.  ALP-16-0226 | 7.  FLM-14-0014 | 11. FLP-16-0067-A |
| 4.  ALP-16-0226-A | 8.  FLM-14-0015 | 12. THP-17-0002 |

13. THP-17-0003          14. THP-17-0013          15. THP-17-0145

52.    While each investigation is unique, the records contained in each TRUINTEL investigation are substantially similar.  Every incident will contain an investigative report and supporting documentation, including but not limited to, staff memoranda, witness statements, law enforcement reports, inmate rosters, staff rosters, and/or medical and Psychology records.  The same types of information are withheld from each record, so I selected two TRUINTEL cases to create a representative sample *Vaughn* Index, ALP-16-0292 and FLM-14-0079. These records are represented in the *Vaughn* Index for FOIA Request No. 2013-1684 as Documents 503 to 555, *see* Exhibit E at 78-86.

Justification for Non-Disclosure under FOIA Exemption 5 U.S.C. § 552(b)(6)

53.    Exemption (b)(6) was applied to withhold in part and in full a substantial portion of the records in this FOIA Request.  An example of a partial withhold is Document 1; an exemption of a full withholding is Document 22. The information withheld consists of the names, register numbers, medical information, statements made to law enforcement officers, and correctional management of third-party inmates. Release of this information would constitute an unwarranted invasion into their personal privacy, and inmate Pinson has not identified any interest that outweighs this privacy interest. She sought records regarding herself, and not about other inmates. Every effort has been made to release all segregable information without invading the privacy interests of the third-party inmates named in these records. Regarding the documents withheld in full, as noted in the *Vaughn* Index, some of these Documents were solely related to the third-party inmates (*e.g.*, Document 22), and therefore, those inmates have a privacy interest in the record itself. That privacy interest cannot be segregated. The remainder of the documents were withheld in full because the information exempt under (b)(6) was inextricably intertwined

with information that was exempt for other reasons which necessitated withholding of the entire document (*e.g.*, Document 274).

54. Exemption (b)(6) was also applied to withhold in part Documents 1, 8, 28, 149, 154, 156, 232, 234, 237, 239, 242, 244, 247, 250, 252, 255, 258, 397, and 409, and in full Documents 43-44, 69, 73, 185-187, 233, 235-236, 238, 240-241, 243, 245-246, 248-249, 251, 253-254, 256-257, 259, 283, 285, 319, 425, 427, 442, 444, 448, 450, and 505. The information withheld consists of the names, dates of birth, telephone numbers, social security numbers, driver's license numbers, NCIC background check results, and visiting application information for third-party individuals. Release of this information would constitute an unwarranted invasion into their personal privacy, and inmate Pinson has not identified any interest that outweighs this privacy interest. She sought records regarding herself, and not about other individuals. Every effort has been made to release all segregable information without invading the privacy interests of the individuals named in these records. Regarding the documents withheld in full, as noted in the *Vaughn* Index, some of these Documents were solely related to the third-party individuals (*e.g.*, Document 23), and therefore, those individuals have a privacy interest in the record itself. That privacy interest cannot be segregated. The remainder of the documents withheld in full were done so because the information exempt under (b)(6) was inextricably intertwined with information that was exempt for other reasons that necessitated withholding of the entire document (*e.g.*, Document 43).

55. Exemption (b)(6) was applied to withhold in part Documents 77, 136, 139-141, 292, 316-318, 371-373, 398, and 465, and in full Documents 20-21, 23, 78-79, 81-82, 94, 99, 118, 133-135, 137-138, 142-145, 207-208, 263, 314, 375, 377, 400-406, 466-467, 495-496, and 499. The information withheld consists of the names, injuries and other medical

information, photographs of their faces, injuries and property, and employment information for Bureau of Prisons' staff, where staff could be characterized as victims. Release of this information would constitute an unwarranted invasion into their personal privacy, and inmate Pinson has not identified any interest that outweighs this privacy interest. She sought records regarding herself, and not about staff members. Every effort has been made to release all segregable information without invading the privacy interests of the staff members named in these records. Regarding the documents withheld in full, as noted in the *Vaughn* Index, these Documents were solely related to the staff members, and therefore, those staff members have a privacy interest in the record itself. That privacy interest cannot be segregated.

56.    Exemption (b)(6) was applied to withhold in part Documents 473-488 and 491. The information withheld consists of the names of staff who participated in calculated uses of force and their role on the team. While staff generally do not have an expectation of privacy regarding the release of their names in Bureau records, staff have a heightened expectation of privacy in the context of a calculated use of force. A calculated use of force is a contentious situation between staff and an inmate, and even though the situation may be resolved, the inmate often has continued animosity towards participating staff. Release of the staff names in the context of these records would constitute an unwarranted invasion into their personal privacy, and Pinson has not identified any interest that outweighs this privacy interest. Every effort has been made to release all segregable information without invading the privacy interests of the staff named in these records.

57.    Exemption (b)(6) was applied to withhold in full Documents 472 and 547. The information withheld consists of the Daily Assignment Rosters for institutions, which

were part of a calculated use of force investigative packet and incidents within the prison. As previously mentioned, while staff generally do not have an expectation of privacy regarding the release of their names in Bureau records, staff have a heightened expectation of privacy in the context of a calculated use of force or a critical incident within the prison.  Release of the staff names in the context of these records would constitute an unwarranted invasion into their personal privacy, and Pinson has not identified any interest that outweighs this privacy interest.  The information exempt under (b)(6) was inextricably intertwined with information that was exempt for other reasons, and therefore, could not be segregated at this time.

58.     Exemption (b)(6) was applied to withhold in part Documents 32-33, 35, 71, 91- 92, 100-101, 168, 176, 209, 225, 229-230, 282, 284, 286, 293-297, 301-305, 307, 309-312, 378, and 508, and in full Documents 285, 299, and 300. The information withheld consists of the telephone extensions, direct numbers, and facsimile extensions of Bureau staff. When the public telephone number of the institution was provided, I did not redact it. Due to the passage of time, the staff members who were using the extensions and direct numbers may no longer be reached at those numbers, and the numbers have been reassigned to new staff members. As staff members can be reached through a public, general telephone number for the institution, they maintain a privacy interest in not being contacted directly. I therefore determined it would be appropriate to withhold that information. Every effort has been made to release all segregable information without invading the privacy interests of the staff members named in these records. Regarding the documents withheld in full, the documents were withheld in full because the information exempt under (b)(6) was inextricably intertwined with information that was exempt for other reasons which necessitated withholding of the entire document.

59.     Exemption (b)(6) was applied to withhold Document 69 in full. The information withheld consists of the names and personal identifying information of individuals associated with a statute-based programming assignment used to manage Pinson. Pinson arguably has an interest in knowing about this programming assignment. However, due to the nature of the programming assignment, these individuals have a heightened privacy interest in their association with the programming assignment, which I valued as being equal to or greater than a privacy interest in medical information or physical safety, and therefore, disclosure would constitute a clearly unwarranted invasion into their personal privacy. Every effort has been made to release all segregable information without invading the privacy interests of the third-party individuals named in these records, but the information exempt under (b)(6) was inextricably intertwined with information that was exempt for other reasons which necessitated withholding of the entire document.

60.     Finally, exemption (b)(6) was applied to withhold in part Documents 114, 149, 144, 164, 166, 277, 293, 295-297, 313, 367, 379, 407, 532, and 534-535, and withhold in full Documents 299 and 300. The information withheld consists of the name of a criminal Assistant U.S. Attorney and the names of law enforcement investigative agents associated with the Federal Bureau of Investigation, the Office of Inspector General for the Department of Justice, and the Office of Internal Affairs with the Bureau of Prisons. The contact information, such as telephone numbers, e-mail addresses, and addresses, for the law enforcement investigative agents was also withheld. By virtue of their investigative roles, these law enforcement officers have a heightened interest in maintaining their privacy. Release of this information would constitute an unwarranted invasion into their personal privacy, and inmate Pinson has not identified any interest that outweighs this privacy interest. She sought records regarding herself, and not about law

enforcement investigative agents. Every effort has been made to release all segregable information without invading the privacy interests of the individuals named in these records. Regarding the documents withheld in full, the documents were withheld in full because the information exempt under (b)(6) was inextricably intertwined with information that was exempt for other reasons which necessitated withholding of the entire document.

Justification for Threshold Requirement for Exemptions under 5 U.S.C.§ 552(b)(7)

61.     The documents responsive to this request meet the law enforcement threshold of Exemption (b)(7).

62.     Specifically, this exemption was applied to withhold documents contained in Pinson's Central File, Medical Records, and Psychology Records, all of which were compiled as part of inmate Pinson's incarceration with the BOP pursuant to its law enforcement mission of protecting inmates, staff, and the community.

63.     Further, a portion of the records at issue in this FOIA request were maintained by the SIS office, which compiles investigatory records for potential criminal activity within an institution and investigates potential misconduct by inmates.

Justification for Non-Disclosure under 5 U.S.C.§ 552(b)(7)(C)

64.     Exemption (b)(7)(C) protects from mandatory disclosure records or information compiled for law enforcement purposes to the extent that disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).

65.     Exemption (b)(6) was applied to withhold in part and in full a substantial portion of the records in this FOIA Request. An example of a partial withhold is Document 1; an exemption of a full withholding is Document 22. The information withheld consists of the names, register numbers, medical information, statements made to law enforcement

officers, and correctional management of third-party inmates. Release of this information would constitute an invasion into their personal privacy, and inmate Pinson has not identified any interest that outweighs this privacy interest. She sought records regarding herself, and not about other inmates. Every effort has been made to release all segregable information without invading the privacy interests of the third-party inmates named in these records. Regarding the documents withheld in full, as noted in the *Vaughn* Index, some of these Documents were solely related to the third-party inmates (*e.g.*, Document 22), and therefore, those inmates have a privacy interest in the record itself. That privacy interest cannot be segregated. The remainder of the documents were withheld in full because the information exempt under (b)(7)(C) was inextricably intertwined with information that was exempt for other reasons which necessitated withholding of the entire document (*e.g.*, Document 274).

66.     Exemption (b)(7)(C) was also applied to withhold in part Documents 1, 8, 28, 149, 154, 156, 232, 234, 237, 239, 242, 244, 247, 250, 252, 255, 258, 397, and 409, and in full Documents 43-44, 69, 73, 185-187, 233, 235-236, 238, 240-241, 243, 245-246, 248-249, 251, 253-254, 256-257, 259, 285, 319, 425, 427, 442, 444, 448, 450, and 505. The information withheld consists of the names, dates of birth, telephone numbers, social security numbers, driver's license numbers, NCIC background check results, and visiting application information for third-party individuals. Release of this information would constitute an invasion into their personal privacy, and inmate Pinson has not identified any interest that outweighs this privacy interest. She sought records regarding herself, and not about other individuals.  Every effort has been made to release all segregable information without invading the privacy interests of the individuals named in these records. Regarding the documents withheld in full, as noted in the *Vaughn* Index, some of

these documents were solely related to the third-party individuals (*e.g.*, Document 23), and therefore, those individuals have a privacy interest in the record itself. That privacy interest cannot be segregated. The remainder of the documents were withheld in full because the information exempt under (b)(7)(C) was inextricably intertwined with information that was exempt for other reasons which necessitated withholding of the entire document (*e.g.*, Document 43).

67. Exemption (b)(7)(C) ) was applied to withhold in part Documents 77, 136, 139-141, 292, 316-318, 371-373, 398, and 465, and in full Documents 20-21, 23, 78-79, 81-82, 94, 99, 118, 133-135, 137-138, 142-145, 207-208, 263, 314, 375, 377, 400-406, 466-467, 495-496, and 499. The information withheld consists of the names, injuries and other medication information, photographs of their faces, injuries and property, and employment information for Bureau of Prisons' staff. Release of this information would constitute an invasion into their personal privacy, and inmate Pinson has not identified any interest that outweighs this privacy interest. She sought records regarding herself, and not about staff members. Every effort has been made to release all segregable information without invading the privacy interests of the staff members named in these records. Regarding the documents withheld in full, as noted in the *Vaughn* Index, these Documents were solely related to the staff members, and therefore, those staff members have a privacy interest in the record itself. That privacy interest cannot be segregated.

68. Exemption (b)(7)(C) was applied to withhold in part Documents 473-488 and 491. The information withheld consists of the names of staff who participated in calculated uses of force and their role on the team. While staff generally do not have an expectation of privacy regarding the release of their names in Bureau records, staff have a heightened expectation of privacy in the context of a calculated use of force. A calculated use of

force is a contentious situation between staff and an inmate, and even though the situation may be resolved, the inmate often has continued animosity towards participating staff. Release of the staff names in the context of these records would constitute an unwarranted invasion into their personal privacy. Every effort has been made to release all segregable information without invading the privacy interests of the staff named in these records.

69. Exemption (b)(7)(C) was applied to withhold in full Documents 472 and 547. The information withheld consists of the Daily Assignment Rosters for institutions, which were part of a calculated use of force investigative packet and incidents within the prison. As previously mentioned, while staff generally do not have an expectation of privacy regarding the release of their names in Bureau records, staff have a heightened expectation of privacy in the context of a calculated use of force or a critical incident within the prison.  Release of the staff names in the context of these records would constitute an unwarranted invasion into their personal privacy, and Pinson has not identified any interest that outweighs this privacy interest.  The information exempt under (b)(6) was inextricably intertwined with information that was exempt for other reasons, and therefore, could not be segregated at this time.

70. Exemption (b)(7)(C) was applied to withhold in part Documents 32-33, 35, 71, 91- 92, 100-101, 168, 176, 209, 225, 229-230, 282, 284, 286, 293-297, 301-305, 307, 309-312, 378, and 508, and in full Documents 285, 299, and 300. The information withheld consists of the telephone extensions, direct numbers, and facsimile extensions of Bureau staff. When the public telephone number of the institution was provided, I did not redact it. Due to the passage of time, the staff members who were using the extensions and direct numbers may no longer be reached at those numbers, and the numbers have been

reassigned to new staff members. As the staff members can be reached through a public, general telephone number for the institution, they maintain a privacy interest in not being contacted directly. I therefore determined it would be appropriate to withhold that information. Every effort has been made to release all segregable information without invading the privacy interests of the staff members named in these records. Regarding the documents withheld in full, the documents were withheld in full because the information exempt under (b)(7)(C) was inextricably intertwined with information that was exempt for other reasons which necessitated withholding of the entire document.

71.    Exemption (b)(7)(C) was applied to withhold Document 69 in full. The information withheld consists of the names and personal identifying information of individuals associated with a statute-based programming assignment used to manage Pinson. Pinson arguably has an interest in knowing about this programming assignment. However, due to the nature of the programming assignment, these individuals have a heightened privacy interest in their association with the programming assignment, which I valued as being equal to or greater than a privacy interest in medical information or physical safety, and therefore, disclosure would constitute an unwarranted invasion into their personal privacy. Every effort has been made to release all segregable information without invading the privacy interests of the third-party individuals named in these records, but the information exempt under (b)(7)(C) was inextricably intertwined with information that was exempt for other reasons which necessitated withholding of the entire document.

72.    Finally, exemption (b)(7)(C) was applied to withhold in part Documents 114, 149, 144, 164, 166, 277, 293, 295-297, 313, 367, 379, 407, 532, and 534-535, and withhold in full Documents 299 and 300. The information withheld consists of the name of a criminal Assistant U.S. Attorney and the names of law enforcement investigative agents

associated with the Federal Bureau of Investigation, the Office of Inspector General for the Department of Justice, and the Office of Internal Affairs with the Bureau of Prisons. The contact information, such as telephone numbers, e-mail addresses, and addresses, for the law enforcement investigative agents was also withheld. By virtue of their investigative roles, these law enforcement officers have a heightened interest in maintaining their privacy. Release of this information would constitute an unwarranted invasion into their personal privacy. Every effort has been made to release all segregable information without invading the privacy interests of the individuals named in these records. Regarding the documents withheld in full, the documents were withheld in full because the information exempt under (b)(7)(C) was inextricably intertwined with information that was exempt for other reasons which necessitated withholding of the entire document.

Justification for Non-Disclosure Under FOIA Exemption 5 U.S.C. § 552(b)(7)(E)

73.    Exemption (b)(7)(E) protects from mandatory disclosure records or information compiled for law enforcement purposes to the extent that disclosure "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E).

74.    Exemption (b)(7)(E) was applied to withhold in part and in full a substantial portion of the records in this FOIA Request.  An example of a partial withholding is Document 2; an example of a full withholding is Document 43. The information withheld consists of the Central Inmate Monitoring (CIM), separations, and other internal assignments used to classify and monitor Pinson and other third-party inmates, in addition to the factual information supporting the assignments. There are six different broad CIM assignments

with various specific assignments under each of these six broad categories. Inmates who receive a CIM assignment are advised of their broad assignment but are not provided information concerning the specific assignment. The other internal assignments for classification and monitoring are not disclosed to inmates. Together, these classification and monitoring assignments are utilized within the BOP to identify inmates who have a verified need for enhanced monitoring or protection from other inmates for various reasons, including gang/disruptive group affiliations, cooperation issues, etc. The BOP will use an inmate's assignments to develop specific procedures for managing the inmate. These assignments are also utilized by the BOP to manage the inmate population to ensure one disruptive group is not overpopulated at any given institution which could jeopardize the safety and security of that institution. Disclosure to inmates of these assignments and the information supporting the assignments would enable the inmates to circumvent the monitoring process, leading to threats to the safety and security of the BOP's institutions and/or undetected criminal activities. Every effort has been made to release all segregable information without revealing the BOP's classification and monitoring assignments. Regarding the documents withheld in full, a portion of the documents were withheld in full because the information exempt under (b)(7)(E) was inextricably intertwined with information that was exempt for other reasons which necessitated withhold of the entire document (*e.g.*, Document 221). For the remainder of the documents withheld in full, there was no useful information remaining after the application of exemption (b)(7)(E) (*e.g.*, Document 43).

75.    Exemption (b)(7)(E) was also applied to withhold in full Documents 45, 154, 156-157, and 274. The information withheld included discussions of gang and informant activity within the Bureau of Prisons. To manage the inmate population and ensure the safety of

inmates, staff, and the public, the Bureau limits and tracks information regarding gang activity in its facilities. Although the use of informants is well-known to inmates, the specific methods of developing informants, how they are identified, and the types of information the Bureau learns from them are not well-known. Revealing the factual information developed from the law enforcement techniques of tracking gang and informant activity would reveal the techniques themselves. Every effort has been made to release all segregable information without revealing the law enforcement techniques. However, for the documents withheld in full, there was no useful information remaining after the application of exemption (b)(7)(E).

76.   Exemption (b)(7)(E) was applied to withhold in part Documents 46-48, 53-55, 57, 86, 152, 194, 196, 269, 288-290, 293, 296, 344, 395, 397-399, and 553-555, and in full Documents 51, 285, 299-300, 306, 363, 364-365, 368, 380-392, 400-406, 408, 411-463, 511, 513, 515, 517, 521, 527, and 552. The information withheld consisted of the techniques for investigating criminal activity within a prison facility, including who is interviewed, questions used during interviews, what information was reviewed and when it was reviewed during the investigation, what searches and tests were conducted, locations identified for searches, and items seized during the searches. The information withheld also consists of the factual information developed using these law enforcement techniques as disclosure of this information would disclose the underlying techniques. While the public is aware of some of the law enforcement techniques, the breadth and scale of the techniques are not generally known to the public. For example, who might be interviewed or the types of data reviewed for a particular investigation may not be readily known. Further, how these techniques fit into the timeline of a law enforcement investigation is not generally known. Knowledge of this information would enable

potential criminals to manipulate witnesses, hide evidence, and otherwise circumvent the effectiveness of the law enforcement techniques. As release of this information could lead to circumvention of the law enforcement procedures during an investigation, it was withheld under exemption (b)(7)(E). Every effort has been made to release all segregable information without disclosing the law enforcement techniques used. Regarding the documents withheld in full, a portion of the documents were withheld in full because the information exempt under (b)(7)(E) was inextricably intertwined with information that was exempt for other reasons which necessitated withhold of the entire document (*e.g.*, Document 285). Another portion of documents were withheld in full disclosure of the document itself would reveal information deemed relevant to the investigation (*e.g.*, Document 364). For the remainder of the documents withheld in full, there was no useful information remaining after the application of exemption (b)(7)(E) (*e.g.*, Document 51).

77. Exemption (b)(7)(E) was applied to withhold in full Document 69. The withheld information consists of documents associated with a statute-based programming assignment used to manage Pinson. Disclosure of the programming assignment itself would enable inmates to circumvent the reporting requirements associated with the programming assignment. Every effort has been made to release all segregable information without revealing the programming assignment. However, any information that was non-exempt under (b)(7)(E) was inextricably intertwined with information that was exempt for other reasons which necessitated withhold of the entire document.

78. Exemption (b)(7)(E) was applied to withhold in full Documents 129 and 505. The information withheld includes steps used to resolve major crises in a Bureau facility, including what law enforcement techniques were used and at what point they were used. For example, hostage negotiation teams receive specialized training regarding how to

negotiate with a hostage taker and the type and frequency of concessions that can be made during the crisis. They are also trained to recognize when the hostage taker is not willing to voluntarily end the crisis and rescue of the hostage is needed. Disclosure of the factual information contained in Document 129 would in essence disclose the techniques hostage negotiation teams have at their disposal, which in turn would enable future individuals to circumvent the techniques. This reasoning is similarly applicable to Document 505, which concerned a fire at a U.S. Penitentiary. Every effort has been made to release all segregable information without disclosing the law enforcement techniques used. However, there was no useful information remaining after the application of exemption (b)(7)(E).

79.    Exemption (b)(7)(E) was applied to withhold in part Documents 279, 280, and 369-370. The information withheld consists of a description of the Bureau's calculated use of force technique and a photo of the technique being used. A calculated use of force is a law enforcement technique used to gain control of a situation, and there are many steps to a use of force, including the types of less-than-lethal munitions that might be used, and with what frequency, to gain control of the situation. Disclosure of this information would enable inmates to gain a better understanding of the BOP's decision-making process during a calculated use of force, which in turn would render a calculated use of force less effective in controlling a situation. Every effort has been made to release all segregable information without disclosing the specific procedures to be used during a calculated use of force.

80.    Exemption (b)(7)(E) was applied to withhold in full Documents 319, 410, 517, 548, and 552, which consist of an investigative reports from an intelligence database used by BOP staff during law enforcement investigations. The report includes information about how

the data was collected and organized within the database, how staff searched the database, and how the information can be reported. The BOP gathers intelligence on inmates in its custody and potential criminal activity occurring within its institutions by monitoring inmate communication with non-inmates, *see* Program Statement 5264.08, *Inmate Telephone Regulations*, at 10-11; Program Statement 5265.14, *Correspondence*, at 8; Chapter 14 ("Trust Fund Limited Inmate Computer System (TRULINCS)") of Program Statement 4500.11, *Trust Fund/Deposit Fund Manual*. In addition to these generally-known monitoring techniques and sources of intelligence information, the BOP uses other methods of intelligence gathering not generally known to inmates and the general public. The BOP compiles and maintains this intelligence information within a database accessible by staff Bureau-wide, and SIS staff use the intelligence database during their law enforcement investigations into potential criminal activity within the institution. Disclosure of this document would reveal what information the BOP has developed about inmates in it custody, which in turn would reveal the BOP's methods of intelligence gathering not generally known. Inmates would then be able to circumvent these methods of intelligence gathering. For example, inmates know that their phone calls are monitored, and therefore, they attempt to circumvent this monitoring process by using cellular phones, which cannot be monitored. Further, disclosure of the intelligence reports would reveal how SIS staff utilized the database during an investigation. Disclosure of this information would minimize the effectiveness of the intelligence database to BOP staff during future investigations. Every effort has been made to release all segregable information without disclosing the BOP's methods of intelligence gathering or how the BOP can access and use the intelligence during investigations. However, no useful information remained after the application of (b)(7)(E).

Justification for Non-Disclosure Under FOIA Exemption 5 U.S.C. § 552(b)(7)(F)

81.    Exemption (b)(7)(F) was applied to withhold in part Documents 1 and 155, and withhold in full Documents 45, 154, 156-157, and 274. The information withheld included discussions of gang and informant activity within the Bureau of Prisons. Disclosure of this information could lead to increased tension among the gangs and targeting of the informants, which in turn could lead to fights, assaults, and homicides within Bureau institutions. Every effort has been made to release all segregable information without endangering the life or physical safety of the inmates, staff, and the public. However, for the documents withheld in full, there was no useful information remaining after the application of exemption (b)(7)(F).

82.    Exemption (b)(7)(F) was applied to withhold in part Documents 1, 24, 46, 55, 57, 85, 96, 104-105, 179, 184, 188, 224, 321, 330-331, and 338, and withhold in full Documents 273 and 276. The information withheld consists of factual information, if known, would adversely affect Pinson's safety. For example, in a prison environment, inmates are assaulted for being informants, sex offenders, or former law enforcement agents, among other classifications. Further, certain behaviors towards a group of inmates may result in physical retaliation by that group of inmates. The information withheld falls into similar categories of information. Every effort has been made to release all segregable information without endangering the life or physical safety of Pinson. However, for the documents withheld in full, there was no useful information remaining after the application of exemption (b)(7)(F).

83.    Exemption (b)(7)(F) was applied to withhold in part and in full a substantial portion of the records in this FOIA Request.  An example of a partial withholding is Document 2; an example of a full withholding is Document 43. The information withheld consists of

the Bureau's monitoring and classification assignments for Pinson and third-party inmates. As previously discussed, the BOP uses monitoring and classification information and correctional management techniques to manage the inmate population. Disclosure of this information would enable inmates to evade the techniques, which in turn could reasonably be expected to endanger the life or physical safety of staff, inmates, and general public. Every effort has been made to release all segregable information without endangering the life or physical safety of individuals. Regarding the documents withheld in full, a portion of the documents were withheld in full because the information exempt under (b)(7)(F) was inextricably intertwined with information that was exempt for other reasons which necessitated withhold of the entire document (*e.g.*, Document 221). For the remainder of the documents withheld in full, there was no useful information remaining after the application of exemption (b)(7)(F) (*e.g.*, Document 43).

84.     I would like to have applied exemption (b)(7)(F) to withhold in full Documents 6-7 and 102, for the reasons articulated in Paragraph 94 of my Third Declaration. See Doc. No. 293-3, Third Decl. of Kara Christenson, ¶ 94. These documents consist of pre-sentence investigation reports (PSRs) and a statement of reason associated with Pinson's criminal case. However, in light of the Court's analysis regarding PSRs in its Memorandum and Opinion, dated February 17, 2017, and that these records will be sent to Pinson's attorney, I released these documents in full.

85.     Exemption (b)(7)(F) was applied to withhold in part Documents 12, 106, 199, and 276. The information withheld consists of the "yes" and "no" response areas to questions on an Intake Screening Form regarding whether Pinson (1) had concerns about being placed into general population, (2) had assisted law enforcement with criminal investigations, (3) was a CIM case, (4) testified against anyone in court, (5) was a member or associate

of a gang, or (6) had been sexually assaulted. The information withheld also included an elaboration on certain answers. A "yes" answer to any of the questions increases the risk of harm to Pinson's personal safety as each of these questions are used to identify inmates at risk of being assaulted by other inmates. I considered whether to withhold the questions rather than the answers, but the Intake Screening Form is a publicly available document. Therefore, I determined it would be appropriate to withhold the "yes" answers to the questions under exemption (b)(7)(F). I considered releasing just "no" answers to these questions as part of my segregability analysis, but I determined do so would essentially disclose when the answer was "yes." Therefore, I withheld both the "yes" and "no" answers. Every effort has been made to release all segregable information without endangering the life or physical safety of Pinson.

86.     Exemption (b)(7)(F) was applied to withhold in part Documents 13, 24, 26, 124, 212, and 223. The information withheld consists of a portion of Pinson's Administrative Detention Order Forms that elaborates on the reason for removal from general population. Under 28 C.F.R. § 541.23, inmates can be placed in administrative detention (1) pending classification or reclassification, (2) in holdover status, or (3) removal from general population because continued presence poses a threat to life, property, self, staff, other inmates, the public, or for the security or orderly running of the institution. Within the "removal from general population" category, removal can be necessary for investigation, transfer, "protection cases," and post-disciplinary segregation. Unfortunately, "protection cases" or "protective custody" is a situation where either staff or the inmate believes there is a threat to the inmate's safety. If this reason is selected on the Administrative Detention Order, there is an increased risk to the inmate's safety as protective custody inmates are targeted for assault by other inmates. I considered whether to withhold just this selection

on the Administrative Detention Order Form, but doing so would essentially disclose when an inmate is a protective custody inmate. I therefore withheld all of the reasons for removal from general population. Every effort has been made to release all segregable information without endangering the life or physical safety of Pinson.

87.    Exemption (b)(7)(F) was applied to withhold in part Documents 46-48, 53-55, 57, 86, 152, 194, 196, 269, 288-290, 293, 296, 344, 395, 397-399, and 553-555, and in full Documents 51, 285, 299-300, 306, 363, 364-365, 368, 380-392, 400-406, 408, 411-463, 511, 513, 515, 517, 521, 527, and 552. The information withheld consisted of the techniques for investigating criminal activity within a prison facility, including who is interviewed, questions used during interviews, what information was reviewed and when it was reviewed during the investigation, what searches and tests were conducted, locations identified for searches, and items seized during the searches. Disclosure of this information could result in physical harm to the individuals who cooperated with the investigation, and the identity of those individuals is apparent from the summary and conclusions. Further, disclosure could result in evasion of the law enforcement techniques used to detect criminal activity, including assaults, which could lead to an increased risk to the safety of staff, inmates, and the public. Every effort has been made to release all segregable information without endangering the life or physical safety of third-party individuals. Regarding the documents withheld in full, a portion of the documents were withheld in full because the information exempt under (b)(7)(F) was inextricably intertwined with information that was exempt for other reasons which necessitated withhold of the entire document (*e.g.*, Document 285). Another portion of documents were withheld in full disclosure of the document itself would reveal information deemed relevant to the investigation (*e.g.*, Document 364). For the remainder

35

of the documents withheld in full, there was no useful information remaining after the application of exemption (b)(7)(F) (*e.g.*, Document 51).

88.    Exemption (b)(7)(F) was applied to withhold in part Documents 56, 72, 74, 80, 84, 87, 148-149, 221, 223, 227-228, 292, and 394, and withhold in full Documents 43, 44, and 222. The information withheld consists of the names and register numbers of third-party inmates from whom inmate Pinson needed to be separated. As previously mentioned, the BOP has implemented a process by which it separates inmates from one another. Disclosure of information about inmate-separatees could result in a threat to their respective safety and the safety of other inmates and to those BOP staff committed to their confinement and protection. Every effort has been made to release all segregable information without endangering the life or physical safety of these third-party inmates. The documents were withheld in full because the information exempt under (b)(7)(F) was inextricably intertwined with information that was exempt for other reasons which necessitated withhold of the entire document.

89.    Exemption (b)(7)(F) was applied to withhold in full Document 69. The withheld information consists of documents associated with a statute-based programming assignment used to manage Pinson. The programming assignment monitors and tracks inmates subject to specific reporting requirements. If inmates know they are subject to the reporting requirements and who the information is being reported to, the lives and physical safety of those individuals receiving the information is potentially compromised. Every effort has been made to release all segregable information without revealing the programming assignment. However, any information that was non-exempt under (b)(7)(F) was inextricably intertwined with information that was exempt for other reasons which necessitated withhold of the entire document.

90.    Exemption (b)(7)(F) was applied to withhold in part Documents 89, 95, and 519. The information withheld related to the institution's policies tools and keys, the disclosure of which could endanger the life or safety of staff. As previously mentioned, Bureau staff have limited resources available to protect themselves from inmates during an institution emergency, with the primary resources being the keys they carry with them. These keys provide access to secure areas of the institution in which staff can hide to protect themselves from an attack by an inmate. Further, staff are aware that any resource available to them, such as keys, tools, and other personal protective equipment necessary for the performance of their job, is potentially available to be used against them by inmates. Therefore, each institution has developed plans and procedures to control inmate access to tools, keys, and personal protective equipment. Inmate knowledge of these policies undermines their effectiveness, which could reasonably be expected to endanger the life and safety of staff should an incident occur. Every effort has been made to release all segregable information without increasing the risk to staff.

91.    Similarly, exemption (b)(7)(F) was applied to withhold in part Documents 90, 98, 133, 205, 229, and 281, and in full Document 469. The information withheld consists of photographs of locks on cell door and hand restraints. Some individuals are capable of creating a lock-picking device or recreating a key after studying a door lock in detail. Since doors and hand restraints may be the only things securing inmates and doors afford staff a barrier between themselves and inmates during a disturbance, disclosure of this information would endanger the life or physical safety of inmates, staff, and the public. Every effort has been made to all segregable information without increasing this risk. Document 469 was withheld in full because no useful information remained after the application of exemption (b)(7)(F).

92.     Exemption (b)(7)(F) was applied to withhold in full Documents 129 and 505. The information withheld includes steps used to resolve major crises in a Bureau facility, including what law enforcement techniques were used and at what point they were used. As previously mentioned, hostage negotiation teams receive specialized training regarding how to negotiate with a hostage taker and the type and frequency of concessions that can be made during the crisis. They are also trained to recognize when the hostage taker is not willing to voluntarily end the crisis and rescue of the hostage is needed. Disclosure of the factual information contained in Document 129 would in essence disclose the techniques hostage negotiation teams have at their disposal, which in turn would enable future individuals to circumvent the techniques, which increases the risk to the hostages' life or physical safety. This reasoning is similarly applicable to Document 505, which concerned a fire at a U.S. Penitentiary. Every effort has been made to release all segregable information without disclosing the law enforcement techniques used. However, there was no useful information remaining after the application of exemption (b)(7)(F).

93.     Exemption (b)(7)(F) was applied to withhold in part Document 272. The information withheld consists of the "yes" or "no" response areas to questions on a Screening for Risk of Victimization and Abusiveness Form completed for Pinson. The questions on the form address whether the inmate has been approached for sex or threatened with sexual assault while incarcerated, been the victim of a sexual assault, was placed in protective custody, fears placement in general population, has any disabilities, is a sex offender, received any incident reports for sexually aggressive behavior, or had prior crimes of violence. A "yes" answer to any of the questions results in a "point" towards the inmate being at risk of sexual victimization or victimizing others. If an inmate is identified as being at risk for

sexual victimization, he could be preyed upon by other inmates; if an inmate is identified as being at risk of victimizing others, other inmates may target him for assault before they are victimized. I considered whether to withhold the questions rather than the answers, but the Screening for Risk of Victimization and Abusiveness Form is a publicly available document. Therefore, I determined it would be appropriate to withhold the "yes" answers to the questions under exemption (b)(7)(F). I considered releasing just "no" answers to these questions as part of my segregability analysis, but I determined do so would essentially disclose when the answer was "yes." Therefore, I withheld both the "yes" and "no" answers.  Every effort has been made to release all segregable information without endangering the life or physical safety of Pinson.

94.    Exemption (b)(7)(F) was applied to withhold in part Documents 473-488 and 491. The information withheld consists of the names of staff who participated in calculated uses of force and their role on the team.  As previously mentioned, a calculated use of force is a contentious situation between staff and an inmate, and even though the situation may be resolved, the inmate often has continued animosity towards participating staff.  Release of the staff names in the context of these records could reasonably be expected to endanger the life or physical safety of those staff.  Every effort has been made to release all segregable information without endangering the life or physical safety of individuals.

95.    Exemption (b)(7)(F) was applied to withhold in full Documents 472 and 547. The information withheld consists of the Daily Assignment Rosters for institutions. Release of this information would reveal the institution's staffing levels, including how many correctional officers are present on each shift and where those officers are posted throughout the institution.   This information could assist individuals in planning incidents, including assaults, homicides, and escape attempts, within the institution in

order to minimize detection and/or the number of staff who could respond to the incident, and therefore, increasing the likelihood that the incident will succeed. Every effort to release all segregable information without endangering the life or physical safety of third party. However, it was determined that no useful information that would shed light on the Bureau's operations remained, and therefore, the documents were withheld in full.

96.   Exemption (b)(7)(F) was applied to withhold in part Documents 279, 280, and 369-370. The information withheld consists of a description of the Bureau's calculated use of force technique and a photo of the technique being used. As previously mentioned, a calculated use of force is a law enforcement technique used to gain control of a situation, and there are many steps to a calculated use of force, including the types of less-than-lethal munitions that might be used and with what frequency to gain control of the situation. Disclosure of this information would enable inmates to gain a better understanding of the BOP's decision-making process, which in turn could reasonably be expected to endanger the life or physical safety of the staff participating in the calculated use of force. Every effort has been made to release all segregable information without endangering the life or physical safety of individuals.

## REPROCESSING

### FOIA Request 2010-12533

97.   In its Memorandum and Opinion, dated February 17, 2017, the Court denied summary judgment regarding the use of Exemption (b)(5) for Documents 2, 13, and 17. These records have been reprocessed. By letter dated April 6, 2017, NCRO released 2 pages in full and 3 pages of records in part. A true and correct copy of the April 6, 2017, Letter to Pinson is attached as Exhibit M to this declaration.

98.    I have prepared a *Vaughn* Index describing with specificity the documents withheld in response to FOIA Request 2010-12533. *See* Exhibit E at 87-88.

99.    Regarding Document 2, exemption (b)(5) had been applied to withhold whether the use of force was determined to be appropriate and the recommendations/results of the after action review. Upon reprocessing, I determined it was appropriate to release the decision whether the use of force was determined to be appropriate. However, for the recommendations/results section previously withheld under exemption (b)(5), I applied exemption (b)(7)(E).

    a.    The Court previously held this document met the law enforcement threshold for the use of the (b)(7) exemptions. *See* Doc. No. 357, Memo. & Op., dated Feb. 17, 2017, at 38.

    b.    The information withheld under exemption (b)(7)(E) consists of recommendations for improving future uses of force and corrective measures to be taken for errors identified in the use of force under review. The recommendations and corrective measures mentioned equipment to be used during the use of force technique, which staff members were to perform what role during the use of force, and steps to be taken if the inmate remained noncompliant. While inmates generally know about the Bureau's use of force procedures, the techniques referenced in the recommendations and corrective measures are not generally known to the inmates. If these law enforcement techniques were to be known by inmates, inmates would be able to target certain staff or equipment during a use of force or anticipate what steps staff would be taking based on their noncompliance. The use of force procedures could therefore be circumvented and rendered ineffective.

    c.    The information withheld consists of a 9-item list. I considered each item individually to determine whether it could be segregated. However, I determined each item in the list needed to be withheld under exemption (b)(7)(E).

100.    For Documents 13 and 17, I released the information previously withheld under exemption (b)(5). In Document 17, other exemptions were previously applied, and those exemptions remained.

**FOIA Request No. 2011-01351**

101.    In its Memorandum and Opinion, dated February 17, 2017, the Court denied summary

        judgment regarding the use of Exemption (b)(5) for all documents in this FOIA request.

        These records have been reprocessed. By letter dated April 6, 2017, NCRO released 9

        pages of records in part. A true and correct copy of the April 6, 2017, Letter to Pinson is

        attached as Exhibit N to this declaration.

102.    I have prepared a *Vaughn* Index describing with specificity the documents withheld in

        response to FOIA Request 2011-01351. *See* Exhibit E at 89-93.

103.    For Documents 1, 3, and 4, exemption (b)(5) had been applied to withhold sections

        regarding whether the use of force was appropriate, discrepancies noted, and the

        recommendation/results. Upon reprocessing, I determined it was appropriate to release

        the decision whether the use of force was appropriate. However, within the two

        remaining sections – discrepancies noted and recommendation/results – I applied

        exemption (b)(7)(E).

        a.    The Court previously held these documents met the law enforcement threshold for
              the use of the (b)(7) exemptions. *See* Doc. No. 357, Memo. & Op., dated Feb. 17,
              2017, at 38.

        b.    The information withheld under exemption (b)(7)(E) consists of recommendations
              for improving future uses of force and corrective measures to be taken for errors
              identified in the use of force under review. The recommendations and corrective
              measures mentioned equipment to be used during the use of force technique,
              which staff members were to perform what role during the use of force, and steps
              to be taken if the inmate remained noncompliant. While inmates generally know
              about the Bureau's use of force procedures, the techniques referenced in the
              recommendations and corrective measures are not generally known to the
              inmates. If these law enforcement techniques were to be known by inmates,
              inmates would be able to target certain staff or equipment during a use of force or
              anticipate what steps staff would be taking based on their noncompliance. The use
              of force procedures could therefore be circumvented and rendered ineffective.

        c.    The information withheld consists of several items per document. I considered
              each item individually to determine whether it could be segregated. In the
              discrepancy section of Document 3, I was able to disclose information regarding
              the medical care Pinson received after the use of force. However, in the remaining

42

documents, I determined each item in the list needed to be withheld under exemption (b)(7)(E).

104. Regarding Document 2, I released the information previously withheld under exemption (b)(5). If other exemptions were applied, those exemptions remained.

**FOIA Request No. 2011-01886**

105. In its Memorandum and Opinion, dated February 17, 2017, the Court denied summary judgment regarding (1) the use of Exemption (b)(5) for Documents 3, 21, 22, 23, 25, and 35; and (2) the use of Exemption (b)(7)(F) for Documents 8-17 and 36, albeit for different reasons. These records have been reprocessed. By letter dated April 6, 2017, NCRO released 77 pages in full and 57 pages of records in part. Three pages were withheld in full. It was noted that 32 full-release pages comprising the PSR were forwarded to Pinson's attorney, and the remaining 102 pages were provided directly to Pinson. A true and correct copy of the April 6, 2017, Letter to Pinson is attached as Exhibit O to this declaration.

106. I have prepared a *Vaughn* Index describing with specificity the documents withheld in response to FOIA Request 2011-01886. *See* Exhibit E at 94-102.

Reprocessing of Exemption (b)(5)

107. For Document 3, I released the information previously withheld under exemption (b)(5). The previous use of exemption (b)(7)(C) elsewhere in the document remained.

108. For Documents 21-23, 25, 35, I removed the application of exemption (b)(5). However, other exemptions were co-applied with exemption (b)(5), including exemptions (b)(6), (b)(7)(C), (b)(7)(E), and (b)(7)(F), due to the information containing privacy information relating to third-party inmates, monitoring and classification assignments, and victim information. The Court upheld the application of these exemptions. *See generally* Doc.

No. 357, Memo. & Op., dated Feb. 17, 2017, at 42-49. The following is a summary of my efforts to segregate non-exempt information from exempt information:

a.   In Document 21, I was able to segregate and release Pinson's name and register number. The remaining information was withheld under exemptions (b)(6), (b)(7)(C), (b)(7)(E), and (b)(7)(F), for the reasons stated above.

b.   In Document 22, I was able to segregate and release a paragraph regarding Pinson. One paragraph regarding a third-party inmate was withheld under exemptions (b)(6), (b)(7)(C), (b)(7)(E), and (b)(7)(F), for the reasons stated above.

c.   In Document 23, I was able to segregate and release a paragraph regarding Pinson. Two paragraphs regarding two third-party inmates were withheld under exemptions (b)(6), (b)(7)(C), (b)(7)(E), and (b)(7)(F), for the reasons stated above.

d.   In Document 25, I was not able to segregate and release any of the information previously withheld under exemption (b)(5). All of the information was withheld under exemptions (b)(6), (b)(7)(C), (b)(7)(E), and (b)(7)(F), for the reasons stated above. I considered whether information could be segregated, but I determined that no useful information remained as it would be a random word or two.

e.   In Document 35, I was able to segregate and release one paragraph regarding Pinson. The remainder of that paragraph and a second paragraph were withheld under exemptions (b)(6), (b)(7)(C), (b)(7)(E), and (b)(7)(F), for the reasons stated above.

Reprocessing of Exemption (b)(7)(F)

109.   Documents 8-17 consist of witness forms used during Pinson's referral hearing to ADX Florence. I had previously withheld the answers to every question posed to the witness based on exemption (b)(7)(F) due to the perceived harm to the witness. However, the Court questioned why this harm could not be ameliorated by anonymizing the documents. *See* Doc. No. 357, Memo. & Op., at 47. I considered this option, but concluded that anonymizing the documents was not feasible as Pinson had provided the names of witnesses. I therefore considered each question on the form to determine if it posed an identifiable harm that could be better articulated to the Court.

110.     Regarding Documents 8-11, I was able to disclose the answers to ten of the twelve questions posed to the witnesses which had previously been withheld. I had concerns about disclosing the answers to two questions: "8. Do you believe that there are dangers to this inmate's safety?" and "9. Do you believe that this inmate's behavior has been motivated by environmental circumstances or a desire to remain separate from prisoners the inmate may believe will harm him?" A "yes" answer to either question increases the risk of harm to Pinson's personal safety. For Question 8, a "yes" answer potentially lends credibility to the conclusion that there are threats to Pinson's safety, and if known by other individuals, increases the risk Pinson would be targeted for an assault. For Question 9, a "yes" answer potentially labels Pinson as a weak inmate, and likewise, if known by other individuals, increases the risk she would be targeted for an assault. Therefore, I determined it would be appropriate to withhold the "yes" answers to the questions under exemption (b)(7)(F). I considered releasing just "no" answers to these questions as part of my segregability analysis, but I determined do so would essentially disclose when the answer was "yes." Therefore, I withheld both the "yes" and "no" answers.

111.     Regarding Documents 12-17, I had previously believed the witness questionnaires had been completed by Bureau staff. While reprocessing these documents, I determined third-party inmates had in fact completed the questionnaires, and I was able to disclose the answers to five of the eight questions posed to the witnesses which had previously been withheld. I had concerns about disclosing the answers to three questions: "3. Do you believe inmate Pinson is dangerous?" "4. Do you believe that inmate Pinson is violent in such a way as She cannot be confined in any less security than the ADX?" and "8. Do you personally believe that inmate Pinson is a threat to any person?" A "yes" answer to any of these questions increases the risk of harm to Pinson's personal safety. For these

questions, a "yes" answer potentially lends credibility to the conclusion that Pinson poses a risk to the safety of others, whether inmates or staff. If known by other individuals, this information increases the risk Pinson would be targeted for a preemptive assault in an effort to neutralize the threat she poses before she can harm others. Therefore, I determined it would be appropriate to withhold the "yes" answers to these three questions under exemption (b)(7)(F). I considered releasing just "no" answers to these questions as part of my segregability analysis, but I determined do so would essentially disclose when the answer was "yes." Therefore, I withheld both the "yes" and "no" answers.

112.    Regarding Document 36, as previously mentioned, this document was disclosed in full to counsel for Pinson.

**FOIA Request No. 2011-02366 (2016-02371)**

113.    In its Memorandum and Opinion, dated February 17, 2017, the Court denied summary judgment regarding the use of Exemptions (b)(6) and (b)(7)(C). These records have been reprocessed. By letter dated April 6, 2017, NCRO released 2 pages in full and 4 pages of records in part. A true and correct copy of the April 6, 2017, Letter to Pinson is attached as Exhibit P to this declaration.

114.    I have prepared a *Vaughn* Index describing with specificity the documents withheld in response to FOIA Request 2011-02366. *See* Exhibit E at 103-104.

Document 1

115.    Document 1 is a settlement agreement in a federal case. I reviewed the docket of the case, including relevant pleadings. The plaintiff in the litigation was suing the United States for negligent medical care he received for his HIV/AIDS while in the custody of the Bureau of Prisons and Immigration and Custom Enforcement. The settlement agreement was not filed with the court; rather, a generic notice of settlement had been filed. In light of this

information, I reviewed each of the four privacy interests in the document: Plaintiff, Assistant U.S. Attorney, Defense Counsel, and Notary Public.

116. Regarding the plaintiff's privacy interests, I am aware a medical diagnosis of HIV/AIDS is incredibly stigmatizing for the patient because it leads to potentially false assumptions about intravenous drug use and unprotected homosexual sex. Although the docket of the case is public information, because it did not appear to be a high-profile case, a member of the public is unlikely to review the documents associated with it, and therefore, the plaintiff retains some privacy interest. Pinson's FOIA request targeted documents indicating how much money the Bureau paid to settle litigation, and disclosing the settlement agreement itself fulfills this purpose. Information regarding the plaintiff adds minimal value; instead, it would increase the likelihood of the plaintiff's private medical information becoming more widely known. Therefore, I determined disclosing the plaintiff's identity would constitute a clearly unwarranted invasion into his privacy interests. To protect the plaintiff's privacy, I withheld his name, signature, and the case number under exemption (b)(6). I disclosed the federal district court because it could not be used to determine the identity of the plaintiff.

117. Regarding the Assistant U.S. Attorney's (AUSA) privacy rights, I withheld the AUSA's name, signature, and direct telephone number under Exemption (b)(6). The AUSA is no longer employed with the U.S. Attorney's Office (USAO). While the AUSA might have diminished privacy rights during employment, their privacy rights were restored when they left the USAO. As previously mentioned, Pinson's FOIA request targeted documents indicating how much money the Bureau paid to settle litigation, so I disclosed general information about the USAO as it potentially shed light on that Office's settlement procedures. The AUSA's name and signature adds minimal value, and I

therefore determined that disclosing the AUSA's name and signature constituted a clearly unwarranted invasion into their privacy. Regarding the telephone number, it has been reassigned to a new staff member, and that staff member has a significant privacy interest because they were not involved in the litigation. Therefore, the telephone number was also withheld.

118. Regarding the plaintiff's attorney, I withheld the name and signature under exemption (b)(6). I disclosed the name and address of the attorney's law firm. That attorney has a privacy right in their name and signature. Due to the law firm's size, it is unlikely the firm's details could be used to identify the plaintiff or the plaintiff's attorney. As Pinson's FOIA request targeted documents indicating how much money the Bureau paid to settle litigation, disclosure of the law firm's details potentially sheds light on the activities of the law firm, including its willingness to represent inmates. The name and signature of the plaintiff's attorney adds minimal value, and I therefore determined that disclosing this information constituted a clearly unwarranted invasion into their privacy rights.

119. Finally, I disclosed the notary public's information. While she retains a privacy right in her name, her name is common, and there was no personal identifying information that could be used to identify her in particular. Further, her information could not be used to identify the plaintiff, AUSA, or plaintiff's attorney.

Document 2

120. Document 2 is a settlement offer letter made to an inmate as part of the Bureau's administrative claim process under the Federal Tort Claims Act. *See* 28 U.S.C. § 2672; 28 C.F.R. § 14.10. The claimant-inmate alleged he was the victim of excessive force by a Bureau staff member, and he sustained physical injuries. The Office of Internal Affairs sustained the allegations of misconduct. As part of the settlement offer, the inmate was

asked to dismiss a civil complaint. I reviewed the docket for that civil complaint, and it involved allegations similar to those raised in the administrative complaint. In light of this information, I have reviewed the privacy interests of the claimant-inmate and staff member.

121.   Regarding the claimant-inmate's privacy interests, I determined he had significant privacy interests for two reasons. First, he was a victim. Second, the document was generated during the administrative claim process, and unlike a court docket, that information is not public. I considered that there was a court case number referenced in the letter, but that reference did not change my assessment of the privacy interests. The claimant-inmate is not the author of the letter; a Bureau staff member included it in the first instance. Further, the civil case was against a staff member, and the administrative claim is brought against the United States. The claimant-inmate could reasonably expect to keep his civil case separate from his administrative claim. Pinson's FOIA request targeted documents indicating how much money the Bureau paid to settle litigation, and disclosing the letter itself fulfills this purpose. Information regarding the plaintiff adds minimal value. Therefore, I determined disclosing the plaintiff's identity could constitute a clearly unwarranted invasion into his privacy interests. To protect the plaintiff's privacy, I withheld his name, address, administrative claim number, and civil case number under exemption (b)(6).

122.   Regarding the staff member's privacy interests, Bureau of Prisons' policies establish that administrative claims should be filed with the appropriate Regional Counsel's Office. I therefore determined the Regional Counsel identified in the letter had minimal privacy interests in her typed name, and I released this information. However, I withheld her actual hand-written signature under exemption (b)(6). The signature is unique to her, so

she retains a privacy interest in it since it could be used for fraudulent purposes. As her name had been released, release of the signature added minimal value to the disclosure.

**FOIA Request 2011-07619**

123.  In its Memorandum and Opinion, dated February 17, 2017, the Court denied summary judgment regarding the use of Exemption (b)(7)(F) under the "Type of Incident and Cause of Incident" sections of Document Group 4. These records have been reprocessed. By letter dated April 6, 2017, NCRO released 54 pages in full and 8 pages of records in part. Two pages were withheld in full. A true and correct copy of the April 6, 2017, Letter to Pinson is attached as Exhibit Q to this declaration.

124.  I have prepared a *Vaughn* Index describing with specificity the documents withheld in response to FOIA Request 2011-07619. *See* Exhibit E at 105-106.

125.  Regarding the records in Document Group 4, I released the information previously withheld under (b)(7)(F) previously withheld in the "Type of Incident" and "Cause of Incident" sections. If other exemptions were applied, those exemptions remained.

**FOIA Request 2012-00039 (Reprocessing)**

126.  In its Memorandum and Opinion, dated February 17, 2017, the Court denied summary judgment regarding the use of Exemption (b)(5) for Documents 2-5. These records have been reprocessed. By letter dated April 6, 2017, NCRO released 5 pages in full and 8 pages of records in part. Three pages were withheld in full. A true and correct copy of the April 6, 2017, Letter to Pinson is attached as Exhibit R to this declaration.

127.  I have prepared a *Vaughn* Index describing with specificity the documents withheld in response to FOIA Request 2012-00039. *See* Exhibit E at 107-109.

128.  Regarding Documents 2, 3, and 5, I released the information previously withheld under (b)(5). If other exemptions were applied, those exemptions remained.

129.   Regarding Document 4, in some sections of the document, I released information previously withheld under exemption (b)(5). However, within the Damage Estimate Section, I applied exemption (b)(7)(E). The information withheld consists of the weapons used during the institution disturbance. While inmates and the public generally know Bureau of Prisons staff have access to weapons, the nature of the weapons and quantity of ammunition available to staff is not generally known. Each weapon has an effective range of use dependent upon the weapon and ammunition used, and there may be areas within an institution that the weapon would be ineffective. Therefore, if this information is known, inmates would be able to position themselves outside of the effective range and inhibit the staff's ability to contain a disturbance. In an effort to segregate this information, I disclosed the total cost of the lethal ammunition used during the disturbance as it would not disclose the type of weapon or ammunition actually used.

**FOIA Request 2012-00975**

130.   In its Memorandum and Opinion, dated February 17, 2017, the Court denied summary judgment regarding the use of Exemption (b)(7)(F) for the Description of Incident and Attachments Sections in Documents 2 through 18. These records have been reprocessed. By letter dated April 6, 2017, NCRO released 8 pages in full and 40 pages of records in part. A true and correct copy of the April 6, 2017, Letter to Pinson is attached as Exhibit S to this declaration.

131.   I have prepared a *Vaughn* Index describing with specificity the documents withheld in response to FOIA Request 2012-00975. *See* Exhibit E at 110-123.

132.   I note that while reprocessing the records, I realized a document was inadvertently omitted from the original *Vaughn* Index. As I had processed that document in the same

manner as Documents 2 through 18, I added it to the *Vaughn* Index as Document 6a and reprocessed it consistent with the Court's opinion.

133. Consistent with the Court's opinion, I removed the use of Exemptions (b)(7)(E) and (b)(7)(F) for the Description of Incident and Attachments Sections in Documents 2 through 18. However, these exemptions had been co-applied with exemptions (b)(6) and (b)(7)(C), so I then reviewed the sections for specific application of these exemptions. Ultimately, I applied exemptions (b)(6) and (b)(7)(C) to withhold inmate names and register numbers mentioned within the Description of Incident section. The details of the incident were disclosed. Further, within the Attachments Section, I applied these exemptions to withhold files names that included names of inmates. For example, some file names were "Med Assess – [INMATE NAME]." However, I was able to disclose the files names for most of the attachments.

I declare, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge.

Executed this 23rd day of October, 2017

Kara Christenson
Government Information Specialist
Central Office
Rochester, Minnesota

<u>Pinson v. U.S. Department of Justice</u>
12-1872 (RC) (D. D.C)

Seventh Declaration of Kara Christenson
Exhibit A

4-24-11

FREEDOM OF INFORMATION REQUEST

REQUESTOR: Jeremy Pinson    DATE OF BIRTH:
REG: 16267-064    PLACE OF BIRTH
ADDRESS: U.S. Penitentiary ADX    CRIMINAL CASE NO:
PO Box 8500    DATE OF ARREST
Florence CO 81226

BRANCH OF GOVERNMENT FROM WHICH REQUEST

Director
Federal Bureau of Prisons
320 First Street N.W.
Washington DC 20534

**Received**

MAY 0 3 2011

FOIA/PA Section
Federal Bureau of Prison

DEAR:

I hereby request that you furnish to me within 10 days as provid-
ed by law, [See Title 5 U.S.C. 552(a)(6)(a)], copies of the fol-
lowing specified documents or information:

1. All ADX Florence Placement Decisions in which Assistant Director
   Found Placement Not Warranted since Jan. 1, 2009 with inmate
   names redacted.
2. Emails between Central Office staff regarding my ADX Referral.
3. Emails between SERO Regional Staff Regarding My ADX Referral.
4. List of Psychology Treatment Programs at ADX Florence
5. 
6. 

My request is not limited to the above. It includes all documents,
reports, pictures, exhibits, memorandums, letters, summaries, hand
written notes, recordings, and all other information concerning
this subject which is contained in your offices under the supervi-
sion and administration of the above stated agency or branch of
government. Request use of no more that 2 hr search, no more than 100 pages.

My above request is made pursuant to the provisions of the Freedom
of Information and privacy Acts, Title 5 U.S.C. 552,552a.

In all of the above I thank you.

Respectfully Submitted:

Signature of Requestor

FREEDOM OF INFORMATION REQUEST          4-22-11

REQUESTOR: Jeremy Pinson          DATE OF BIRTH:
REG:      16267-064              PLACE OF BIRTH
ADDRESS:  U.S. Penitentiary Abx   CRIMINAL CASE NO:
          P.O. Box 8500           DATE OF ARREST
          Florence CO 81226

BRANCH OF GOVERNMENT FROM WHICH REQUEST
Director
Federal Bureau of Prisons
320 First Street NW
Washington DC 20534

DEAR:

I hereby request that you furnish to me within 10 days as provid-
ed by law, [See Title 5 U.S.C. 552(a)(6)(a)], copies of the fol-
lowing specified documents or information:

1. All DHO Reports by FCI Talladega DHO created since 2008 which
   find a BOP Employee statement or Memorandum to not be credible.

2. _____

3. _____

4. _____

5. _____

6. _____

My request is not limited to the above. It includes all ducoments,
reports, pictures, exhibits, memorandums, letters, summaries, hand
written notes, recordings, and all other information     concerning
this subject which is contained in your offices under the supervi-
sion and administration of the above stated agency or branch    of
government. Request no more than 2 hrs. search time, no more than 100 pages.

My above request is made pursuant to the provisions of the Freedom
of Information and privacy Acts, Title 5 U.S.C. 552,552a.

In all of the above I thank you.

Respectfully Submitted:

X Jeremy Pinson
Signature of Requestor

<u>Pinson v. U.S. Department of Justice</u>
12-1872 (RC) (D. D.C)

Seventh Declaration of Kara Christenson
Exhibit B



**U.S. Department of Justice**

**Federal Bureau of Prisons**

_North Central Regional Office_

_____

_Office of the Regional Counsel_                    _Kansas City, KS 66101_

February 28, 2017

Jeremy Pinson
Register No. 16267-064
U.S. Medical Center for Federal Prisoners
PO Box 4000
Springfield, MO  65801

Re:  Information Request No.  2011-07156

Dear Mr. Pinson:

Pursuant to the decision in <u>Jeremy Pinson v. U.S. Department of Justice, et al</u>, Civil No. 12-1892 (RC), the above noted request has been re-opened and re-processed.  As you were advised on or about May 16, 2016, the portion of this request wherein you sought emails from Central Office and SERO staff about your ADX placement was not available as a result of technical difficulties being experienced by the Bureau of Prisons.  Recently, the technical issues were resolved and searches of emails were able to be accomplished.  Accordingly, this is in response to the remaining email portion of your request.

Please be advised that institution staff have thoroughly searched for this information.  However, there are no records responsive to your request.

If you consider my response to be a denial of this request, you may administratively appeal to the Assistant Attorney General, pursuant to Title 28 Code of Federal Regulations, Section 16.9 or 16.45, by filing a written appeal. Both the appeal letter and face of the envelope should be marked "Freedom of Information Act Appeal, and should be addressed to the Office of Information Policy (OIP), U.S. Department of Justice, 1425 New York Ave., Suite 11050, Washington, D.C. 20530-0001.  Your appeal must be received within 60 days from the date of this letter.

Sincerely,

_for Kara Christenson_

Richard M. Winter
Regional Counsel

<u>Pinson v. U.S. Department of Justice</u>
12-1872 (RC) (D. D.C)

Seventh Declaration of Kara Christenson
Exhibit C

NCR

Freedom of Information Act Request

9-6-11

Received Jeremy Pinson # 16267-064

ADX Florence

SEP 2 3 2011

FOIA/PA Section

PO Box 8500

To: BOP Federal Bureau of Prison

Florence, CO, 81226

This letter shall serve as my request pursuant to the Freedom of Information Act, 5 U.S.C. 552 et seq. for production of:

1. Report of Incident and After-Action Review Report written, produced or generated in connection with the 2008 U.S. Penitentiary High riot at Florence, CO.

2. All emails, memorandums by ADX Florence Executive Staff and/or Department Supervisors written or generated in connection with the 2011 Accreditation review by the ACA and/or making reference or mentioning such review.

I request no more than 2 hours search time be used in processing this request. I request production of no more than 100 pages of information. I request an acknowledgment of this request in writing.

Sincerely,
Jeremy Pinson

<u>Pinson v. U.S. Department of Justice</u>
12-1872 (RC) (D. D.C)

Seventh Declaration of Kara Christenson
Exhibit D



**U.S. Department of Justice**

**Federal Bureau of Prisons**

_North Central Regional Office_

_Office of the Regional Counsel_                          _Kansas City, KS 66101_

April 6, 2017

Jeremy Pinson
Register No. 16267-064
U.S. Medical Center for Federal Prisoners
PO Box 4000
Springfield, MO  65801

Re:  Information Request No.  2012-00039

Dear Mr. Pinson:

Pursuant to the decision in <u>Jeremy Pinson v. U.S. Department of Justice, et al</u>, Civil No. 12-1892 (RC), the above noted request has been re-opened and re-processed.  As you were advised on or about May 16, 2016, that the portion of this request wherein you sought emails by the Executive Staff at ADX Florence concerning the 2011 accreditation review by the ACA were not available as a result of technical difficulties being experienced by the Bureau of Prisons.  Recently, the technical issues were resolved and searches of emails were able to be accomplished.  Accordingly, this is in response to the remaining email portion of your request.

The Attorney General has exempted the Bureau of Prisons from certain provisions of the Privacy Act of 1974. Title 5 U.S.C. Section 552a(j). Therefore, all material granted, excised from documents, or denied herein has been processed under the authority of an alternative means of access, which is part of said exemption. The exemption, including the alternative means of access, is set forth in Title 28 Code of Federal Regulations, Section 16.97. Accordingly, your access rights are limited to those provided by the non-exempted portions of the Privacy Act of 1974 and the Freedom of Information Act(FOIA), Title 5 U.S.C. Section 552 and as implemented by Title 28 Code of Federal Regulations, Part 16, Subpart A and D. The procedures established for use by the Bureau of Prisons are outlined in Program Statement 1351.5, <u>Release of Information</u>, and Program Statement 5800.11, <u>Inmate Central File, Privacy Folder and Parole Commission File.</u>

The records you have requested have been reviewed in this office and it has been determined that a portion of the records (75 pages) are available to you in full and a portion of the records (18 pages) are available to you in part.  No records were withheld in their entirety.

Pursuant to the Freedom of Information Act, 5 U.S.C. 552(b)(2)-(7), portions of the records are exempt in part or in full from disclosure to you under the following exemptions:

(b)(6) - constitutes a clearly unwarranted invasion of personal privacy
(b)(7)(F) - could reasonably be expected to endanger the life or physical safety of any individual

Pursuant to Title 28 Code of Federal Regulations, Section 16.9 or 16.45, the material herewith denied in full or in part may be appealed to the Assistant Attorney General, by filing a written appeal.  Both the appeal letter and face of the envelope should be marked "Freedom of Information Act Appeal, and should be addressed to the Office of Information Policy (OIP), U.S. Department of Justice, 1425 New York Ave., Suite 11050, Washington, D.C. 20530-0001.  Your appeal must be received by OIP within 60 days from the date of this letter.

Sincerely,

Richard M. Winter
Regional Counsel

<u>Pinson v. U.S. Department of Justice</u>
12-1872 (RC) (D. D.C)

Seventh Declaration of Kara Christenson
Exhibit E

VAUGHN INDEX
PINSON v. U.S. DEPARTMENT OF JUSTICE
Civil Action No. 12-cv-1872 (RC) (D.D.C.)
Seventh Declaration of Kara Christenson

**FOIA Request No. 2012-39 (Emails)**

| Doc # | Document | Pages | Exemption | Justification |
|---|---|---|---|---|
| 1 | Email from Mark Collins to Chris Synsvoll, dated 8/23/2011 5:09 PM | 1 | (b)(6) | This document was withheld in part. Exemption (b)(6) was applied to withhold the telephone extension of the Executive Assistant.  The general number for the institution was disclosed. |
| 2 | Email from Mark Collins to multiple staff, dated 8/23/2011 5:08 PM | 1 | (b)(6) | This document was withheld in part.

Exemption (b)(6) was applied to withhold the names of two third-party individuals (non-BOP employees) who would be conducting the ACA audit.

Exemption (b)(6) was also applied to withhold the telephone extension of the Executive Assistant.  The general number for the institution was disclosed. |
| 3 | Email from "FLM/Exec Assistant~" to multiple staff, dated 8/23/2011 9:36 AM | 3 | (b)(6) | This document was withheld in part.  On page 3, exemption (b)(6) was applied to withhold the telephone extensions of two staff members. |
| 4 | Email from Dennis Stamper to multiple staff, dated 8/9/2013 4:15 PM | 1 | (b)(6) (b)(7)(F) | This document was withheld in part.

Exemption (b)(6) was applied to withhold the telephone extension and last four numbers of the direct line for an Associate Warden.  For the extension, the general number for the institution was disclosed.

Exemption (b)(7)(F) was applied to withhold information regarding the institution's policies on tools and keys. |
| 5 | Email from "FLM/Exec Assistant~" to multiple staff, dated | 3 | (b)(7)(F) | This document was withheld in part.  On page 3, exemption (b)(7)(F) was applied to withhold information regarding the institution's policies on keys. |

|  |  |  |  |  |
|---|---|---|---|---|
|  | 7/13/11 2:47 PM |  |  |  |
| 6 | Email from Dennis Stamper to multiple staff, dated 7/8/2011 4:33 PM | 3 | (b)(6) | This document was withheld in part.  On page 3, exemption (b)(6) was applied to withhold the telephone extension and last four numbers of the direct line for an Associate Warden.  For the extension, the general number for the institution was disclosed. |
| 7 | Email from Carole Schoenrock to multiple staff, dated 7/1/2011 6:46 AM | 1 | (b)(6) | This document was withheld in part. Exemption (b)(6) was applied to withhold the names of a third-party individual (non-BOP employee) who conducted the pre-ACA audit. |
| 8 | Email from Carole Schoenrock to multiple staff, dated 7/1/2011 6:39 AM | 3 | (b)(6) | This document was withheld in part.  On page 2, exemption (b)(6) was applied to withhold the names of a third-party individual (non-BOP employee) who conducted the pre-ACA audit. |
| 9 | Email from Dennis Stamper (Debbie Straight) to multiple staff, dated 6/21/2011 8:37 AM | 1 | (b)(6) | This document was withheld in part. Exemption (b)(6) was applied to withhold the telephone extension and last four numbers of the direct line for an Associate Warden.  For the extension, the general number for the institution was disclosed. |
| 10 | Email from Debbie Straight to multiple staff, dated 4/8/2011 11:18 AM | 1 | (b)(6) | This document was withheld in part. Exemption (b)(6) was applied to withhold the telephone extensions of two staff members. |
| 11 | Email with no header, appearing to be sent from Mark Collins | 1 | (b)(6) | This document was withheld in part. Exemption (b)(6) was applied to withhold the telephone extension of the Executive Assistant.  The general number for the institution was disclosed. |
| 12 | Email with no header, appearing to be sent from Mark Collins | 1 | (b)(6) | This document was withheld in part.  Exemption (b)(6) was applied to withhold the names of two third-party individuals (non-BOP employees) who would be conducting the ACA audit.  Exemption (b)(6) was also applied to withhold the telephone extension of the Executive Assistant.  The general number for the institution was disclosed. |
| 13 | ACA Information | 1 | (b)(7)(F) | This document was withheld in part. |

| | Checklist | | | Exemption (b)(7)(F) was applied to withhold information regarding the institution's policies on keys. |
|---|---|---|---|---|
| 14 | Email with no header, appearing to be sent from Dennis Stamper | 1 | (b)(6) | This document was withheld in part. Exemption (b)(6) was applied to withhold the telephone extension and last four numbers of the direct line for an Associate Warden.  For the extension, the general number for the institution was disclosed. |
| 15 | Email with no header, from unknown sender | 1 | (b)(6) | This document was withheld in part. Exemption (b)(6) was applied to withhold the telephone extensions of two staff members. |
| 16 | ACA Information Checklist | 1 | (b)(7)(F) | This document was withheld in part. Exemption (b)(7) was applied to withhold information regarding the institution's policies on keys. |
| 17 | Email with no header, from unknown sender | 1 | (b)(6) | This document was withheld in part. Exemption (b)(6) was applied to withhold the names of a third-party individual (non-BOP employee) who conducted the pre-ACA audit. |
| 18 | Email from Debbie Straight to unknown individuals, dated 6/20/2011 3:19 PM | 1 | (b)(6) | This document was withheld in part. Exemption (b)(6) was applied to withhold the names of a third-party individual (non-BOP employee) who conducted the pre-ACA audit. |

**FOIA Request No. 2013-1684**

| Doc # | Document | Pages | Exemption | Justification |
|---|---|---|---|---|
| 1 | Order of Partial Service, Doc. No. 31, <u>Pinson, et al. v. Prelip, et al.</u>, No. 13-cv-05502-KAW (N.D. Cal.) | 7 | (b)(6) (b)(7)(C) (b)(7)(F) | This document was withheld in part.<br><br>Throughout the document, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names of third-party inmates and individuals.<br><br>On page 3, exemption (b)(7)(F) was applied to withhold information about groups monitored by the BOP and threats about Pinson. |
| 2 | Transfer Order, dated March 11, 2016 | 1 | (b)(7)(E) | This document was withheld in part. Exemptions (b)(7)(E) was applied to withhold the BOP's monitoring and classification assignments for Pinson. |
| 3 | Request for Transfer, dated February 27, 2015 | 1 | (b)(7)(E) (b)(7)(F) | This document was withheld in part. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson. |
| 4 | Transfer Order, dated October 20, 2016 | 1 | (b)(7)(E) (b)(7)(F) | This document was withheld in part. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson. |
| 5 | Program Review dated April 7, 2016 | 5 | (b)(7)(E) (b)(7)(F) | This document was withheld in part. On page 1, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson. |
| 6 | Presentence Investigation Report, <u>United States v. Jeremy Vaughn Pinson</u>, No. CR-06-00224-001-R (W.D. Okl.) | 33 | | I would ordinarily apply Exemption (7)(F) to withhold this document in full.  However, in light of the Court's previous order regarding this document as part FOIA Request No. 2011-01886, I have disclosed it in full. |
| 7 | Presentence Investigation Report, <u>United States v. Jeremy Vaughn Pinson</u>, No. CR-07-00023-001-R (W.D. | 28 | | I would ordinarily apply Exemption (7)(F) to withhold this document in full.  However, in light of the Court's previous order regarding this document as part FOIA Request No. 2011-01886, I have disclosed it in full. |

| | | | | |
|---|---|---|---|---|
| | Okl.) | | | |
| 8 | Visiting List | 1 | (b)(6)<br>(b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the date of birth of a third-party visitor. |
| 9 | Memorandum regarding Written Correspondence Approval, dated October 24, 2016 | 1 | (b)(6)<br>(b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and register numbers of third-party inmates. |
| 10 | Request to Staff Member | 1 | (b)(6)<br>(b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and register numbers of third-party inmates. |
| 11 | Memorandum regarding Written/TRULINCS Correspondence Request, dated September 30, 2016 | 1 | (b)(6)<br>(b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and register numbers of third-party inmates. |
| 12 | Intake Screening Form, miscellaneous dates in 2015 and 2016 | 4 | (b)(7)(F) | This document was withheld in part. Exemption (b)(7)(F) was applied to withhold the answers to intake screening questions, which if known, could result in harm to Pinson. |
| 13 | Administrative Detention Order, dated August 25, 2016 | 1 | (b)(7)(F) | This document was withheld in part. Exemption (b)(7)(F) was applied to withhold a subsection addressing the basis for administrative detention, which if known, could result in harm to Pinson. |
| 14 | DHO Report No. 2888573 | 3 | (b)(6)<br>(b)(7)(C) | This document was withheld in part. On page 3, exemptions (b)(6) and (b)(7)(C) were applied to withhold the name and register number of a third-party inmate. |
| 15 | Incident Report No. 2888573 | 2 | (b)(6)<br>(b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name and register number of a third-party inmate. |
| 16 | Memorandum to G. Bondurant, Complex Captain, dated August 25, 2016 | 1 | (b)(6)<br>(b)(7)(C)<br>(b)(7)(E)<br>(b)(7)(F) | This document was withheld in part.<br><br>Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name and |

| | | | | personal information of a third-party inmate. |
|---|---|---|---|---|
| | | | | Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson. |
| 17 | Memorandum from Edwin A. Baez, Lieutenant, dated August 25, 2016 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name and register number of a third-party inmate. |
| 18 | Memorandum from P. Woolston, ASOE, dated August 25, 2016 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name and register number of a third-party inmate. |
| 19 | Memorandum from T. Setzer, Teacher, dated August 25, 2016 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name and register number of a third-party inmate. |
| 20 | Injury Assessment Report for Staff Member | 1 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold an injury assessment conducted on a staff member. |
| 21 | Photograph of Staff Member | 1 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold a photograph of a staff member's injuries. |
| 22 | Clinical Encounter for a Third-Party Inmate | 3 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold a medical clinical encounter for a third-party inmate. |
| 23 | Photograph of Staff Member | 1 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold a photograph of a staff member's injuries. |
| 24 | Administrative Detention Order, dated October 3, 2016 | 1 | (b)(7)(F) | This document was withheld in part. Exemption (b)(7)(F) was applied to withhold a subsection addressing the basis for administrative detention, which if known, could result in harm to Pinson. |
| 25 | Special Housing | 2 | (b)(6) | This document was withheld in part. |

| | Unit Record, miscellaneous dates in 2016 | | (b)(7)(C) (b)(7)(F) | Exemptions (b)(6), (b)(7)(C), and (b)(7)(F) were applied to withhold the names and register numbers of a third-party inmates.  BOP staff determined that inmate Pinson needed to be separated from these third-party inmates. |
|---|---|---|---|---|
| 26 | Administrative Detention Order, miscellaneous dates in 2016 | 2 | (b)(7)(F) | This document was withheld in part. Exemption (b)(7)(F) was applied to withhold a subsection addressing the basis for administrative detention, which if known, could result in harm to Pinson. |
| 27 | Inmate Request to Staff, dated July 31, 2016 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name of a third-party inmate. |
| 28 | Email from Smith, dated June 10, 2016 | 2 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the email address of a third-party individual.  Note: The original document has black-out marks over some staff names. |
| 29 | Inmate Request to Staff, received December 4, 2015 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names of a third-party inmates. |
| 30 | Request for Inmate Request to Staff Withdrawal, dated November 19, 2015 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name of a third-party inmate. |
| 31 | Request to Staff to Warden Cozza-Rhodes, dated November 4, 2015 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name of a third-party inmate. |
| 32 | Correspondence Tracking Sheet, CTS Control #CTS649598 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the direct phone numbers of staff. |
| 33 | Email from Rachel Rolnicki to Joseph Zimmerman, dated August 4, 2015 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the direct phone number of staff. |
| 34 | Letter to The | 2 | (b)(6) | This document was withheld in part. |

| | | | | |
|---|---|---|---|---|
| | Honorable Richard J. Durbin, dated July 22, 2015 | | (b)(7)(C) | Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names, register numbers, and statements by third-party inmates. |
| 35 | Correspondence Tracking Sheet, CTS Control #CTS649214 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the direct phone numbers of staff. |
| 36 | Typed Letter addressed to "Senators," dated June 12, 2015 | 2 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names, register numbers, and signatures of a third-party inmates. |
| 37 | Incident Report, dated June 17, 2015 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and register number of a third-party inmate. |
| 38 | Acknowledgment of Receipt of Secure Stages Handbook | 1 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold a document signed by a third-party inmate. |
| 39 | Handwritten letter from third-party inmate | 3 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold a document drafted by a third-party inmate, solely about that inmate. |
| 40 | CIM Case Information Summary | 2 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in part.<br><br>Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and register numbers of third-party inmates in the "Rationale for CIM Classification" and "Source of Information" sections.<br><br>On page 1, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the subcategories of the BOP's specific monitoring assignments.<br><br>Within the "Rationale for CIM Classification" and "Source of Information" Sections, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and |

| | | | | classification assignments for Pinson. These exemptions were also applied to withhold the factual basis supporting the monitoring and classification assignments. |
|---|---|---|---|---|
| 41 | Memorandum for Blake R. Davis, Complex Warden, dated August 30, 2011 | 1 | (b)(7)(E) (b)(7)(F) | This document was withheld in part. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson. |
| 42 | Notification of Central Inmate Monitoring, dated July 29, 2011 | 1 | (b)(7)(E) (b)(7)(F) | This document was withheld in part. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson. |
| 43 | Letter from an Assistant U.S. Attorney to the Bureau of Prisons | 2 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names of third-party inmates and individuals. Exemptions (b)(7)(E) and (b)(7)(F) were applied to was applied to withhold information regarding gang activity and informant activity within the BOP, in general and regarding Pinson.  The exemptions were also applied to withhold information used by the Bureau to separate Pinson from other inmates. |
| 44 | Memorandum for Central File, dated December 9, 2008 | 1 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names of third-party inmates and individuals. Exemptions (b)(7)(E) and (b)(7)(F) were applied to was applied to withhold information regarding gang activity and informant activity within the BOP, in general and regarding Pinson.  The exemptions were also applied to withhold information used by the Bureau to separate Pinson from other inmates. |
| 45 | Email to FLM Case | 2 | (b)(7)(E) | This document was withheld in full. |

| | | | | |
|---|---|---|---|---|
| | Managers, dated January 3, 2011 | | (b)(7)(F) | Exemptions (b)(7)(E) and (b)(7)(F) were applied to was applied to withhold information regarding gang activity and informant activity within the BOP, in general and regarding Pinson. |
| 46 | Inmate Investigative Report, FLP-16-0067-A | 10 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document as a whole was withheld in part, although four pages were withheld in full.<br><br>Throughout the document, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names, register numbers, personal identifying information, witness statements, and correctional management information regarding third-party inmates.<br><br>Throughout the document, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson and third-party inmates.<br><br>On pages 2, 6, and 7-9, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold information about techniques used to investigate criminal activity within a prison facility.  These exemptions were also applied to withhold the factual information learned through the use of the techniques.<br><br>On page 6, exemption (b)(7)(F) was applied to withhold statements made by Pinson, which if known, could jeopardize her safety. |
| 47 | Inmate Investigative Report, ALP-16-0226 | 12 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document as a whole was withheld in part, although three pages were withheld in full.<br><br>Throughout the document, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names, register numbers, personal identifying information, |

| | | | | witness statements, and correctional management information regarding third-party inmates.

Throughout the document, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson and third-party inmates.

On pages 4-7 and 11-12, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold information about techniques used to investigate criminal activity within a prison facility.  These exemptions were also applied to withhold the factual information learned through the use of the techniques. |
|---|---|---|---|---|
| 48 | Inmate Investigative Report, FLM-14-0016 | 9 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document as a whole was withheld in part, although four pages were withheld in full.

Throughout the document, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names, register numbers, personal identifying information, witness statements, and correctional management information regarding third-party inmates.

Throughout the document, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson and third-party inmates.

On page 7 and 8, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold information about techniques used to investigate criminal activity within a prison facility.  These exemptions were also applied to withhold the factual information learned through the use of the techniques. |
| 49 | Discipline Hearing | 2 | (b)(6) | This document was withheld in part. |

| | | | | |
|---|---|---|---|---|
| | Officer Report No. 1665234 | | (b)(7)(C) | Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name and register number of a third-party inmate. |
| 50 | Threat Assessment, FLP-07413 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name, register number, and personal information of a third-party inmate. |
| 51 | Memorandum, dated August 8, 2011 | 1 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in full.  Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name and register number of a third-party inmate.  Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold techniques used to investigate threats to inmate safety in prison.  These exemptions were also applied to withhold the monitoring and classification assignments for Pinson and third-party inmates. |
| 52 | Memorandum, dated February 23, 2007 | 1 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in full.  Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and register numbers of third-party inmates.  Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the monitoring and classification assignments for Pinson and third-party inmates, as well as the factual information supporting the assignments. |
| 53 | Memorandum for J.L. Norwood, Warden, dated June 3, 2008 | 2 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in part.  Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name and register number of a third-party inmate.  Exemptions (b)(7)(E) and (b)(7)(F) |

| | | | | |
|---|---|---|---|---|
| | | | | were applied to withhold the BOP's monitoring and classification assignments for a third-party inmate. These exemptions were also applied to withhold information about techniques used to investigate criminal activity within a prison facility, as well as the factual information learned through the use of the techniques. |
| 54 | Inmate Investigative Report, TDG 10-0125 | 3 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in part.<br><br>On page 1, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the type of investigation being conducted.<br><br>Throughout the document, exemptions (b)(6), (b)(7)(C), (b)(7)(E), and (b)(7)(F) were applied to withhold the names of a third-party inmates, as well as personal identifying information regarding that inmates, the inmates' witness statement made to law enforcement officers, and information regarding the correctional management of the inmate.<br><br>Throughout the document, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson and third-party inmates. |
| 55 | Inmate Investigative Report, FLP-15-0206 | 6 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document as a whole was withheld in part, although one page was withheld in full.<br><br>Throughout the document, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names, register numbers, personal identifying information, witness statements, and correctional management information regarding third-party inmates.<br><br>Throughout the document, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and |

| | | | | classification assignments for Pinson and third-party inmates.<br><br>On page 3, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold information about techniques used to investigate criminal activity within a prison facility.<br><br>On pages 4-5, exemption (b)(7)(F) was applied to withhold statements made by Pinson, which if known, could jeopardize her safety. |
|---|---|---|---|---|
| 56 | Inmate Investigative Report, TDG 09-0011 | 2 | (b)(6)<br>(b)(7)(C)<br>(b)(7)(E)<br>(b)(7)(F) | This document was withheld in part.<br><br>Throughout the document, exemptions (b)(6), (b)(7)(C), and (b)(7)(F) were applied to withhold the name of a third-party inmate who was a victim of Pinson, as well as personal identifying information regarding that inmate, the inmate's witness statement made to law enforcement officers, and his medical information.<br><br>On page 4, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson. |
| 57 | Memorandum for John B. Fox, Warden, dated July 11, 2007 | 3 | (b)(6)<br>(b)(7)(C)<br>(b)(7)(E)<br>(b)(7)(F) | This document was withheld in part.<br><br>Throughout the document, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names, register numbers, personal identifying information, witness statements, and correctional management information regarding third-party inmates.<br><br>Throughout the document, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson and third-party inmates.<br><br>On pages 2-3, exemptions (b)(7)(E) |

|  |  |  |  | and (b)(7)(F) were applied to withhold information about techniques used to investigate criminal activity within a prison facility.  These exemptions were also applied to withhold the factual information learned through the use of the techniques.<br><br>On page 2, exemption (b)(7)(F) was applied to withhold statements made by Pinson, which if known, could jeopardize her safety. |
|---|---|---|---|---|
| 58 | Incident Report, No. 1610661 | 1 | (b)(6)<br>(b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name and register number of third-party inmate. |
| 59 | Incident Report, No. 16556- | 1 | (b)(6)<br>(b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name and register number of third-party inmate. |
| 60 | CIM Clearance and Separatee Data, dated December 4, 2012 | 1 | (b)(6)<br>(b)(7)(C)<br>(b)(7)(E)<br>(b)(7)(F) | This document was withheld in part.<br><br>Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name, register number, and personal identifying information of third-party inmate.<br><br>Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson and third-party inmate. |
| 61 | Escorted Trip Authorization | 2 | (b)(7)(E)<br>(b)(7)(F) | This document was withheld in part. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson. |
| 62 | Memorandum for L.J. Oddo, Complex Warden, dated June 6, 2016 | 1 | (b)(7)(E)<br>(b)(7)(F) | This document was withheld in part. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson. |
| 63 | Memorandum for L.J. Oddo, Complex Warden, dated June 6, 2016 | 1 | (b)(7)(E)<br>(b)(7)(F) | This document was withheld in part. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification |

| | | | | assignments for Pinson. |
|---|---|---|---|---|
| 64 | Memorandum for L.J. Oddo, Complex Warden, dated May 25, 2016 | 1 | (b)(7)(E) (b)(7)(F) | This document was withheld in part. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson. |
| 65 | Central Inmate Monitoring Request for Activities Clearance, dated March 28, 2012 | 1 | (b)(7)(E) (b)(7)(F) | This document was withheld in part. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson. |
| 66 | CIM Clearance and Separatee Data, dated January 26, 2016 | 1 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in part.<br><br>Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name, register number, and personal identifying information of third-party inmate.<br><br>Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for a third-party inmate. |
| 67 | Central Inmate Monitoring Request for Activities Clearance, dated March 28, 2012 | 1 | (b)(7)(E) (b)(7)(F) | This document was withheld in part. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson. |
| 68 | CIM Clearance and Separatee Data, dated June 26, 2013 | 1 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in part.<br><br>Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name, register number, and personal identifying information of third-party inmate.<br><br>Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson and a third-party inmate. |
| 69 | Records relating to a programming assignment | 5 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | These documents were withheld in full.<br><br>Exemptions (b)(6) and (b)(7)(c) were used to withhold the names and personal identifying information of third-party individuals. |

16

| | | | | Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the specific programming assignment and steps taken in furtherance of the programming assignment. The programming assignment monitors and tracks inmates subject to specific reporting requirements. |
|---|---|---|---|---|
| 70 | Escorted Trip Authorization, dated February 9, 2016 | 2 | (b)(7)(E) (b)(7)(F) | This document was withheld in part. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson. |
| 71 | Email from Christy Poage, dated October 26, 2016 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the telephone extension for a staff member. |
| 72 | Special Housing Unit Record, beginning September 27, 2016 | 1 | (b)(6) (b)(7)(C) (b)(7)(F) | This document was withheld in part. Exemptions (b)(6), (b)(7)(C), and (b)(7)(F) were applied to withhold the names and register numbers of a third-party inmates. BOP staff determined that inmate Pinson needed to be separated from these third-party inmates. |
| 73 | NCIC Background for Third-Party Individual | 1 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the criminal background check of a third-party individual. |
| 74 | Special Housing Unit Record, miscellaneous dates in 2016 | 5 | (b)(6) (b)(7)(C) (b)(7)(F) | These documents were withheld in part. Exemptions (b)(6), (b)(7)(C), and (b)(7)(F) were applied to withhold the names and register numbers of a third-party inmates. BOP staff determined that inmate Pinson needed to be separated from these third-party inmates. |
| 75 | Memorandum for E.A. Earwin, Captain, dated October 10, 2015 | 2 | (b)(7)(E) (b)(7)(F) | This document was withheld in part. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson. |
| 76 | Memorandum or B. Feltman, dated May | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were |

| | | | | |
|---|---|---|---|---|
| | 25, 2016 | | | applied to withhold the name and register number of a third-party inmate. |
| 77 | Photo Sheet, dated June 7, 2016 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold pictures of staff members' faces. The focus of the picture was on Pinson. |
| 78 | Photo sheet | 2 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold pictures of a staff member and his damaged property. |
| 79 | Injury Assessment Report for Staff Member | 1 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold an injury assessment conducted on a staff member. |
| 80 | Special Housing Unit Record, miscellaneous dates in 2016 | 4 | (b)(6) (b)(7)(C) (b)(7)(F) | These documents were withheld in part. Exemptions (b)(6), (b)(7)(C), and (b)(7)(F) were applied to withhold the names and register numbers of a third-party inmates. BOP staff determined that inmate Pinson needed to be separated from these third-party inmates. |
| 81 | Injury Assessment Report for Staff Member | 1 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold an injury assessment conducted on a staff member. |
| 82 | Photo sheet | 1 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold pictures of a staff member and his damaged property. |
| 83 | Memorandum for E.A. Earwin, Captain, dated October 10, 2015 | 2 | (b)(7)(E) (b)(7)(F) | This document was withheld in part. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson. |
| 84 | Special Housing Unit Record, miscellaneous dates in 2016 | 6 | (b)(6) (b)(7)(C) (b)(7)(F) | These documents were withheld in part. Exemptions (b)(6), (b)(7)(C), and (b)(7)(F) were applied to withhold the names and register numbers of a third-party inmates. BOP staff determined that inmate Pinson needed to be separated from these third-party |

18

| | | | | inmates. |
|---|---|---|---|---|
| 85 | Request for Transfer/Application of Management Variable, dated February 29, 2016 | 1 | (b)(7)(E) (b)(7)(F) | This document was withheld in part.<br><br>Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson.<br><br>Exemption (b)(7)(F) was applied to withhold Pinson's behaviors, which if known, would result in harm to her. |
| 86 | Inmate Investigative Report, FLP-15-0206 | 6 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document as a whole was withheld in part, although one page was withheld in full.<br><br>Throughout the document, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names, register numbers, personal identifying information, witness statements, and correctional management information regarding third-party inmates.<br><br>Throughout the document, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson and third-party inmates.<br><br>On page 3, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold information about techniques used to investigate criminal activity within a prison facility.<br><br>On pages 4-5, exemption (b)(7)(F) was applied to withhold statements made by Pinson, which if known, could jeopardize her safety. |
| 87 | Special Housing Unit Record, miscellaneous dates in 2015 and 2016 | 20 | (b)(6) (b)(7)(C) (b)(7)(F) | This document was withheld in part. Exemptions (b)(6), (b)(7)(C), and (b)(7)(F) were applied to withhold the names and register numbers of a third-party inmates.  BOP staff determined that inmate Pinson needed to be separated from these third-party |

| | | | | inmates. |
|---|---|---|---|---|
| 88 | Memorandum for E. A. Earwin, Captain, dated January 19, 2016 | 2 | (b)(7)(E) (b)(7)(F) | This document was withheld in part. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson. |
| 89 | Lieutenant's Daily Log, dated January 19, 2016 | 2 | (b)(6) (b)(7)(C) (b)(7)(F) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names, register numbers, and personal information of third-party inmates. Exemption (b)(7)(F) was applied to withhold information regarding the institution's policies on personal protective equipment and keys. |
| 90 | Photo Sheet, dated January 19, 2016 | 1 | (b)(7)(F) | This document was withheld in part. Exemption (b)(7)(F) was applied to withhold a portion of a photograph showing a door lock. |
| 91 | E-mail from Nathan Suddoth, dated January 15, 2016 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the direct telephone number of a staff member. |
| 92 | E-mail from Carl Miedich, dated March 1, 2016 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the telephone extension of a staff member. |
| 93 | Memorandum for E.A. Earwin, Captain, dated January 5, 2016 | 1 | (b)(7)(E) (b)(7)(F) | This document was withheld in part. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson. |
| 94 | Injury Assessment Reports for Staff Member | 3 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold an injury assessment conducted on staff members. |
| 95 | Lieutenant's Daily Log, dated January 5, 2016 | 2 | (b)(6) (b)(7)(C) (b)(7)(F) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names, register numbers, and personal information of third-party inmates. |

| | | | | Exemption (b)(7)(F) was applied to withhold information regarding the institution's policies on personal protective equipment and keys. |
|---|---|---|---|---|
| 96 | ADX Clinical Interview Consultant Protocol | 6 | (b)(7)(F) | This document was withheld in part. Exemption (b)(7)(F) was applied to withhold summaries of a statement Pinson made to a third-party, which if known, would affect her safety. |
| 97 | Excerpt of News Article | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name and personal information of third-party inmates. |
| 98 | Photo Sheet, dated October 31, 2015 | 1 | (b)(7)(F) | This document was withheld in part. Exemption (b)(7)(F) was applied to withholding a portion of a photograph showing a door lock. |
| 99 | Photo Sheet | 1 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold a photograph of a staff member's injuries. |
| 100 | Email from Theresa Cozza-Rhodes, dated January 8, 2016 5:12 p.m. | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withheld the direct telephone number of a staff member. |
| 101 | Email from Theresa Cozza-Rhodes, dated January 8, 2016 5:13 p.m. | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withheld the direct telephone number of a staff member. |
| 102 | Statement of Reasons, Case No. CR. 07-23-1-R | 8 | | I would ordinarily apply Exemption (7)(F) to withhold this document in full for the same reasons I would withhold a PSR. However, in light of the Court's previous order regarding PSRs as part FOIA Request No. 2011-01886, I have disclosed it in full. |
| 103 | Request for Transfer/Application of Management Variable, dated April 30, 2009 | 1 | (b)(7)(E) (b)(7)(F) | This document was withheld in part. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson. |
| 104 | Request for Transfer/Application of Management Variable, dated | 1 | (b)(7)(E) (b)(7)(F) | This document was withheld in part. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's |

| | | | | |
|---|---|---|---|---|
| | December 10, 2008 | | | monitoring and classification assignments for Pinson.<br><br>Exemption (b)(7)(F) was applied to withhold information about Pinson, which if known, would affect her safety. |
| 105 | Request for Transfer/Application of Management Variable, dated June 27, 2008 | 1 | (b)(7)(F) | This document was withheld in part. Exemption (b)(7)(F) was applied to withhold information about Pinson, which if known, would affect her safety. |
| 106 | Intake Screening Form, miscellaneous dates in 2006-2009 | 13 | (b)(7)(F) | These documents were withheld in part. Exemption (b)(7)(F) was applied to withhold the answers to intake screening questions, which if known, could result in harm to Pinson. |
| 107 | Notice of Discipline Hearing Before the (DHO), dated November 13, 2009 | 1 | (b)(6)<br>(b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names of third-party inmates. |
| 108 | Discipline Hearing Officer Report No. 1916691 | 5 | (b)(6)<br>(b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and register numbers of third-party inmates. |
| 109 | Incident Report No. 1916691 | 2 | (b)(6)<br>(b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and register numbers of third-party inmates. |
| 110 | Memorandum for DHO Williams, dated November 16, 2009 | 1 | (b)(6)<br>(b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and register numbers of third-party inmates. |
| 111 | Discipline Hearing Officer Report No. 1887173 | 4 | (b)(6)<br>(b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names, register numbers, and witness statements of third-party inmates. |
| 112 | Discipline Hearing Officer Amended Report No. 1887173 | 4 | (b)(6)<br>(b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names, register numbers, and witness statements of third-party inmates. |

| 113 | Notice of Discipline Hearing Before the (DHO), dated February 26, 2009 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name of a third-party inmate. |
|---|---|---|---|---|
| 114 | Requested Witnesses before DHO, Incident Report No. 1826068 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name and register number of a third-party inmate.  These exemptions were also applied to withhold the name of an FBI agent. |
| 115 | Discipline Hearing Officer Report No. 1807164X | 4 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and register numbers of a third-party inmates. |
| 116 | Notice of Discipline Hearing Before the (DHO), dated December 9, 2008 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names of a third-party inmates. |
| 117 | Notice of Discipline Hearing Before the (DHO), dated December 9, 2008 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names of a third-party inmates. |
| 118 | Injury Assessment Report for Staff Member | 1 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold an injury assessment conducted on a staff member. |
| 119 | Discipline Hearing Officer Report No. 1639219 | 3 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name and register number of a third-party inmate. |
| 120 | Incident Report, dated August 21, 2007 | 2 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name and register number of a third-party inmate. |
| 121 | Statement for DHO Hearing Incident Report No. 1639219 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name and register number of a third-party inmate. |
| 122 | Discipline Hearing Officer Report No. | 3 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were |

| | 1620969 | | | applied to withhold the name and register number of a third-party inmate. |
|---|---|---|---|---|
| 123 | Incident Report No. 1620969 | 2 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name and register number of a third-party inmate. |
| 124 | Administrative Detention Orders, miscellaneous dates in 2006-2009 | 12 | (b)(7)(F) | These documents were withheld in part.  Exemption (b)(7)(F) was applied to withhold a subsection addressing the basis for administrative detention, which if known, could result in harm to Pinson. |
| 125 | Memorandum from E.B. Dryden, Drug Treatment Specialist, dated September 10, 2009 | 2 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name and register number of a third-party inmate. |
| 126 | Memorandum from D. Curry, dated September 10, 2009 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name and register number of a third-party inmate. |
| 127 | Memorandum from B. Halloran, dated September 10, 2009 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name and register number of a third-party inmate. |
| 128 | Handwritten notes from staff of incident time line | 1 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in full.  Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and register numbers of third-party inmates  Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the law enforcement techniques used to resolve a hostage situation. |
| 129 | Memorandum from L. Paul, ESS, dated September 10, 2009 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name and register number of a third-party inmate. |
| 130 | Memorandum from G. Mela, dated | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were |

| | September 11, 2009 | | | applied to withhold the name and register number of a third-party inmate. |
|---|---|---|---|---|
| 131 | Medical Records for Third-Party Inmate | 8 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name, register number, and medical information of a third-party inmate. |
| 132 | Photo Sheet, dated June 9, 2009 | 1 | (b)(7)(F) | This document was withheld in part. Exemption (b)(7)(F) was applied to withholding a portion of a photograph showing a door lock. |
| 133 | Injury Assessment Report for Staff Member | 1 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold an injury assessment conducted on a staff member. |
| 134 | Photograph of Staff Member | 1 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold a photograph of a staff member's injuries. |
| 135 | Injury Assessment Report for Staff Member | 1 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold an injury assessment conducted on a staff member. |
| 136 | Memorandum for L. Williams, Deputy Captain, dated January 26, 2009 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold medical information about staff members. |
| 137 | Injury Assessment Report for Staff Member | 1 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold an injury assessment conducted on a staff member. |
| 138 | Photograph of Staff Member | 1 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold a photograph of a staff member's injuries. |
| 139 | Photo sheet, dated January 26, 2009 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold a picture of a staff member's face. The focus of the picture was on Pinson's face. |
| 140 | Photo sheet, dated January 26, 2009 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were |

| | | | | applied to withhold a picture of a staff member's face. The focus of the picture was on Pinson's arm. |
|---|---|---|---|---|
| 141 | Memorandum for L. Williams, Deputy Captain, dated January 26, 2009 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold medical information about staff members. |
| 142 | Photograph of Staff Member | 1 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold a photograph of a staff member's injuries. |
| 143 | Injury Assessment Report for Staff Member | 1 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold an injury assessment conducted on a staff member. |
| 144 | Injury Assessment Report for Staff Member | 1 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold an injury assessment conducted on a staff member. |
| 145 | Injury Assessment Report for Staff Member | 1 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold an injury assessment conducted on a staff member. |
| 146 | Special Housing Unit Record, miscellaneous dates in 2008 | 7 | (b)(7)(E) (b)(7)(F) | This document was withheld in part. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson. |
| 147 | Special Housing Unit Record, miscellaneous dates in 2007 | 14 | (b)(6) (b)(7)(C) (b)(7)(F) | This document was withheld in part. Exemptions (b)(6), (b)(7)(C), and (b)(7)(F) were applied to withhold the names and register numbers of a third-party inmates. BOP staff determined that inmate Pinson needed to be separated from these third-party inmates. |
| 148 | Special Housing Unit Record, beginning September 9, 2007 | 1 | (b)(6) (b)(7)(C) (b)(7)(F) | This document was withheld in part. Exemptions (b)(6), (b)(7)(C), and (b)(7)(F) were applied to withhold the names and register numbers of a third-party inmates. BOP staff determined that inmate Pinson needed to be |

| | | | | separated from these third-party inmates.<br><br>Exemption (b)(7)(F) was also applied to withhold a classification assignment for Pinson. |
|---|---|---|---|---|
| 149 | Administrative Maximum Referral, dated July 7, 2009 | 4 | (b)(6)<br>(b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names of an FBI agent and a third-party individual. |
| 150 | Request for Transfer/Application of Management Variable, dated August 24, 2007 | 2 | (b)(6)<br>(b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and register numbers of a third-party inmates. |
| 151 | Request for Transfer/Application of Management Variable, dated November 18, 2009 | 2 | (b)(6)<br>(b)(7)(C)<br>(b)(7)(E)<br>(b)(7)(F) | This document was withheld in part.<br><br>Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names, register numbers, and management of a third-party inmates.<br><br>Exemptions (b)(7)(E) and (B)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson. |
| 152 | Memorandum for J. L. Norwood, Warden, dated June 3, 2008 | 3 | (b)(6)<br>(b)(7)(C)<br>(b)(7)(E)<br>(b)(7)(F) | This document was withheld in part.<br><br>Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name and register number of a third-party inmate.<br><br>Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for a third-party inmate. These exemptions were also applied to withhold information about techniques used to investigate criminal activity within a prison facility, as well as the factual information learned through the use of the techniques. |
| 153 | Memorandum for Sara Revell, dated November 16, 2007 | 1 | (b)(6)<br>(b)(7)(C)<br>(b)(7)(E) | This document was withheld in part.<br><br>Exemptions (b)(6) and (b)(7)(C) were |

| | | | (b)(7)(F) | applied to withhold the names and register numbers of a third-party inmate. Exemptions (b)(7)(E) and (B)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson and a third-party inmate. |
|---|---|---|---|---|
| 154 | Memorandum for Central File, dated December 9, 2008 | 1 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names of third-party inmates and individuals. Exemptions (b)(7)(E) and (b)(7)(F) were applied to was applied to withhold information regarding gang activity and informant activity within the BOP, in general and regarding Pinson. The exemptions were also applied to withhold information used by the Bureau to separate Pinson from other inmates. |
| 155 | Fax Cover Sheet regarding Pinson | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name and contact information for an Assistant U.S. Attorney who provided information to the BOP regarding Pinson. |
| 156 | Letter from an Assistant U.S. Attorney to the Bureau of Prisons | 2 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names of third-party inmates and individuals. Exemptions (b)(7)(E) and (b)(7)(F) were applied to was applied to withhold information regarding gang activity and informant activity within the BOP, in general and regarding Pinson. The exemptions were also applied to withhold information used by the Bureau to separate Pinson from other inmates. |

| 157 | Email, dated December 9, 2008 | 1 | (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) were applied to was applied to withhold information regarding gang activity and informant activity within the BOP, in general and regarding Pinson.  The exemptions were also applied to withhold information used by the Bureau to separate Pinson from other inmates. |
| --- | --- | --- | --- | --- |
| 158 | Discipline Hearing Officer Report No. 1610661 | 3 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name and register number of third-party inmate. |
| 159 | Incident Report, No. 1610661 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name and register number of third-party inmate. |
| 160 | Unidentified DHO Report Page | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name and register number of third-party inmate. |
| 161 | Notice of Discipline Hearing Before the (DHO), dated February 7, 2016 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and register numbers of third-party inmates. |
| 162 | Incident Report No. 2778570 | 2 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name and register number of third-party inmate. |
| 163 | Notice of Discipline Hearing Before the (DHO), dated November 16, 2015 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and register numbers of third-party inmates. |
| 164 | Incident Report No. 27238112 | 2 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name of an OIG agent. |
| 165 | Contraband Document | 1 | (b)(7)(E) | This document was withheld in full. Exemption (b)(7)(E) was applied to withhold in full a document determined to be contraband. |
| 166 | Incident Report No. 2682079 | 2 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were |

| | | | | |
|---|---|---|---|---|
| | | | | applied to withhold the name of an FBI agent. |
| 167 | Notice of Discipline Hearing Before the (DHO), dated July 28, 2014 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names of third-party inmates. |
| 168 | Email from Chasity Parker, dated August 27, 2014 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names of third-party inmate.  These exemptions were also applied to withhold the telephone extension of a staff member. |
| 169 | Discipline Hearing Officer Report No. 2108781 | 3 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name, register number, and witness statement of a third-party inmate. |
| 170 | Incident Report No. 2108781 | 2 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names of third-party inmates. |
| 171 | Handwritten Witness Questions from Pinson | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and witness statements of third-party inmates. |
| 172 | Notice of Discipline Hearing Before the (DHO), dated January 6, 2011 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and registers number of third-party inmates. |
| 173 | Incident Report No. 2076801 | 2 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names, register numbers, and witness statements of third-party inmates. |
| 174 | Handwritten list of requested witnesses | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and register numbers of third-party inmates. |
| 175 | Handwritten list of requested witnesses | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and register numbers of third-party inmates. |

| 176 | Memorandum for P. Rangel, Unit Manager, dated March 14, 2011 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold part of the fax number for a staff member. |
|---|---|---|---|---|
| 177 | Note from Pinson, dated March 1, 2014 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names of third-party inmates. |
| 178 | Note from Pinson regarding declarations from inmates | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and register numbers of third-party inmates. |
| 179 | Note from Pinson, marked February 2014 | 1 | (b)(7)(F) | This document was withheld in part. Exemption (b)(7)(F) was applied to withhold a statement by Pinson, if known, would affect her safety. |
| 180 | Memorandum for D. Berkebile, dated December 19, 2013 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name and register number of a third-party inmate. |
| 181 | Letter from Frank Moya, dated May 13, 2014 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name and register number of a third-party inmate. |
| 182 | Memorandum for D. Berkebile, Complex Warden, dated October 7, 2013 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and register numbers of third-party inmates. |
| 183 | Memorandum for All Concerned, dated June 9, 2014 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and register numbers of third-party inmates. |
| 184 | Request to Staff Member, dated September 23,2011 | 1 | (b)(7)(F) | This document was withheld in part. Exemption (b)(7)(F) was applied to withhold a statement by Pinson, if known, would affect her safety. |
| 185 | Letter to third-party individual regarding visiting privileges | 1 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold information why a third-party individual was denied visiting privileges. |

| 186 | Letter from third-party individual regarding visiting privileges, addressed to Regional Director | 1 | (b)(6) (b)(7)(C) | This document was withheld in full Exemptions (b)(6) and (b)(7)(C) were applied to withhold information why a third-party individual was denied visiting privileges. |
|---|---|---|---|---|
| 187 | Letter from third-party individual regarding visiting privileges, addressed to U.S. Department of Justice | 1 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold in full concerning why a third-party individual was denied visiting privileges. |
| 188 | Letter to Pinson, dated December 15, 2010 | 1 | (b)(7)(F) | This document was withheld in part. Exemption (b)(7)(F) was applied to withhold statements made by the author of the letter, which if know, would jeopardize his safety. |
| 189 | Letter from attorney on Pinson's behalf | 1 | (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson. |
| 190 | Statement from Third-Party Inmate | 2 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name, register number, personal identifying information, and witness statement regarding a third-party inmate. |
| 191 | Transfer Order, dated October 6, 2014 | 1 | (b)(7)(E) | This document was withheld in part. Exemptions (b)(7)(E) were applied to withhold the BOP's monitoring and classification assignments for Pinson. |
| 192 | ADX General Population Hearing Administrator Report | 3 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name of a third-party inmate. |
| 193 | Memorandum for All Concerned, dated September 18, 2014 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name, register number, and correctional management information of a third-party inmate. |
| 194 | Envelope from Pinson to a Third-Party Inmate | 1 | (b)(6) (b)(7)(C) (b)(7)(E) | This document was withheld in part.<br><br>Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name, register number, and correctional management information of a third-party inmate. |

| | | | | |
|---|---|---|---|---|
| | | | | Exemption (b)(7)(E) were applied to withhold information about techniques used to investigate criminal activity within a prison facility. |
| 195 | Memorandum for All Concerned, dated September 18, 2014 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name, register number, and correctional management information of a third-party inmate. |
| 196 | Envelope from Pinson to a Third-Party Inmate | 1 | (b)(6) (b)(7)(C) (b)(7)(E) | This document was withheld in part.<br><br>Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name, register number, and correctional management information of a third-party inmate.<br><br>Exemption (b)(7)(E) were applied to withhold information about techniques used to investigate criminal activity within a prison facility. |
| 197 | Memorandum for All Concerned, dated May 20, 2014 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name and register number of a third-party inmate. |
| 198 | Legal Communication Request Routing Slip | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name and register number of a third-party inmate. |
| 199 | Intake Screen Form, miscellaneous dates in 2011, 2012, and 2014 | 6 | (b)(7)(F) | These documents were withheld in part. Exemption (b)(7)(F) was applied to withhold the answers to intake screening questions, which if known, could result in harm to Pinson. |
| 200 | Incident Report No. 2858959 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name and register number of a third-party inmate. |
| 201 | Discipline Hearing Officer Report No. 2854959 | 2 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name and register number of a third-party inmate. |

| 202 | Notice of Discipline Hearing Before the (DHO) | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name and register number of a third-party inmate. |
|---|---|---|---|---|
| 203 | Incident Report No. 2775571 | 2 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name of a third-party inmate. |
| 204 | Photo Sheet, dated October 31, 2015 | 1 | (b)(7)(F) | This document was withheld in part. Exemption (b)(7)(F) was applied to withholding a portion of a photograph showing a door lock. |
| 205 | Discipline Hearing Officer Report No. 2774766 | 4 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names, register numbers, and witness statements of third-party inmates. |
| 206 | Incident Report No. 2774766 | 2 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name of a third-party inmate. |
| 207 | Injury Assessment Report for Staff Member | 1 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold an injury assessment conducted on a staff member. |
| 208 | Photograph of Staff Member | 1 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold a photograph of a staff member's injuries. |
| 209 | Email from Sonia Bechtel, dated May 6, 2016 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names, register numbers, and witness statements of third-party inmates.  These exemptions were also applied to withhold the telephone extension of a staff member. |
| 210 | Memorandum for Todd Carney, dated May 31, 2016, regarding Third Party Inmate | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name, register number, and witness statement of third-party inmate. |
| 211 | Notice of Discipline Hearing Before the (DHO), dated | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and |

| | | | | |
|---|---|---|---|---|
| | November 16, 2015 | | | register numbers of a third-party inmates. |
| 212 | Administrative Detention Order, miscellaneous dates in 2016 | | (b)(7)(F) | These documents were withheld in part.  Exemption (b)(7)(F) was applied to withhold a subsection addressing the basis for administrative detention, which if known, could result in harm to Pinson. |
| 213 | Discipline Hearing Officer Report No. 2774766 | 3 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and register numbers of third-party inmates. |
| 214 | Incident Report No. 2774766 | 2 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name of a third-party inmate. |
| 215 | Notice of Discipline Hearing Before the (DHO), dated November 16, 2015 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and register numbers of a third-party inmates. |
| 216 | Incident Report No. 2775574 | 2 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name of a third-party inmate. |
| 217 | Discipline Hearing Officer Report No. 2806495 | 3 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and register numbers of third-party inmates. |
| 218 | Notice of Discipline Hearing Before the (DHO), dated January 24, 2016 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and register numbers of a third-party inmates. |
| 219 | Discipline Hearing Officer Report No. 2801395 | 3 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and register numbers of third-party inmates. |
| 220 | Special Housing Unit Record, miscellaneous dates in 2010, 2011, 2012, and 2013 | 95 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | These documents were withheld in part.

Exemptions (b)(6), (b)(7)(C), and (b)(7)(F) were applied to withhold the |

| | | | | names and register numbers of a third-party inmates.  BOP staff determined that inmate Pinson needed to be separated from these third-party inmates.<br><br>Exemptions (b)(7)(E) and (B)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson. |
|---|---|---|---|---|
| 221 | Special Housing Unit Record, for Third Party Inmate | 1 | (b)(6)<br>(b)(7)(C)<br>(b)(7)(E)<br>(b)(7)(F) | This document was withheld in full.<br><br>Exemptions (b)(6), (b)(7)(C), and (b)(7)(F) were applied to withhold the names and register numbers of a third-party inmates.  Further, the entire document is regarding another inmate.<br><br>Exemptions (b)(7)(E) and (B)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for a third-party inmate. |
| 222 | Special Housing Unit Record, miscellaneous dates in 2008 and 2009 | 5 | (b)(6)<br>(b)(7)(C)<br>(b)(7)(E)<br>(b)(7)(F) | These documents were withheld in part.<br><br>Exemptions (b)(6), (b)(7)(C), and (b)(7)(F) were applied to withhold the names and register numbers of a third-party inmates.<br><br>Exemptions (b)(7)(E) and (B)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson. |
| 223 | Administrative Detention Orders, dated March 20, 2012, and July 18, 2012 | 2 | (b)(7)(F) | These documents were withheld in part.  Exemption (b)(7)(F) was applied to withhold a subsection addressing the basis for administrative detention, which if known, could result in harm to Pinson. |
| 224 | Inmate Investigative Report, TDG 10-061 | 3 | (b)(6)<br>(b)(7)(C)<br>(b)(7)(F) | This document was withheld in part.<br><br>Throughout the document, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names, register numbers, personal identifying information, |

| | | | | |
|---|---|---|---|---|
| | | | | witness statements, and correctional management information regarding third-party inmates.

On page 3, exemption (b)(7)(F) was applied to withhold information that would jeopardize Pinson's safety.

On page 3, exemptions (b)(7)(E) and (B)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson and third-party inmates. |
| 225 | Memorandum for Chief Executive Officer, USP Florence ADMAX, dated October 2, 2014 | 2 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemption (b)(6) and (b)(7)(C) were applied to withhold the direct telephone number of a staff member. |
| 226 | Memorandum from Dennis Murton, Senior Officer Specialist, dated May 31, 2013 | 1 | (b)(6) (b)(7)(C) (b)(7)(F) | This document was withheld in part. Exemptions (b)(6), (b)(7)(C), and (b)(7)(F) were applied to withhold the name, register number, personal identifying information, and statement regarding a third-party inmate. |
| 227 | Memorandum from B. Lehne, C.O., dated May 13, 2013 | 1 | (b)(6) (b)(7)(C) (b)(7)(F) | This document was withheld in part. Exemptions (b)(6), (b)(7)(C), and (b)(7)(F) were applied to withhold the name, register number, personal identifying information, and statement regarding a third-party inmate. |
| 228 | Photo sheet of broken hand restraints, dated May 31, 2013 | 1 | (b)(7)(F) | This document was withheld in part. Exemption (b)(7)(F) was applied to withhold a portion of a photograph showing hand restraints. |
| 229 | Email from Chasity Parker, dated February 1, 2013 7:12 a.m. | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemption (b)(6) and (b)(7)(C) were applied to withhold the telephone extension of a staff member. |
| 230 | Email from Chasity Parker, dated February 1, 2013 9:06 a.m. | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemption (b)(6) and (b)(7)(C) were applied to withhold the telephone extensions of staff members. |
| 231 | Discipline Hearing Officer Report No. 2076801 | 3 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name and |

| | | | | |
|---|---|---|---|---|
| | | | | witness statement of a third-party inmate. |
| 232 | NCIC Check Form for George Green | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the social security number and date of birth of a third-party individual. |
| 233 | NCIC Results for George Green | 2 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold third-party individuals' criminal background information. |
| 234 | NCIC Check Form for Sonia Siewert | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the social security number and date of birth of a third-party individual. |
| 235 | NCIC Results for Sonia Siewert | 2 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold third-party individuals' criminal background information. |
| 236 | Memorandum, dated June 15, 2011 | 1 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold information regarding why an individual was denied visiting privileges |
| 237 | Visitor Information Form for Frank Martinez | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the social security number, date of birth, and driver's license of a third-party individual. |
| 238 | NCIC Results for Frank Martinez | 2 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold third-party individuals' criminal background information. |
| 239 | NCIC Check Form for Debra Garvey | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the social security number and date of birth of a third-party individual. |
| 240 | Attorney verification information for Debra Garvey | 1 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold information received from an attorney's bar |

| | | | | association. |
|---|---|---|---|---|
| 241 | NCIC Results for Debra Garvey | 7 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold third-party individuals' criminal background information. |
| 242 | NCIC Check Form for Nicole Godfrey | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the social security number and date of birth of a third-party individual. |
| 243 | NCIC Results for Nicole Godfrey | 2 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold third-party individuals' criminal background information. |
| 244 | Visitor Information Form for Debra Pinson | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the social security number, date of birth, and driver's license of a third-party individual. |
| 245 | NCIC Results for Debra Pinson | 2 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold third-party individuals' criminal background information. |
| 246 | Memorandum, dated May 15, 2013 | 1 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold information regarding why an individual was denied visiting privileges |
| 247 | Visitor Information Form for Edwin Garcia Guzman | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the date of birth and driver's license of a third-party individual. |
| 248 | Law Enforcement Database Records for Edwin Garcia Guzman | 2 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold third-party individuals' criminal background information. |
| 249 | NCIC Results for Edwin Garcia Guzman | 14 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold third-party individuals' criminal background information. |

| 250 | NCIC Check Form for Elisabeth Owen | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the social security number and date of birth of a third-party individual. |
| 251 | NCIC Results for Elisabeth Owen | 2 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold third-party individuals' criminal background information. |
| 252 | Visitor Form for Maximillian Zistler | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the social security number and date of birth of a third-party individual. |
| 253 | NCIC Results for Maximillian Zistler | 2 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold third-party individuals' criminal background information. |
| 254 | Memorandum, dated June 30, 2013 | 1 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold information regarding why an individual was denied visiting privileges |
| 255 | Visitor Information Form for Andre Lozano | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the social security number and date of birth of a third-party individual. |
| 256 | NCIC Results for Andre Lozano | 9 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold third-party individuals' criminal background information. |
| 257 | Memorandum, dated May 1, 2013 | 1 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold information regarding why an individual was denied visiting privileges |
| 258 | Visitor Information Form for Jesus Lozano | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the social security number and date of birth of a third-party individual. |
| 259 | NCIC Results for | 25 | (b)(6) | This document was withheld in full. |

| | | | | |
|---|---|---|---|---|
| | Jesus Lozano | | (b)(7)(C) | Exemptions (b)(6) and (b)(7)(C) were applied to withhold third-party individuals' criminal background information. |
| 260 | ADX Florence Inmate Profile | 3 | (b)(7)(E) (b)(7)(F) | This document was withheld in part. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson. |
| 261 | Memorandum for Unit Staff, dated November 1, 2014 | 1 | (b)(7)(E) (b)(7)(F) | This document was withheld in part. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson. |
| 262 | Discipline Hearing Officer Report No. 2033414 | 3 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and registers number of third-party inmates. |
| 263 | Injury Assessment Report for Staff Member | 1 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold an injury assessment conducted on a staff member. |
| 264 | Injury Assessment for Third-Party Inmate | 1 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold an injury assessment conducted on a third-party inmate. |
| 265 | Injury Assessment for Third-Party Inmate | 2 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold an injury assessment conducted on a third-party inmate. |
| 266 | Memorandum from Carpenter, dated June 25, 2010 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and registers number of third-party inmates. |
| 267 | Memorandum from Beason, dated June 25, 2012 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and registers number of third-party inmates. |
| 268 | Memorandum from Stenson, dated June | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were |

| | | | | |
|---|---|---|---|---|
| | 25, 2010 | | | applied to withhold the names and registers number of third-party inmates. |
| 269 | Inmate Investigative Report, Case No. 11068 | 4 | (b)(6)<br>(b)(7)(C)<br>(b)(7)(E)<br>(b)(7)(F) | This document was withheld in part.<br><br>Throughout the document, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names, register numbers, personal identifying information, witness statements, and correctional management information regarding third-party inmates.<br><br>Throughout the document, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson and third-party inmates.<br><br>Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold information about techniques used to investigate criminal activity within a prison facility.  These exemptions were also applied to withhold the factual information learned through the use of the techniques. |
| 270 | Medical/Surgical and Psychiatric Referral Request, dated September 26, 2014 | 3 | (b)(7)(E)<br>(b)(7)(F) | This document was withheld in part. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson. |
| 271 | Screening for Risk of Victimization and Abusiveness, dated October 8, 2014 | 1 | (b)(7)(F) | This document was withheld in part. Exemption (b)(7)(F) was applied to withhold the answers to screening questions, which if known, could result in harm to Pinson. |
| 272 | Letter from attorney on Pinson's behalf | 1 | (b)(7)(E)<br>(b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson. |
| 273 | Request to Correspond, dated April 10, 2013 | 1 | (b)(6)<br>(b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names of a third-party inmates. |

| 274 | Letter from an Assistant U.S. Attorney to the Bureau of Prisons | 2 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in full.<br><br>Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names of third-party inmates and individuals.<br><br>Exemptions (b)(7)(E) and (b)(7)(F) were applied to was applied to withhold information regarding gang activity and informant activity within the BOP, in general and regarding Pinson. The exemptions were also applied to withhold information used by the Bureau to separate Pinson from other inmates. |
| 275 | Sealed Court document in <u>United States v. Jeremy Vaughn Pinson</u>, No. H-08-283 (S.D. Tex.) | 4 | (b)(7)(F) | This document was withheld in full. Exemption (b)(7)(F) was applied to withhold a document from Pinson's criminal case, which if known, would affect her safety. |
| 276 | Intake Screening Form, dated October 26, 2016 | 1 | (b)(7)(F) | These documents were withheld in part. Exemption (b)(7)(F) was applied to withhold the answers to intake screening questions, which if known, could result in harm to Pinson. |
| 277 | Referral of an Inmate Criminal Matter for Investigation, Case No. SPG-15-0022 | 4 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name, contact information, and signature of an FBI agent. |
| 278 | Report of Incident, SPG-15-0065 | 4 | (b)(7)(E) (b)(7)(F) | This document was withheld in part. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson. |
| 279 | Form 586 After Action Review Report, SPG-15-0065 | 4 | (b)(7)(E) (b)(7)(F) | This document was withheld in part.<br><br>Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson. Within the "Discrepancies" and "Recommendations/Results" sections, these exemptions were also applied to withhold descriptions of law |

| | | | | enforcement techniques used during a use of force. |
|---|---|---|---|---|
| 280 | Photo sheet, dated February 11, 2015 | 2 | (b)(7)(E) (b)(7)(F) | This document was withheld in part.<br><br>Exemption (b)(7)(E) was applied to withhold in part a photograph of a law enforcement technique being used.<br><br>Exemption (b)(7)(F) was applied to withhold a portion of a photograph showing a door lock. |
| 281 | Memorandum for G. Cooper, Captain, dated February 11, 2015 | 2 | (b)(7)(E) (b)(7)(F) | This document was withheld in part. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson. |
| 282 | E-mail from Benjamin Ramos, dated February 3, 2015 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name of a third-party inmate.  These exemptions were also applied to withhold the direct telephone numbers of a staff member. |
| 283 | E-mail from Adam Powell to SPG/SIS | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name of a third-party inmate.  These exemptions were also applied to withhold the direct telephone numbers of a staff member. |
| 284 | E-mail from Gary Krebs, dated March 26, 2015 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withheld the direct telephone number of a staff member. |
| 285 | E-mail, dated February 6, 2015 | 2 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in full.<br><br>Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name of a third-party individual.  The exemptions were also applied to withhold the telephone extension of a staff member.<br><br>Exemption (b)(7)(E) and (b)(7)(F) were applied to withhold information regarding law enforcement techniques used to detect criminal activity within |

| | | | | the prison facility. |
|---|---|---|---|---|
| 286 | Email from Gary Krebs, dated March 26, 2016 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withheld the direct telephone number of a staff member. |
| 287 | Memorandum of Interview, dated November 21, 2014 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names of third-party inmates. |
| 288 | Memorandum from J. Manci, Lieutenant | 2 | (b)(6) (b)(7)(C) (b)(7)(E) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names, register numbers, and witness statements of third-party inmates. Exemption (b)(7)(E) was applied to withhold law enforcement techniques used to investigate allegations of criminal activity within a prison facility. |
| 289 | Memorandum from J. Manci, Lieutenant, dated February 26, 2015 | 1 | (b)(6) (b)(7)(C) (b)(7)(E) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names, register numbers, and witness statements of third-party inmates. Exemption (b)(7)(E) was applied to withhold law enforcement techniques used to investigate allegations of criminal activity within a prison facility. |
| 290 | Memorandum from J. Manci, dated February 26, 2015 | 2 | (b)(7)(E) | This document was withheld in part. Exemption (b)(7)(E) was applied to withhold a law enforcement technique used to investigate allegations of criminal activity within a prison facility. |
| 291 | Memorandum from J. Manci, dated February 24, 2015 | 2 | (b)(6) (b)(7)(C) (b)(7)(F) | This document was withheld in part. Exemptions (b)(6), (b)(7)(C), and (b)(7)(F) were applied to withhold the names and register numbers of a third-party inmates.  BOP staff determined that inmate Pinson needed to be separated from these third-party |

45

| | | | | inmates. |
|---|---|---|---|---|
| 292 | Memorandum from J. Manci, dated March 11, 2015 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold employment information regarding a staff member. |
| 293 | Email, dated March 17, 2015 | 2 | (b)(6) (b)(7)(C) (b)(7)(E) | This document was withheld in part, although the first page was withheld in full.<br><br>Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name of a third-party inmate.  The exemptions were also applied to withhold the telephone extension of a staff member and the name and contact information of a FBI agent.<br><br>Exemption (b)(7)(E) and (b)(7)(F) were applied to withhold information regarding law enforcement techniques used to control criminal activity within the prison facility. |
| 294 | E-mail from Scott Anders, dated November 21, 2014 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name of a third-party inmate.  The exemptions were also applied to withhold the telephone extension of a staff member. |
| 295 | Email from Scott Anderson, dated November 19, 2014 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name of a third-party inmate.  The exemptions were also applied to withhold the telephone extension of a staff member and the name and contact information of a FBI agent. |
| 296 | Email dated December 9, 2014 | 3 | (b)(6) (b)(7)(C) (b)(7)(E) | This document was withheld in part, although pages 1 and 3 were withheld in full.<br><br>Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name of a third-party inmate.  The exemptions were also applied to withhold the telephone extension of a staff member and the name and contact information |

| | | | | |
|---|---|---|---|---|
| | | | | of an OIA agent.<br><br>Exemption (b)(7)(E) was applied to withhold a list of questions to be asked during a law enforcement interview as part of an investigation into potential criminal activity. |
| 297 | Email from Scott Anderson, dated March 31, 2015 | 1 | (b)(6)<br>(b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name of a third-party inmate.  The exemptions were also applied to withhold the telephone extension of a staff member and the name and contact information of a FBI agent. |
| 298 | Email dated March 26, 2015 | 2 | (b)(6)<br>(b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold an email solely regarding a third-party inmate. |
| 299 | Email dated March 16, 2015 | 1 | (b)(6)<br>(b)(7)(C)<br>(b)(7)(E) | This document was withheld in full.<br><br>Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name of a third-party inmate.  The exemptions were also applied to withhold the telephone extension of a staff member and the name and contact information of an FBI agent.<br><br>Exemption (b)(7)(E) was applied to withhold the techniques used by law enforcement agents to track and investigate allegations of criminal activity in a prison facility. |
| 300 | Email dated March 17, 2015 | 1 | (b)(6)<br>(b)(7)(C)<br>(b)(7)(E) | This document was withheld in full.<br><br>Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name of a third-party inmate.  The exemptions were also applied to withhold the telephone extension of a staff member and the name and contact information of an FBI agent.<br><br>Exemption (b)(7)(E) was applied to withhold the techniques used by law |

| | | | | |
|---|---|---|---|---|
| | | | | enforcement agents to track and investigate allegations of criminal activity in a prison facility. |
| 301 | Email from Jeffrey Manci, dated February 27, 2015 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the telephone extension of a staff member. |
| 302 | Email from Jeffrey Manci, dated February 25, 2015 8:26 a.m. | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the telephone extension of a staff member. |
| 303 | Email from Jeffrey Manci, dated February 25, 2015 8:26 a.m. | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the telephone extension of a staff member. |
| 304 | Email from Jeffrey Manci, dated February 13, 2015 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the telephone extension of a staff member. |
| 305 | Email from Jeffrey Manci, dated February 12, 2015 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the telephone extension of a staff member. |
| 306 | Email dated February 11, 2015 | 1 | (b)(7)(E) | This document was withheld in full. Exemption (b)(7)(E) was applied to withhold a statement made by a witness during an investigation into criminal activity in a prison facility. |
| 307 | Email from Jeffrey Manci, dated February 10, 2015 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the telephone extension of a staff member. |
| 308 | Email from Jeffrey Manci, dated February 9, 2015 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name, register number, and personal information of a third-party inmate. |
| 309 | Email from Jeffrey Manci, dated January 27, 2015 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the telephone extension of a staff member. |
| 310 | Email from Jeffrey Manci, dated January 27, 2015 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the telephone extension of a staff member. |
| 311 | Email from Jeffrey | 1 | (b)(6) | This document was withheld in part. |

| | | | | |
|---|---|---|---|---|
| | Manci, dated January 23, 2015 | | (b)(7)(C) | Exemptions (b)(6) and (b)(7)(C) were applied to withhold the telephone extension of a staff member. |
| 312 | Email from Jeffrey Manci, dated December 15, 2014 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the telephone extension of a staff member. |
| 313 | Referral of an Inmate Criminal Matter for Investigation, Case No. SPG-15-0022 | 2 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name, contact information, and signature of an FBI agent. |
| 314 | Memorandum dated February 11, 2015 | 4 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold an injury assessment conducted on staff members. |
| 315 | Memorandum from Douglas Nobel, E/W Activities Lieutenant, dated February 11, 2015 | 2 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name, register number, and personal information of a third-party inmate. These exemptions were also applied to withhold the names and injuries of staff members. |
| 316 | Memorandum from Tony J. Decker, dated February 11, 2015 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the injuries of a staff member. |
| 317 | Memorandum from Timothy E. Kastning, Senior Officer, dated February 11, 2015 | 2 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the injuries of a staff member. |
| 318 | Photo Spreadsheet, dated February 11, 2015 | 2 | (b)(6) (b)(7)(C) | This document was withheld in part, although page 1 was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold names, descriptions, and photographs of staff members' injuries. |
| 319 | Report from Law Enforcement Database | 1 | (b)(6) (b)(7)(C) (b)(7)(E) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name and personal information of a third-party individual. |

| | | | | Exemption (b)(7)(E) was applied to withhold a document generated by a law enforcement database. |
|---|---|---|---|---|
| 320 | Roster, dated February 11, 2015 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names, register numbers, and personal information of third-party inmates. |
| 321 | ADX Clinical Interview Consult Protocol | 20 | (b)(7)(F) | This document was withheld in part. On page 13, exemption (b)(7)(F) was applied to withhold summaries of a statement Pinson made to a third-party, which if known, would affect her safety. |
| 322 | Clinical Encounter, dated 3/20/2014 | 2 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name of a third-party inmate. |
| 323 | Sexual Abuse Intervention, dated 02/19/2015 | 2 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name of a third-party inmate. |
| 324 | Sexual Abuse Intervention, dated 02/19/2015 | 2 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name of a third-party inmate. |
| 325 | Sexual Abuse Intervention, dated 02/19/2015 | 2 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name of a third-party inmate. |
| 326 | Sexual Abuse Intervention, dated 04/19/2016 | 1 | (b)(6 (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name of a third-party inmate. |
| 327 | Sexual Abuse Intervention, dated 04/18/2016 | 1 | (b)(6 (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name of a third-party inmate. |
| 328 | Sexual Abuse Intervention, dated 04/18/2016 | 1 | (b)(6 (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name of a third-party inmate. |
| 329 | Sexual Abuse Intervention, dated 04/18/2016 | 1 | (b)(6 (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name of a third-party inmate. |

| 330 | Clinical Intervention – Clinical Contact, dated 03/17/2016 | 1 | (b)(7)(F) | This document was withheld in part. Exemption (b)(7)(F) was applied to withhold summaries of a statement Pinson made to staff, which if known, would affect her safety. |
|---|---|---|---|---|
| 331 | Clinical Intervention – Clinical Contact, dated 03/11/2016 | 1 | (b)(7)(E) (b)(7)(F) | This document was withheld in part.<br><br>Exemption (b)(7)(F) was applied to withhold summaries of a statement Pinson made to staff, which if known, would affect her safety.<br><br>Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold monitoring and classification assignments for Pinson. |
| 332 | Sexual Abuse Intervention, dated 08/13/2015 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name of a third-party inmate. |
| 333 | Sexual Abuse Intervention, dated 08/13/2015 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name of a third-party inmate. |
| 334 | Sexual Abuse Intervention, dated 08/07/2015 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name of a third-party inmate. |
| 335 | Sexual Abuse Intervention, dated 7/22/2015 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name of a third-party inmate. |
| 336 | General Administrative Note, dated 05/26/2015 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name of a third-party inmate. |
| 337 | Sexual Abuse Intervention, dated 05/06/2015 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name of a third-party inmate. |
| 338 | STAGES – Administrative Note | 1 | (b)(7)(F) | This document was withheld in part. Exemption (b)(7)(F) was applied to withhold information about Pinson's conduct, which if known by third parties, would affect her safety. |
| 339 | Sexual Abuse | 2 | (b)(6) | This document was withheld in part. |

| | | | | |
|---|---|---|---|---|
| | Intervention, dated 02/24/2015 | | (b)(7)(C) (b)(7)(E) (b)(7)(F) | Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name of a third-party inmate.<br><br>Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold monitoring and classification assignments for Pinson. |
| 340 | Sexual Abuse Intervention, dated 02/19/2015 | 2 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name of a third-party inmate. |
| 341 | Sexual Abuse Intervention, dated 02/19/2015 | 2 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name of a third-party inmate. |
| 342 | Sexual Abuse Intervention, dated 02/19/2015 | 2 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name of a third-party inmate. |
| 343 | RHU Referral, dated 01-15-2014 | 1 | (b)(7)(E) (b)(7)(F) | This document was withheld in part. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold monitoring and classification assignments used by the Bureau. |
| 344 | Report from Law Enforcement Database | 8 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in part, although pages 2-7 were withheld in full.<br><br>On page 4, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names of third-party inmates.<br><br>On pages 2-3, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold Pinson's monitoring and classification assignments used by the Bureau. On pages 3-8, these exemptions were also applied to withhold notes from law enforcement agents regarding investigations into criminal activity within the Bureau of Prisons. |
| 345 | Bureau Classification and Monitoring | 1 | (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold information |

| | Assignment | | | regarding Pinson's monitoring and classification assignments with the Bureau. |
|---|---|---|---|---|
| 346 | News Articles | 8 | (b)(7)(E) (b)(7)(F) | These documents were withheld in full.  Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold information used to support Pinson's monitoring and classification assignments with the Bureau. |
| 347 | Court Documents | 33 | (b)(7)(E) (b)(7)(F) | These documents were withheld in full.  Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold information used to support Pinson's monitoring and classification assignments with the Bureau. |
| 348 | Disciplinary Document | 1 | (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold information used to support Pinson's monitoring and classification assignments with the Bureau. |
| 349 | Law Enforcement Report | 11 | (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold information used to support Pinson's monitoring and classification assignments with the Bureau. |
| 350 | Court Documents | 33 | (b)(7)(E) (b)(7)(F) | These documents were withheld in full.  Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold information used to support Pinson's monitoring and classification assignments with the Bureau. |
| 351 | Disciplinary Documents | 33 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | These documents were withheld in full.\n\nOn pages 7, 20, and 23, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and personal identifying information of third-party inmates.\n\nExemptions (b)(7)(E) and (b)(7)(F) were applied to withhold information used to support Pinson's monitoring and classification assignments with the |

| | | | | |
|---|---|---|---|---|
| | | | | Bureau. |
| 352 | Court Documents | 66 | (b)(7)(E) (b)(7)(F) | These documents were withheld in full.  Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold information used to support Pinson's monitoring and classification assignments with the Bureau. |
| 353 | Disciplinary Document | 1 | (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold information used to support Pinson's monitoring and classification assignments with the Bureau. |
| 354 | Court Documents | 66 | (b)(7)(E) (b)(7)(F) | These documents were withheld in full.  Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold information used to support Pinson's monitoring and classification assignments with the Bureau. |
| 355 | News Articles | 20 | (b)(7)(E) (b)(7)(F) | These documents were withheld in full.  Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold information used to support Pinson's monitoring and classification assignments with the Bureau. |
| 356 | Court Documents | 66 | (b)(7)(E) (b)(7)(F) | These documents were withheld in full.  Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold information used to support Pinson's monitoring and classification assignments with the Bureau. |
| 357 | News Articles | 1 | (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold information used to support Pinson's monitoring and classification assignments with the Bureau. |
| 358 | Disciplinary Documents | 14 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | These documents were withheld in full.  On page 2 and 5, exemptions (b)(6) and (b)(7)(C) were applied to withhold the name and other personal identifying information of third-party inmates. |

54

| | | | | Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold information used to support Pinson's monitoring and classification assignments with the Bureau. |
|---|---|---|---|---|
| 359 | Court Documents | 33 | (b)(7)(E) (b)(7)(F) | These documents were withheld in full.  Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold information used to support Pinson's monitoring and classification assignments with the Bureau. |
| 360 | News Articles | 1 | (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold information used to support Pinson's monitoring and classification assignments with the Bureau. |
| 361 | Court Documents | 33 | (b)(7)(E) (b)(7)(F) | These documents were withheld in full.  Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold information used to support Pinson's monitoring and classification assignments with the Bureau. |
| 362 | Disciplinary Documents | 5 | (b)(6) (b)(7)(C) (b)(7)(E0 (b)(7)(F) | These documents were withheld in full. On page 5, exemptions (b)(6) and (b)(7)(C) were applied to withhold the name and personal identifying information of a third-party inmate. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold information used to support Pinson's monitoring and classification assignments with the Bureau. |
| 363 | Printout from Law Enforcement Database | 1 | (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold a law enforcement agent's notes about the investigation of potentially criminal activity within the Bureau of Prisons. |
| 364 | Correspondence | 10 | (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold correspondence deemed significant to |

| | | | | a law enforcement investigation. |
|---|---|---|---|---|
| 365 | Printout from Law Enforcement Database | 3 | (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold a law enforcement agent's notes about the investigation of potentially criminal activity within the Bureau of Prisons. |
| 366 | Form 583 for THP-17-0002 | 3 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name and medical information of a staff member assaulted by Pinson. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold Pinson's monitoring and classification assignments within the Bureau. |
| 367 | Referral of an Inmate Criminal Matter for Investigation | 4 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name of a criminal AUSA. |
| 368 | Correspondence | 1 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names, register numbers, and other personal information of third-party inmates. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold correspondence deemed significant to a law enforcement investigation. |
| 369 | Form 586 for THP-17-0004 | 2 | (b)(7)(E) (b)(7)(F) | This document was withheld in part. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold Pinson's monitoring and classification assignments within the Bureau. These exemptions were also applied to withhold descriptions of law enforcement techniques used during a use of force. |
| 370 | Form 586 for THP-17-0002 | 2 | (b)(7)(E) (b)(7)(F) | This document was withheld in part. Exemptions (b)(7)(E) and (b)(7)(F) |

| | | | | were applied to withhold Pinson's monitoring and classification assignments within the Bureau. These exemptions were also applied to withhold descriptions of law enforcement techniques used during a use of force. |
|---|---|---|---|---|
| 371 | Incident Report No. 2902781 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name and medical information of a staff member assaulted by Pinson. |
| 372 | Incident Report No. 2902781 | 2 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name and medical information of a staff member assaulted by Pinson. |
| 373 | Memorandum from C. Rodriguez, Lieutenant, dated October 2, 2015 | 2 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name and medical information of a staff member assaulted by Pinson. |
| 374 | Memorandum from D. Ramey, Operations Lieutenant | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold medical information of a staff member assaulted by Pinson. |
| 375 | Injury Assessment Reports for Staff Members | 5 | (b)(6) (b)(7)(C) | These documents were withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold injury assessments conducted on a staff members. |
| 376 | Clinical Encounter, dated 10/2/2016 | 2 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name and register number of third-party inmate. |
| 377 | Photograph of Staff Member | 2 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold a photograph of a staff member's injuries. |
| 378 | Email from Cordray, dated 11/8/2016 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the direct telephone extension for a staff member. |
| 379 | Referral of an | 2 | (b)(6) | This document was withheld in part. |

| | | | | |
|---|---|---|---|---|
| | Inmate Criminal Matter for Investigation | | (b)(7)(C) | Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name of a criminal AUSA. |
| 380 | Email to staff | 1 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in full.<br><br>Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names, register numbers, and other personal information of third-party inmates.<br><br>Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold correspondence deemed significant to a law enforcement investigation. |
| 381 | Printout from Law Enforcement Database | 4 | (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold a law enforcement agent's notes about the investigation of potentially criminal activity within the Bureau of Prisons. |
| 382 | Emails to staff regarding third-party inmates | 3 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in full.<br><br>Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names, register numbers, and other personal information of third-party inmates.<br><br>Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold correspondence deemed significant to a law enforcement investigation. |
| 383 | Printout from Law Enforcement Database | 5 | (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold a law enforcement agent's notes about the investigation of potentially criminal activity within the Bureau of Prisons. |
| 384 | Correspondence from third-party inmate | 1 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in full.<br><br>Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name, register number, and other personal information of a third-party inmate.<br><br>Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold |

| | | | | |
|---|---|---|---|---|
| | | | | correspondence deemed significant to a law enforcement investigation. |
| 385 | Printout from Law Enforcement Database | 3 | (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold a law enforcement agent's notes about the investigation of potentially criminal activity within the Bureau of Prisons. |
| 386 | Email to staff | | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names, register numbers, and other personal information of third-party inmates. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold correspondence deemed significant to a law enforcement investigation. |
| 387 | Printout from Law Enforcement Database | 9 | (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold a law enforcement agent's notes about the investigation of potentially criminal activity within the Bureau of Prisons. |
| 388 | Correspondence | 2 | (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold correspondence deemed significant to a law enforcement investigation. |
| 389 | Printout from Law Enforcement Database | 3 | (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold a law enforcement agent's notes about the investigation of potentially criminal activity within the Bureau of Prisons. |
| 390 | Email from staff regarding third-party inmate | 3 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names, register numbers, and other personal information of third-party inmates. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold correspondence deemed significant to |

| | | | | a law enforcement investigation. |
|---|---|---|---|---|
| 391 | Email from staff regarding third-party inmate | 2 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names, register numbers, and other personal information of third-party inmates. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold correspondence deemed significant to a law enforcement investigation. |
| 392 | Email from staff regarding third-party inmate | 1 | (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold correspondence deemed significant to a law enforcement investigation. |
| 393 | Memorandum of Interview, dated November 21, 2014 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names of third-party inmates. |
| 394 | Memorandum from J. Manci, Lieutenant | 2 | (b)(6) (b)(7)(C) (b)(7)(F) | This document was withheld in part. Exemptions (b)(6), (b)(7)(C), (b)(7)(F) were applied to withhold the names, register numbers, and witness statements of third-party inmates. |
| 395 | Memorandum from J. Manci, Lieutenant, dated March 12, 2015 | 1 | (b)(7)(E) (b)(7)(F) | This document was withheld in part. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold law enforcement techniques used to investigate allegations of criminal activity within a prison facility and the factual information developed. |
| 396 | Memorandum from J. Manci, Lieutenant, dated February 26, 2015 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names, register numbers, and witness statements of third-party inmates. |
| 397 | Memorandum from J. Manci, dated February 26, 2015 | 1 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name and personal identifying information of a third-party individual. |

| | | | | |
|---|---|---|---|---|
| | | | | Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold law enforcement techniques used to investigate allegations of criminal activity within a prison facility and the factual information developed. |
| 398 | Memorandum from J. Manci, Lieutenant, dated February 24, 2015 | 2 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in part.

Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names, personal identifying information, and witness statements of third-party inmates and staff.

Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold law enforcement techniques used to investigate allegations of criminal activity within a prison facility and the factual information developed. |
| 399 | Memorandum from J. Manci, Lieutenant, dated March 11, 2015 | 1 | (b)(7)(E) (b)(7)(F) | This document was withheld in part. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold law enforcement techniques used to investigate allegations of criminal activity within a prison facility and the factual information developed. |
| 400 | Email from staff | 1 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in full.

Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names, personal identifying information, and witness statements of third-party inmates and staff.

Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold law enforcement techniques used to investigate allegations of criminal activity within a prison facility and the factual information developed. |
| 401 | Email from staff | 3 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in full.

Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names, |

| | | | | personal identifying information, and witness statements of third-party inmates and staff.

Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold law enforcement techniques used to investigate allegations of criminal activity within a prison facility and the factual information developed. |
|---|---|---|---|---|
| 402 | Email from staff | 6 | (b)(6)<br>(b)(7)(C)<br>(b)(7)(E)<br>(b)(7)(F) | This document was withheld in full.

Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names, personal identifying information, and witness statements of third-party inmates and staff.

Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold law enforcement techniques used to investigate allegations of criminal activity within a prison facility and the factual information developed. |
| 403 | Email from staff | 1 | (b)(6)<br>(b)(7)(C)<br>(b)(7)(E)<br>(b)(7)(F) | This document was withheld in full.

Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names, personal identifying information, and witness statements of third-party inmates and staff.

Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold law enforcement techniques used to investigate allegations of criminal activity within a prison facility and the factual information developed. |
| 404 | Email from staff | 2 | (b)(6)<br>(b)(7)(C)<br>(b)(7)(E)<br>(b)(7)(F) | This document was withheld in full.

Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names, personal identifying information, and witness statements of third-party inmates and staff. |

| | | | | Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold law enforcement techniques used to investigate allegations of criminal activity within a prison facility and the factual information developed. |
|---|---|---|---|---|
| 405 | Email from staff | 6 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names, personal identifying information, and witness statements of third-party inmates and staff. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold law enforcement techniques used to investigate allegations of criminal activity within a prison facility and the factual information developed. |
| 406 | Email from staff | 1 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names, personal identifying information, and witness statements of third-party inmates and staff. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold law enforcement techniques used to investigate allegations of criminal activity within a prison facility and the factual information developed. |
| 407 | Referral of an Inmate Criminal Matter for Investigation, Case No. SPG-15-0022 | 2 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name, contact information, and signature of an FBI agent. |
| 408 | Printout from Law Enforcement Database | 3 | (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold a law enforcement agent's notes about the investigation of potentially criminal activity within the Bureau of Prisons. |
| 409 | FOIA Request | 1 | (b)(6) | This document was withheld in part. |

| | | | (b)(7)(C) | Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name and address of a third-party. |
|---|---|---|---|---|
| 410 | Report from law enforcement database | 1 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in full.<br><br>Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name and personal information of a third-party individual.<br><br>Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold a document generated by a law enforcement database and the factual information contained in the report. |
| 411 | Printout from Law Enforcement Database | 3 | (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold a law enforcement agent's notes about the investigation of potentially criminal activity within the Bureau of Prisons. |
| 412 | Printout from Law Enforcement Database | 5 | (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold a law enforcement agent's notes about the investigation of potentially criminal activity within the Bureau of Prisons. |
| 413 | Law Enforcement Report | 2 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in full.<br><br>Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name, register number, and personal information of a third-party inmate.<br><br>Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold a law enforcement report deemed significant to a law enforcement investigation. |
| 414 | Printout from Law Enforcement Database | 3 | (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold a law enforcement agent's notes about the investigation of potentially criminal activity within the Bureau of Prisons. |
| 415 | Correspondence | 7 | (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) |

| | | | | were applied to withhold correspondence deemed significant to a law enforcement investigation. |
|---|---|---|---|---|
| 416 | Printout from Law Enforcement Database | 7 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and personal information of third-party inmates. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold a law enforcement agent's notes about the investigation of potentially criminal activity within the Bureau of Prisons. |
| 417 | Correspondence | 2 | (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold correspondence deemed significant to a law enforcement investigation. |
| 418 | Printout from Law Enforcement Database | 5 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and personal information of third-party inmates. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold a law enforcement agent's notes about the investigation of potentially criminal activity within the Bureau of Prisons. |
| 419 | Law Enforcement Report | 2 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name, register number, and personal information of a third-party inmate. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold a law enforcement report deemed significant to a law enforcement investigation. |
| 420 | Printout from Law Enforcement Database | 6 | (b)(6) (b)(7)(C) (b)(7)(E) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were |

65

| | | | (b)(7)(F) | applied to withhold the names and personal information of third-party inmates.<br><br>Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold a law enforcement agent's notes about the investigation of potentially criminal activity within the Bureau of Prisons. |
|---|---|---|---|---|
| 421 | Correspondence | 2 | (b)(7)(E)<br>(b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold correspondence deemed significant to a law enforcement investigation. |
| 422 | Printout from Law Enforcement Database | 3 | (b)(7)(E)<br>(b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold a law enforcement agent's notes about the investigation of potentially criminal activity within the Bureau of Prisons. |
| 423 | Correspondence | 3 | (b)(7)(E)<br>(b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold correspondence deemed significant to a law enforcement investigation. |
| 424 | Printout from Law Enforcement Database | 3 | (b)(7)(E)<br>(b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold a law enforcement agent's notes about the investigation of potentially criminal activity within the Bureau of Prisons. |
| 425 | Correspondence | 5 | (b)(6)<br>(b)(7)(C)<br>(b)(7)(E)<br>(b)(7)(F) | This document was withheld in full.<br><br>Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name and personal information of a third-party individual.<br><br>Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold correspondence deemed significant to a law enforcement investigation. |
| 426 | Printout from Law Enforcement Database | 3 | (b)(7)(E)<br>(b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold a law enforcement agent's notes about the |

| | | | | investigation of potentially criminal activity within the Bureau of Prisons. |
|---|---|---|---|---|
| 427 | Correspondence | 5 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in full.<br><br>Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name and personal information of a third-party individual.<br><br>Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold correspondence deemed significant to a law enforcement investigation. |
| 428 | Printout from Law Enforcement Database | 3 | (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold a law enforcement agent's notes about the investigation of potentially criminal activity within the Bureau of Prisons. |
| 429 | Correspondence | 3 | (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold correspondence deemed significant to a law enforcement investigation. |
| 430 | Printout from Law Enforcement Database | 7 | (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold a law enforcement agent's notes about the investigation of potentially criminal activity within the Bureau of Prisons. |
| 431 | Law Enforcement Report | 8 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in full.<br><br>Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name, register number, and personal information of a third-party inmate.<br><br>Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold a law enforcement report deemed significant to a law enforcement investigation. |
| 432 | Printout from Law Enforcement Database | 7 | (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold a law enforcement agent's notes about the investigation of potentially criminal |

| | | | | |
|---|---|---|---|---|
| | | | | activity within the Bureau of Prisons. |
| 433 | Law Enforcement Report | 1 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in full.<br><br>Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name, register number, and personal information of a third-party inmate.<br><br>Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold a law enforcement report deemed significant to a law enforcement investigation. |
| 434 | Printout from Law Enforcement Database | 3 | (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold a law enforcement agent's notes about the investigation of potentially criminal activity within the Bureau of Prisons. |
| 435 | Correspondence | 7 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in full.<br><br>Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name, register number, and personal information of a third-party inmate.<br><br>Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold a law enforcement report deemed significant to a law enforcement investigation. |
| 436 | Printout from Law Enforcement Database | 3 | (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold a law enforcement agent's notes about the investigation of potentially criminal activity within the Bureau of Prisons. |
| 437 | Correspondence | 10 | (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold a law enforcement report deemed significant to a law enforcement investigation. |
| 438 | Printout from Law Enforcement Database | 3 | (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold a law enforcement agent's notes about the investigation of potentially criminal activity within the Bureau of Prisons. |

| 439 | Memorandum from staff | 1 | (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold a memorandum from staff deemed significant to a law enforcement investigation. |
|-----|-----|---|-----|-----|
| 440 | Correspondence | 1 | (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold correspondence deemed significant to a law enforcement investigation. |
| 441 | Printout from Law Enforcement Database | 4 | (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold a law enforcement agent's notes about the investigation of potentially criminal activity within the Bureau of Prisons. |
| 442 | Correspondence | 3 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in full.<br><br>Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name and personal information of a third-party individuals.<br><br>Exemptions (b)(7)(E) and (b)(7)(F) were applied to correspondence deemed significant to a law enforcement investigation. |
| 443 | Printout from Law Enforcement Database | 3 | (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold a law enforcement agent's notes about the investigation of potentially criminal activity within the Bureau of Prisons. |
| 444 | Correspondence | 3 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in full.<br><br>Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name and personal information of a third-party individuals.<br><br>Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold correspondence deemed significant to a law enforcement investigation. |
| 445 | Printout from Law | 4 | (b)(7)(E) | This document was withheld in full. |

69

| | Enforcement Database | | (b)(7)(F) | Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold a law enforcement agent's notes about the investigation of potentially criminal activity within the Bureau of Prisons. |
|---|---|---|---|---|
| 446 | Correspondence | 2 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in full. <br><br> Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name, register number, and personal information of a third-party inmates. <br><br> Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold correspondence deemed significant to a law enforcement investigation. |
| 447 | Printout from Law Enforcement Database | 4 | (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold a law enforcement agent's notes about the investigation of potentially criminal activity within the Bureau of Prisons. |
| 448 | Correspondence | 6 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in full. <br><br> Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name and personal information of a third-party individuals. <br><br> Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold correspondence deemed significant to a law enforcement investigation. |
| 449 | Printout from Law Enforcement Database | 3 | (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold a law enforcement agent's notes about the investigation of potentially criminal activity within the Bureau of Prisons. |
| 450 | Law Enforcement Report | 1 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in full. <br><br> Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name and personal information of a third-party individuals. |

| | | | | Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold la law enforcement report deemed significant to a law enforcement investigation. |
|---|---|---|---|---|
| 451 | Printout from Law Enforcement Database | 5 | (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold a law enforcement agent's notes about the investigation of potentially criminal activity within the Bureau of Prisons. |
| 452 | Memorandum from staff | 3 | (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold a memorandum from staff deemed significant to a law enforcement investigation. |
| 453 | Printout from Law Enforcement Database | 5 | (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold a law enforcement agent's notes about the investigation of potentially criminal activity within the Bureau of Prisons. |
| 454 | Law Enforcement Report | 2 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in full.<br><br>Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name, register number, and personal information of a third-party inmate.<br><br>Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold a law enforcement report deemed significant to a law enforcement investigation. |
| 455 | Printout from Law Enforcement Database | 4 | (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold a law enforcement agent's notes about the investigation of potentially criminal activity within the Bureau of Prisons. |
| 456 | Law Enforcement Report | 2 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in full.<br><br>Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name, register number, and personal information of a third-party inmate. |

| | | | | |
|---|---|---|---|---|
| | | | | Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold a law enforcement report deemed significant to a law enforcement investigation. |
| 457 | Printout from Law Enforcement Database | 4 | (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold a law enforcement agent's notes about the investigation of potentially criminal activity within the Bureau of Prisons. |
| 458 | Correspondence | 2 | (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold correspondence deemed significant to a law enforcement investigation. |
| 459 | Printout from Law Enforcement Database | 4 | (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold a law enforcement agent's notes about the investigation of potentially criminal activity within the Bureau of Prisons. |
| 460 | Law Enforcement Report | 3 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in full.<br><br>Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name, register number, and personal information of a third-party inmate.<br><br>Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold a law enforcement report deemed significant to a law enforcement investigation. |
| 461 | Printout from Law Enforcement Database | 12 | (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold a law enforcement agent's notes about the investigation of potentially criminal activity within the Bureau of Prisons. |
| 462 | Law Enforcement Report | 1 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in full.<br><br>Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name, register number, and personal information of a third-party inmate.<br><br>Exemptions (b)(7)(E) and (b)(7)(F) |

72

| | | | | were applied to withhold a law enforcement report deemed significant to a law enforcement investigation. |
|---|---|---|---|---|
| 463 | Printout from Law Enforcement Database | 4 | (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold a law enforcement agent's notes about the investigation of potentially criminal activity within the Bureau of Prisons. |
| 464 | Form 583 for ALP-16-0127 | 4 | (b)(7)(E) (b)(7)(F) | This document was withheld in part. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold Pinson's classification and monitoring assignments in the BOP. |
| 465 | Photo Sheet, dated 06-07-2016 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the faces of staff in a photograph of Pinson. |
| 466 | Injury Assessment Report for Staff Member | 1 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold an injury assessment conducted on a staff member. |
| 467 | Photo Sheet of Staff | 4 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold photographs of a staff member's injuries. |
| 468 | Form 583 for ALP-16-0127 | 4 | (b)(7)(E) (b)(7)(F) | This document was withheld in part. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold Pinson's classification and monitoring assignments in the BOP. |
| 469 | Photo sheet, dated May 21, 2014 | 1 | (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold a photograph of a damaged hand restraint. |
| 470 | Inmate Profile for Pinson | 2 | (b)(7)(E) (b)(7)(F) | This document was withheld in part. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold Pinson's classification and monitoring assignments in the BOP. |
| 471 | Population Monitoring Census/Roster | 3 | (b)(6) (b)(7)(C) | This document was withheld in part, although one page was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names, register numbers, and other personal |

| | | | | identifying information of third-party inmates. |
|---|---|---|---|---|
| 472 | Staff Roster | 9 | (b)(6) (b)(7)(C) (b)(7)(F) | This document was withheld in full. Exemptions (b)(6), (b)(7)(C), and (b)(7)(F) were applied to withhold staff names and correctional officer posts at an institution |
| 473 | Form 583 for FLM-14-0102 | 4 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in part. Exemptions (b)(6), (b)(7)(C), and (b)(7)(F) were applied withhold the names of staff members involved in a calculated use of force. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold Pinson's monitoring and classification assignments in the Bureau. |
| 474 | Memorandum from Special Housing Unit Lieutenant, dated May 21, 2014 | 1 | (b)(6) (b)(7)(C) (b)(7)(F) | This document was withheld in part. Exemptions (b)(6), (b)(7)(C), and (b)(7)(F) were applied withhold the names of staff members involved in a calculated use of force. |
| 475 | Memorandum from Lieutenant, dated May 21, 2014 | 1 | (b)(6) (b)(7)(C) (b)(7)(F) | This document was withheld in part. Exemptions (b)(6), (b)(7)(C), and (b)(7)(F) were applied withhold the names of staff members involved in a calculated use of force. |
| 476 | Memorandum from RN, dated May 21, 2014 | 1 | (b)(6) (b)(7)(C) (b)(7)(F) | This document was withheld in part. Exemptions (b)(6), (b)(7)(C), and (b)(7)(F) were applied withhold the names of staff members involved in a calculated use of force. |
| 477 | Memorandum from Senior Officer, dated May 21, 2014 | 1 | (b)(6) (b)(7)(C) (b)(7)(F) | This document was withheld in part. Exemptions (b)(6), (b)(7)(C), and (b)(7)(F) were applied withhold the names of staff members involved in a calculated use of force and their role. |
| 478 | Memorandum from Officer, dated May 21, 2014 | 1 | (b)(6) (b)(7)(C) (b)(7)(F) | This document was withheld in part. Exemptions (b)(6), (b)(7)(C), and (b)(7)(F) were applied withhold the names of staff members involved in a calculated use of force and their role. |
| 479 | Memorandum from Correctional Officer, dated May 21, 2014 | 1 | (b)(6) (b)(7)(C) (b)(7)(F) | This document was withheld in part. Exemptions (b)(6), (b)(7)(C), and (b)(7)(F) were applied withhold the |

| | | | | names of staff members involved in a calculated use of force and their role. |
|---|---|---|---|---|
| 480 | Memorandum from Correctional Officer, dated May 21, 2014 | 1 | (b)(6) (b)(7)(C) (b)(7)(F) | This document was withheld in part. Exemptions (b)(6), (b)(7)(C), and (b)(7)(F) were applied withhold the names of staff members involved in a calculated use of force and their role. |
| 481 | Memorandum from Senior Officer Specialist, dated May 20, 2014 | 1 | (b)(6) (b)(7)(C) (b)(7)(F) | This document was withheld in part. Exemptions (b)(6), (b)(7)(C), and (b)(7)(F) were applied withhold the names of staff members involved in a calculated use of force and their role. |
| 482 | Memorandum from S.O.S., dated May 21, 2014 | 1 | (b)(6) (b)(7)(C) (b)(7)(F) | This document was withheld in part. Exemptions (b)(6), (b)(7)(C), and (b)(7)(F) were applied withhold the names of staff members involved in a calculated use of force and their role. |
| 483 | Memorandum regarding a Use of Force, dated May 21, 2014 | 1 | (b)(6) (b)(7)(C) (b)(7)(F) | This document was withheld in part. Exemptions (b)(6), (b)(7)(C), and (b)(7)(F) were applied withhold the names of staff members involved in a calculated use of force and their role. |
| 484 | Memorandum from Correctional Officer, dated May 21, 2014 | 1 | (b)(6) (b)(7)(C) (b)(7)(F) | This document was withheld in part. Exemptions (b)(6), (b)(7)(C), and (b)(7)(F) were applied withhold the names of staff members involved in a calculated use of force. |
| 485 | Memorandum from Lieutenant, dated May 24, 2013 | 1 | (b)(6) (b)(7)(C) (b)(7)(F) | This document was withheld in part. Exemptions (b)(6), (b)(7)(C), and (b)(7)(F) were applied withhold the names of staff members involved in a calculated use of force and their role. |
| 486 | Memorandum from J. Garner, Lieutenant, dated May 21, 2014 | 2 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in part. Exemptions (b)(6), (b)(7)(C), and (b)(7)(F) were applied withhold the names of staff members involved in a calculated use of force and their role. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold Pinson's monitoring and classification assignments within the Bureau. |
| 487 | Form 583 for FLM-14-0102 | 4 | (b)(6) (b)(7)(C) (b)(7)(E) | This document was withheld in part. Exemptions (b)(6), (b)(7)(C), and |

| | | | (b)(7)(F) | (b)(7)(F) were applied withhold the names of staff members involved in a calculated use of force.

Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold Pinson's monitoring and classification assignments in the Bureau. |
|---|---|---|---|---|
| 488 | Form 583 for FLM-14-0102 | 4 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in part.

Exemptions (b)(6), (b)(7)(C), and (b)(7)(F) were applied withhold the names of staff members involved in a calculated use of force.

Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold Pinson's monitoring and classification assignments in the Bureau. |
| 489 | Form 586 After Action Report for FLM-14-0102 | 2 | (b)(7)(E) (b)(7)(F) | This document was withheld in part. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold Pinson's monitoring and classification assignments in the Bureau. |
| 490 | Form 586 After Action Report for FLM-14-0102 | 2 | (b)(7)(E) (b)(7)(F) | This document was withheld in part. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold Pinson's monitoring and classification assignments in the Bureau. |
| 491 | Form 583 for FLM-14-0102 | 4 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in part.

Exemptions (b)(6), (b)(7)(C), and (b)(7)(F) were applied withhold the names of staff members involved in a calculated use of force.

Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold Pinson's monitoring and classification assignments in the Bureau. |
| 492 | Population Monitoring/Census Roster, dated 07-08-2016 | 22 | (b)(6) (b)(7)(C) | This document was withheld in part, although most pages were withheld in full.  Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names, register numbers, and other personal identifying information of third-party |

| | | | | inmates. |
|---|---|---|---|---|
| 493 | BEMR record for third-party inmate | 3 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold a document solely related to a third-party inmate. |
| 494 | Form 583 for ALP-16-0148 | 4 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and other personal identifying information of third-party inmates. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold Pinson's monitoring and classification assignments within the BOP. |
| 495 | Medical Assessment for Staff | 1 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold a document solely related to a staff member. |
| 496 | Medical Assessment for Staff | 1 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold a document solely related to a staff member. |
| 497 | BEMR record for third-party inmate | 5 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold a document solely related to a third-party inmate. |
| 498 | BEMR record for third-party inmate | 3 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold a document solely related to a third-party inmate. |
| 499 | Medical Assessment for Staff | 1 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold a document solely related to a staff member. |
| 500 | BEMR record for third-party inmates | 17 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold a document solely related to a third-party inmates. |
| 501 | BEMR record for third-party inmates | 10 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold a document solely related to a third-party inmates. |
| 502 | BEMR record for third-party inmate | 3 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were |

| | | | | applied to withhold a document solely related to a third-party inmate. |
|---|---|---|---|---|
| 503 | Form 583 for ALP-16-0148 | 4 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in part.<br><br>Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and other personal identifying information of third-party inmates.<br><br>Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold Pinson's monitoring and classification assignments within the BOP. |
| 504 | Form 583 for ALP-16-0148 | 4 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in part.<br><br>Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and other personal identifying information of third-party inmates.<br><br>Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold Pinson's monitoring and classification assignments within the BOP. |
| 505 | Staff handwritten notes | 1 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in full.<br><br>Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names of third-party individuals.<br><br>Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the law enforcement notes for steps to take in investigation a fire within an institution. |
| 506 | BEMR record for third-party inmate | 3 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold a document solely related to a third-party inmate. |
| 507 | BEMR record for third-party inmate | 3 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold a document solely related to a third-party inmate. |
| 508 | Email from Cory Heath to Steven Valencik, dated | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the extension and |

|  | 7/11/2016 |  |  | email address for a staff member. |
|---|---|---|---|---|
| 509 | Inmate Investigative Report ALP-16-0292 | 11 | (b)(7)(E) (b)(7)(F) | This document was withheld in part. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold Pinson's classification and monitoring assignments within the BOP. |
| 510 | Witness Statement | 2 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold a statement given by a third-party inmate and relating solely to that inmate. |
| 511 | Witness Statement | 2 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in full.<br><br>Exemptions (b)(6) and (b)(7)(C) were applied to withhold a statement given by a third-party inmate and relating solely to that inmate.<br><br>Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold questions asked during a law enforcement interview and the information learned from those questions. |
| 512 | Staff memorandum regarding witness interviews | 1 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the statements given by third-party inmates and relating solely to those inmates. |
| 513 | Sentry reports regarding third party inmates | 11 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in full.<br><br>Exemptions (b)(6) and (b)(7)(C) were applied to withhold documents relating solely to a third-party inmate.<br><br>Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold reports gathered as part of a law enforcement investigation. |
| 514 | Witness Statement | 2 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold a statement given by a third-party inmate and relating solely to that inmate. |
| 515 | Sentry reports regarding third party inmates | 18 | (b)(6) (b)(7)(C) (b)(7)(E) | This document was withheld in full.<br><br>Exemptions (b)(6) and (b)(7)(C) were |

| | | | (b)(7)(F) | applied to withhold documents relating solely to a third-party inmate. |
|---|---|---|---|---|
| | | | | Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold reports gathered as part of a law enforcement investigation. |
| 516 | Form 583 for FLM-14-0079 | 4 | (b)(6)<br>(b)(7)(C)<br>(b)(7)(E)<br>(b)(7)(F) | This document was withheld in part.<br><br>Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names, register numbers, and other personal identifying information of third-party inmates.<br><br>Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments of third-party inmates. |
| 517 | Sentry reports regarding third party inmates | 16 | (b)(6)<br>(b)(7)(C)<br>(b)(7)(E)<br>(b)(7)(F) | This document was withheld in full.<br><br>Exemptions (b)(6) and (b)(7)(C) were applied to withhold documents relating solely to a third-party inmate.<br><br>Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold reports gathered as part of a law enforcement investigation. |
| 518 | ADX Photo Log | 2 | (b)(6)<br>(b)(7)(C) | This document was withheld in part, although the second page was withheld in full.  Exemptions (b)(6) and (b)(7)(C) were applied to withhold the photographs, names, and register numbers of third-party inmates. |
| 519 | Daily Lieutenant's Log | 3 | (b)(6)<br>(b)(7)(C)<br>(b)(7)(F) | This document was withheld in part.<br><br>Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names, register numbers, and personal information of third-party inmates.<br><br>Exemption (b)(7)(F) was applied to withhold information regarding the institution's policies on personal protective equipment and keys. |

| 520 | Witness Statement | 2 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold a statement given by a third-party inmate and relating solely to that inmate. |
|---|---|---|---|---|
| 521 | Sentry reports regarding third party inmates | 16 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in full.<br><br>Exemptions (b)(6) and (b)(7)(C) were applied to withhold documents relating solely to a third-party inmate.<br><br>Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold reports gathered as part of a law enforcement investigation. |
| 522 | Clinical Encounter, dated 04/04/2014 | 2 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name of a third-party inmate. |
| 523 | Clinical Encounter, dated 03/20/2014 | 9 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name of a third-party inmate. |
| 524 | BEMR records for third-party inmate | 2 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold a document relating solely to a third-party. |
| 525 | Email from Debra Payne to Heather O'Neill | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and register numbers of third-party inmates. |
| 526 | BEMR records for third-party inmates | 10 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold a document relating solely to third-party inmates. |
| 527 | Mail from inmate | 2 | (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(7)(E) and (b)(7)(F) to withhold a document gathered as part of a law enforcement investigation. |
| 528 | Inmate Profile for Pinson | 4 | (b)(7)(E) (b)(7)(F) | This document was withheld in part. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold Pinson's monitoring and classification assignments with the BOP. |
| 529 | CIM Clearance and | 18 | (b)(6) | This document was withheld in part. |

| | Separatee Data for Pinson | | (b)(7)(C)<br>(b)(7)(E)<br>(b)(7)(F) | Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names, register numbers, and personal information of third-party inmates.<br><br>Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson and third-party inmates. |
|---|---|---|---|---|
| 530 | Administrative Remedy No. 774008-R1 | 1 | (b)(6)<br>(b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name of a third-party inmate. |
| 531 | Letter to RD Laird from Pinson | 2 | (b)(6)<br>(b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names of third-party inmates. |
| 532 | Letter to Dr. Coulter from Pinson | 1 | (b)(6)<br>(b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names of third-party inmates. The exemptions were also applied to withhold the names of a law enforcement agent. |
| 533 | Letter from Pinson | 1 | (b)(6)<br>(b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names of third-party inmates. |
| 534 | Letter to Warden Berkebile from Pinson | 1 | (b)(6)<br>(b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names of third-party inmates. The exemptions were also applied to withhold the names of a law enforcement agent. |
| 535 | Letter to Warden Berkebile from Pinson | 1 | (b)(6)<br>(b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names of third-party inmates. The exemptions were also applied to withhold the names of a law enforcement agent. |
| 536 | Letter from Pinson | 1 | (b)(6)<br>(b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names of third-party inmates. |
| 537 | Administrative | 1 | (b)(6) | This document was withheld in part. |

| | Remedy No. 774008-R1 | | (b)(7)(C) | Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name of a third-party inmate. |
|---|---|---|---|---|
| 538 | Letter to RD Laird from Pinson | 2 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names of third-party inmates. |
| 539 | Clinical Encounter, dated 04/04/2014 | 2 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name of a third-party inmate. |
| 540 | Clinical Encounter, dated 03/20/2014 | 5 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name of a third-party inmate. |
| 541 | Memorandum of Investigation from Lieutenant Vialpando | 2 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in part.<br><br>Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and register numbers of third-party inmates.<br><br>Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold Pinson's monitoring and classification assignments with the BOP. |
| 542 | E-mail from Debra Payne, dated 3/20/2014 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the name and register numbers of third-party inmates. |
| 543 | PDS Records for third-party inmates | 3 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold documents relating solely to third-party inmates. |
| 544 | PDS Sexual Abuse Intervention, dated 03-20-2014 | 1 | (b)(6) (b)(7)(C) | This document was withheld in part. Exemptions (b)(6) and (b)(7)(C) were applied to personal information about a third-party inmate. |
| 545 | PDS Records for third-party inmates | 3 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold documents relating solely to third-party inmates. |
| 546 | Witness statement | 1 | (b)(6) (b)(7)(C) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold a statement given |

| | | | | by a third-party inmate and relating solely to that inmate. |
|---|---|---|---|---|
| 547 | Staff Roster | 8 | (b)(6) (b)(7)(C) (b)(7)(F) | This document was withheld in full. Exemptions (b)(6), (b)(7)(C), and (b)(7)(F) were applied to withhold staff names and correctional officer posts at an institution |
| 548 | Sentry reports regarding third party inmates | 23 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold documents relating solely to a third-party inmate. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold reports gathered as part of a law enforcement investigation. |
| 549 | Population Monitoring Census/Roster, dated 04-08-2014 | 3 | (b)(6) (b)(7)(C) | This document was withheld in part, although pages of the document were withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names, register numbers, and other personal identifying information of third-party inmates. |
| 550 | Population Monitoring Census/Roster, dated 04-08-2014 | 3 | (b)(6) (b)(7)(C) | This document was withheld in part, although pages of the document were withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names, register numbers, and other personal identifying information of third-party inmates. |
| 551 | Population Monitoring Census/Roster, dated 04-08-2014 | 3 | (b)(6) (b)(7)(C) | This document was withheld in part, although pages of the document were withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names, register numbers, and other personal identifying information of third-party inmates. |
| 552 | Sentry reports regarding third party inmates | 14 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in full. Exemptions (b)(6) and (b)(7)(C) were applied to withhold documents relating solely to a third-party inmate. Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold reports |

| | | | | gathered as part of a law enforcement investigation. |
|---|---|---|---|---|
| 553 | Memorandum of Investigation from Lieutenant Vialpando | 3 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in part.<br><br>Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names, register numbers, and other personal identifying information of third-party inmates<br><br>Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold Pinson and third-party inmates' monitoring and classification assignments with the BOP.  These exemptions were also applied to withhold factual information developed during a law enforcement investigation. |
| 554 | Memorandum of Investigation from Lieutenant Vialpando | 3 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in part.<br><br>Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names, register numbers, and other personal identifying information of third-party inmates<br><br>Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold Pinson and third party inmates' monitoring and classification assignments with the BOP.  These exemptions were also applied to withhold factual information developed during a law enforcement investigation. |
| 555 | Inmate Investigative Report, Case No. FLM-14-0016 | 9 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in part.<br><br>Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names, register numbers, and other personal identifying information of third-party inmates<br><br>Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold Pinson and third-party inmates' monitoring and classification assignments with the |

| | | | | BOP.  These exemptions were also applied to withhold factual information developed during a law enforcement investigation. |
|---|---|---|---|---|

**FOIA Request No. 2010-12533**

| Doc # | Document | Pages | Exemption | Justification |
|---|---|---|---|---|
| 2 | *After Action Review Report- Use of Force, dated November 18, 2007* | *2* | *(b)(5) (b)(7)(E) (b)(7)(F)* | *This document was withheld in part.*<br><br>*On page 1, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson.*<br><br>*On page 2, exemption (b)(5) was applied to withhold whether the after action was determined appropriate and the recommendation/results.* |
| | Reprocessed | | (b)(7)(E) (b)(7)(F) | This document was withheld in part.<br><br>On page 1, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson.<br><br>On page 2, exemption (b)(7)(E) was applied to withhold the recommendations/results of the after-action review, which had previously been withheld under exemption (b)(5). This information consisted of law enforcement techniques used during a use of force. |
| 13 | *Memorandum from, Michael Nalley, Regional Director, dated January 31, 2008* | *1* | *(b)(5)* | *This document was withheld in part. Exemption (b)(5) was applied to withhold the after action recommendations/results.* |
| | Reprocessed | | | Released in Full |
| 17 | *After Action Review Report- Use of Force, dated December 15, 2007* | *2* | *(b)(5) (b)(7)(E) (b)(7)(F)* | *This document was withheld in part.*<br><br>*On page 1, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson.*<br><br>*On page 2, exemptions (b)(5) was applied to withhold whether the after action was determined appropriate and the recommendation/results.* |

| | Reprocessed | | (b)(7)(E) (b)(7)(F) | This document was withheld in part.<br><br>On page 1, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson. |
|---|---|---|---|---|

**FOIA Request No. 2011-1351**

| Doc # | Document | Pages | Exemption | Justification |
|---|---|---|---|---|
| 1 | *Form 586 After Action Review Report, dated 8/24/2009* | *2* | *(b)(5)* *(b)(6)* *(b)(7)(C)* *(b)(7)(E)* *(b)(7)(F)* | *This document was withheld in part.* *Throughout the document, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names of third-party inmates.  Further, these exemptions were applied to withhold the file names of evidence relied upon by staff during the review process as the file names included the names of the inmates.* *On page 1, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the correctional management techniques used by the BOP for third-party inmates, as well as the BOP's monitoring and classification assignments for these inmates.* *On page 1, exemption (b)(5) was applied to withhold whether the after action was determined appropriate, discrepancies noted, and the recommendation/results.* |
| | Reprocessed | | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in part. Throughout the document, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names of third-party inmates.  Further, these exemptions were applied to withhold the file names of evidence relied upon by staff during the review process as the file names included the names of the inmates. On page 1, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the correctional management techniques used by the BOP for third-party inmates, as well as the BOP's monitoring and classification |

| | | | | assignments for these inmates. |
| | | | | On page 1, exemption (b)(7)(E) was applied to withhold the discrepancies noted and recommendations/results, which were a subsection of what was previously withheld under exemption (b)(5).  This information consisted of law enforcement techniques used during a use of force. |
| 2 | *Form 586 After Action Review Report, dated 8/24/2009* | 2 | *(b)(5)* *(b)(6)* *(b)(7)(C)* *(b)(7)(E)* *(b)(7)(F)* | *This document was withheld in part.* *Throughout the document, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names of third-party inmates.  Further, these exemptions were applied to withhold the file names of evidence relied upon by staff during the review process as the file names included the names of the inmates.* *On page 1, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the correctional management techniques used by the BOP for third-party inmates, as well as the BOP's monitoring and classification assignments for these inmates.* *On page 1, exemption (b)(5) was applied to withhold whether the after action was determined appropriate, discrepancies noted, and the recommendation/results.* |
| | Reprocessed | | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in part. Throughout the document, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names of third-party inmates.  Further, these exemptions were applied to withhold the file names of evidence relied upon by staff during the review process as the file names included the names of the inmates. |

| | | | | On page 1, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the correctional management techniques used by the BOP for third-party inmates, as well as the BOP's monitoring and classification assignments for these inmates. |
|---|---|---|---|---|
| 3 | *Form 586 After Action Review Report, dated 9/10/2009* | *3* | *(b)(5) (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F)* | *This document was withheld in part.*<br><br>*On page 1, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson.*<br><br>*On page 1, exemption (b)(5) was applied to withhold whether the after action was determined appropriate, discrepancies noted, and the recommendation/results.*<br><br>*On pages 2 and 3, exemptions (b)(6) and (b)(7)(C) were applied to withhold the file names of evidence relied upon by staff during the review process as the file names included the names of the inmates.* |
| | Reprocessed | | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in part.<br><br>On page 1, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson.<br><br>On page 1, exemption (b)(7)(E) was applied to withhold the discrepancies noted and recommendations/results of the after-action review, which had previously been withheld under exemption (b)(5).<br><br>On pages 2 and 3, exemptions (b)(6) and (b)(7)(C) were applied to withhold the file names of evidence relied upon by staff during the review process as the file names included the |

| | | | | names of the inmates. |
|---|---|---|---|---|
| 4 | *Form 586 After Action Review Report, dated 4/17/2010* | *2* | *(b)(5)* *(b)(6)* *(b)(7)(C)* *(b)(7)(E)* *(b)(7)(F)* | *This document was withheld in part.* *Throughout the document, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names of third-party inmates.  Further, these exemptions were applied to withhold the file names of evidence relied upon by staff during the review process as the file names included the names of the inmates.* *On page 1, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the correctional management techniques used by the BOP for third-party inmates, as well as the BOP's monitoring and classification assignments for these inmates.* *On page 1, exemption (b)(5) was applied to withhold whether the after action was determined appropriate, discrepancies noted, and the recommendation/results.* |
| | Reprocessed | | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in part. Throughout the document, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names of third-party inmates.  Further, these exemptions were applied to withhold the file names of evidence relied upon by staff during the review process as the file names included the names of the inmates. On page 1, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the correctional management techniques used by the BOP for third-party inmates, as well as the BOP's monitoring and classification assignments for these inmates. |

| | | | | On page 1, exemption (b)(7)(E) was applied to withhold the recommendations/results of the after-action review, which had previously withheld under exemption (b)(5). The information withheld consists of law enforcement techniques used during a use of force. |
|---|---|---|---|---|

**FOIA Request No. 2011-01886/2016-02372**

| Doc # | Document | Pages | Exemption | Justification |
|---|---|---|---|---|
| 3 | *Email from Chad Lohman to Lee Green, dated 1/4/2013* | *1* | *(b)(5) (b)(7)(C)* | *This document was withheld in part.*<br><br>*Exemption (b)(5) was applied to withhold comments made by a staff member regarding the future management of Pinson.*<br><br>*Exemption (b)(7)(C) was applied to withhold the telephone, cell, and fax numbers of a staff member.* |
| | Reprocessed | | (b)(7)(C) | This document was withheld in part.<br><br>Exemption (b)(7)(C) was applied to withhold the telephone, cell, and fax numbers of a staff member. |
| 8 | *Staff Witness Form – Davis* | *1* | *(b)(7)(F)* | *This document was withheld in part.*<br><br>*Exemption (b)(7)(F) was applied to withhold a staff member's response to questions posed by Pinson regarding his ADX referral.* |
| | Reprocessed | | (b)(7)(F) | This document was withheld in part.<br><br>Exemption (b)(7)(F) was applied to withhold the answers to questions #8 and 9, which related to Pinson's safety and motivation. |
| 9 | *Staff Witness Form – Browning* | *1* | *(b)(7)(F)* | *This document was withheld in part.*<br><br>*Exemption (b)(7)(F) was applied to withhold a staff member's response to questions posed by Pinson regarding his ADX referral.* |
| | Reprocessed | | (b)(7)(F) | This document was withheld in part.<br><br>Exemption (b)(7)(F) was applied to withhold the answers to questions #8 and 9, which related to Pinson's safety and motivation. |
| 10 | *Staff Witness Form – Jackson* | *1* | *(b)(7)(F)* | *This document was withheld in part.*<br><br>*Exemption (b)(7)(F) was applied to withhold a staff member's response* |

| | | | | |
|---|---|---|---|---|
| | | | | *to questions posed by Pinson regarding his ADX referral.* |
| | Reprocessed | | (b)(7)(F) | This document was withheld in part.<br><br>Exemption (b)(7)(F) was applied to withhold the answers to questions #8 and 9, which related to Pinson's safety and motivation. |
| 11 | *Staff Witness Form – Ramsey* | *1* | *(b)(7)(F)* | *This document was withheld in part.*<br><br>*Exemption (b)(7)(F) was applied to withhold a staff member's response to questions posed by Pinson regarding his ADX referral.* |
| | Reprocessed | | (b)(7)(F) | This document was withheld in part.<br><br>Exemption (b)(7)(F) was applied to withhold the answers to questions #8 and 9, which related to Pinson's safety and motivation. |
| 12 | *Staff Witness Form – Movion* | *1* | *(b)(7)(F)* | *This document was withheld in part.*<br><br>*Exemption (b)(7)(F) was applied to withhold a staff member's response to questions posed by Pinson regarding his ADX referral.* |
| | Reprocessed Inmate Witness Form – Movion | | (b)(7)(F) | This document was withheld in part.<br><br>Exemption (b)(7)(F) was applied to withhold the answers to questions #3, 4, and 8, which related to Pinson's dangerousness, violence, and threat to others. |
| 13 | *Staff Witness Form – Brooks* | *1* | *(b)(7)(F)* | *This document was withheld in part.*<br><br>*Exemption (b)(7)(F) was applied to withhold a staff member's response to questions posed by Pinson regarding his ADX referral.* |
| | Reprocessed Inmate Witness Form – Brooks | | (b)(7)(F) | This document was withheld in part.<br><br>Exemption (b)(7)(F) was applied to withhold the answers to questions #3, 4, and 8, which related to Pinson's dangerousness, violence, and threat to others. |

| 14 | *Staff Witness Form – Marshall* | *1* | *(b)(7)(F)* | *This document was withheld in part.*<br><br>*Exemption (b)(7)(F) was applied to withhold a staff member's response to questions posed by Pinson regarding his ADX referral.* |
| | Reprocessed Inmate Witness Form – Marshall | | (b)(7)(F) | This document was withheld in part.<br><br>Exemption (b)(7)(F) was applied to withhold the answers to questions #3, 4, and 8, which related to Pinson's dangerousness, violence, and threat to others. |
| 15 | *Staff Witness Form – Chatman* | *1* | *(b)(7)(F)* | *This document was withheld in part.*<br><br>*Exemption (b)(7)(F) was applied to withhold a staff member's response to questions posed by Pinson regarding his ADX referral.* |
| | Reprocessed Inmate Witness Form – Chatman | | (b)(7)(F) | This document was withheld in part.<br><br>Exemption (b)(7)(F) was applied to withhold the answers to questions #3, 4, and 8, which related to Pinson's dangerousness, violence, and threat to others. |
| 16 | *Staff Witness Form – Burke* | *1* | *(b)(7)(F)* | *This document was withheld in part.*<br><br>*Exemption (b)(7)(F) was applied to withhold a staff member's response to questions posed by Pinson regarding his ADX referral.* |
| | Reprocessed Inmate Witness Form – Burke | | (b)(7)(F) | This document was withheld in part.<br><br>Exemption (b)(7)(F) was applied to withhold the answers to questions #3, 4, and 8, which related to Pinson's dangerousness, violence, and threat to others. |
| 17 | *Staff Witness Form – Pacheco* | *1* | *(b)(7)(F)* | *This document was withheld in part.*<br><br>*Exemption (b)(7)(F) was applied to withhold a staff member's response to questions posed by Pinson regarding his ADX referral.* |
| | Reprocessed | | (b)(7)(F) | This document was withheld in part. |

| | Inmate Witness Form – Pacheco | | | Exemption (b)(7)(F) was applied to withhold the answers to questions #3, 4, and 8, which related to Pinson's dangerousness, violence, and threat to others. |
|---|---|---|---|---|
| 21 | *Investigative Report, SIS Case No. TDG 09-0011* | *4* | *(b)(5)*<br>*(b)(6)*<br>*(b)(7)(C)*<br>*(b)(7)(E)*<br>*(b)(7)(F)* | *This document was withheld in part.*<br><br>*Throughout the document, exemptions (b)(6), (b)(7)(C), and (b)(7)(F) were applied to withhold the name of a third-party inmate who was a victim of Pinson, as well as personal identifying information regarding that inmate, the inmate's witness statement made to law enforcement officers, and his medical information.*<br><br>*On page 4, exemption (b)(5) was applied to withhold a staff member's recommendation regarding the future management of Pinson.*<br><br>*On page 4, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson.* |
| | Reprocessed | | (b)(6)<br>(b)(7)(C)<br>(b)(7)(E)<br>(b)(7)(F) | This document was withheld in part.<br><br>Throughout the document, exemptions (b)(6), (b)(7)(C), and (b)(7)(F) were applied to withhold the name of a third-party inmate who was a victim of Pinson, as well as personal identifying information regarding that inmate, the inmate's witness statement made to law enforcement officers, and his medical information.<br><br>On page 4, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson. |
| 22 | *Memorandum to J.* | *3* | *(b)(5)* | *This document was withheld in part.* |

| | | | |
|---|---|---|---|
| | *Norwood, from B. Hurte, SIS Lieutenant, dated June 3, 2008* | *(b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F)* | *On page 2 and 3, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson.*<br><br>*On page 2, exemption (b)(7)(F) was applied to withhold discussion of an inmate's cooperation with law enforcement officers.*<br><br>*On pages 2 to 3, exemptions (b)(6), (b)(7)(C), (b)(7)(E), and (b)(7)(F) were applied to withhold a third-party inmate's witness statement that included information regarding gang activity within a Bureau facility and potential consequences of actions by BOP.*<br><br>*On page 3, exemption (b)(5) was applied to withhold a staff member's recommendation regarding the future management of Pinson.* |
| | Reprocessed | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in part.<br><br>On page 2 and 3, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson.<br><br>On page 2, exemption (b)(7)(F) was applied to withhold discussion of an inmate's cooperation with law enforcement officers.<br><br>On pages 2 to 3, exemptions (b)(6), (b)(7)(C), (b)(7)(E), and (b)(7)(F) were applied to withhold a third-party inmate's witness statement that included information regarding gang activity within a Bureau facility and potential consequences of actions by BOP. |

| 23 | *Memorandum for John B. Fox, Warden, from Kenneth Russo, Special Investigative Supervisor, dated July 11, 2007* | 5 | *(b)(5)* *(b)(6)* *(b)(7)(C)* *(b)(7)(E)* *(b)(7)(F)* | *This document was withheld in part.* *Throughout the document, exemptions (b)(6), (b)(7)(C), (b)(7)(E), and (b)(7)(F) were applied to withhold the name of a third-party inmate, as well as personal identifying information regarding that inmate, the inmate's witness statement made to law enforcement officers, and information regarding the correctional management of the inmate.* *On page 1, exemption (b)(7)(F) was applied to withhold the type of investigation being conducted.* *Throughout the document, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson and a third-party inmate.* *On page 3, exemption (b)(7)(F) was applied to withhold a statement Pinson made to law enforcement officer.* *On pages 4-5, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold a factual summary of the investigation and conclusions of the investigator.* *On page 5, exemption (b)(5) was applied to withhold a staff member's recommendation regarding the future management of Pinson.* |
| | Reprocessed | | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in part. Throughout the document, exemptions (b)(6), (b)(7)(C), (b)(7)(E), and (b)(7)(F) were applied to withhold the name of a third-party |

| | | | | |
|---|---|---|---|---|
| | | | | inmate, as well as personal identifying information regarding that inmate, the inmate's witness statement made to law enforcement officers, and information regarding the correctional management of the inmate.<br><br>On page 1, exemption (b)(7)(F) was applied to withhold the type of investigation being conducted.<br><br>Throughout the document, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson and a third-party inmate.<br><br>On page 3, exemption (b)(7)(F) was applied to withhold a statement Pinson made to law enforcement officer.<br><br>On pages 4-5, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold a factual summary of the investigation and conclusions of the investigator. |
| 25 | *Memorandum for Sara M. Revell, Warden, from B. Vanek, SIA* | *1* | *(b)(5)*<br>*(b)(6)*<br>*(b)(7)(C)*<br>*(b)(7)(E)*<br>*(b)(7)(F)* | *This document was withheld in part.*<br><br>*Exemption (b)(5) was applied to withhold a staff member's recommendation regarding the future management of Pinson.*<br><br>*Exemptions (b)(6) and (b)(7)(C) were applied to withhold information regarding a third-party inmate.*<br><br>*Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson and a third-party inmate.* |
| | Reprocessed | | (b)(6) | This document was withheld in part. |

| | | | (b)(7)(C) (b)(7)(E) (b)(7)(F) | Exemptions (b)(6) and (b)(7)(C) were applied to withhold information regarding a third-party inmate. |
| | | | | Exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson and a third-party inmate. |
| 35 | *Inmate Investigative Report, SIS Case No. TDG 10-0125* | *5* | *(b)(5) (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F)* | *This document was withheld in part.* |
| | | | | *On page 1, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the type of investigation being conducted.* |
| | | | | *Throughout the document, exemptions (b)(6), (b)(7)(C), (b)(7)(E), and (b)(7)(F) were applied to withhold the names of a third-party inmates, as well as personal identifying information regarding that inmates, the inmates' witness statement made to law enforcement officers, and information regarding the correctional management of the inmate.* |
| | | | | *Throughout the document, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson and third-party inmates.* |
| | | | | *On page 5, exemption (b)(5) was applied to withhold a staff member's recommendation regarding the future management of Pinson and third-party inmates.* |
| | Reprocessed | | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in part. |
| | | | | On page 1, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the type of investigation being |

| | | | | |
|---|---|---|---|---|
| | | | | conducted.<br><br>Throughout the document, exemptions (b)(6), (b)(7)(C), (b)(7)(E), and (b)(7)(F) were applied to withhold the names of a third-party inmates, as well as personal identifying information regarding that inmates, the inmates' witness statement made to law enforcement officers, and information regarding the correctional management of the inmate.<br><br>Throughout the document, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for Pinson and third-party inmates. |
| 36 | *Presentence Investigation Report for <u>United States v. Jeremy Vaughn Pinson</u>, No. CR06-00114-001-R (W.D. Okl.)* | *33* | *(b)(7)(F)* | *This document was withheld in full.*<br><br>*Exemption (b)(7)(F) was applied to withhold the Presentence Investigation Report for <u>United States v. Jeremy Vaughn Pinson</u>, No. CR06-00114-001-R (W.D. Okl.).* |
| | Reprocessed | | | Released in full |

**FOIA Request No. 2011-02366**

| Doc # | Document | Pages | Exemption | Justification |
|---|---|---|---|---|
| 1 | *Stipulation for Compromise and Settlement* | *5* | *(b)(6) (b)(7)(C)* | *This document was withheld in part. Exemptions were applied on pages 1, 4, and 5.  Pages 2 and 3 were released in full.*<br><br>*On page 1, exemptions (b)(6) and (b)(7)(C) were applied to withhold the case number.*<br><br>*On pages 1, 4, and 5, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and addresses of the third-party inmate, inmate's attorney, judges, Assistant U.S. Attorney, and notary public.* |
|  | Reprocessed |  | (b)(6) | This document was withheld in part. Exemptions were applied on pages 1, 4, and 5.  Pages 2 and 3 were released in full.<br><br>On page 1, exemption (b)(6) was applied to withhold the case number.<br><br>On pages 1, 4, and 5, exemption (b)(6) was applied to withhold the plaintiff's name and signature.<br><br>On page 5, exemption (b)(6) was applied to withhold the name, signature, and phone number of the Assistant U.S. Attorney. |
| 2 | *Letter regarding an Administrative Tort Claim* | *1* | *(b)(6) (b)(7)(C)* | *This document was withheld in part.*<br><br>*Exemptions (b)(6) and (b)(7)(C) were applied to withhold the administrative tort claim number and case number.*<br><br>*Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names of a third-party inmate and Bureau staff member.  The exemptions were also applied to withhold the inmate's* |

| | | | | |
|---|---|---|---|---|
| | | | | *mailing address.* |
| | Reprocessed | | (b)(6) | This document was withheld in part.<br><br>Exemption (b)(6) was applied to withhold the administrative tort claim number and a case number, the name and mailing address of a third-party inmate, and the signature of a Bureau staff member. |

**FOIA Request No. 2011-07619**

| Doc # | Document | Pages | Exemption | Justification |
|---|---|---|---|---|
| 4 | *Report of Incident, dated July 19, 2014* | *3* | *(b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F)* | *Each of these documents were withheld in part. As the sections and headers are the same within each document, they are grouped for purposes of this Vaughn Index.* |
| | *Report of Incident, dated March 16, 2014* | *4* | | |
| | *Report of Incident, dated October 14, 2015* | *4* | | *Exemption (b)(7)(F) was applied to withhold the boxes and check-marks indicating the "Type of Incident" and "Cause of Incident".* |
| | *Report of Incident, dated May 2, 2010* | *4* | | |
| | *Report of Incident, dated August 16, 2009* | *3* | | *Within "Cause of Incident," exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold a cause related to the BOP's monitoring and classification assignments of inmates.* |
| | *Report of Incident, dated July 24, 2011* | *4* | | |
| | *Report of Incident, dated August 6, 2015* | *5* | | *Within "Inmates Involved," exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and personal identifying information of third-party inmates and third-party individuals. Further, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for third-party inmates. If the "Inmates Involved" section spanned a full page, the entire page was withheld.* |
| | *Report of Incident, dated January 15, 2011* | *4* | | |
| | *Report of Incident, dated January 21, 2010* | *5* | | |
| | *Report of Incident, dated January 7, 2011* | *2* | | |
| | *Report of Incident, dated August 1, 2015* | *5* | | |
| | *Report of Incident, dated January 26, 2010* | *3* | | *Within "Description of Incident," exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and personal identifying information of third-party inmates.* |
| | *Report of Incident, dated April 21, 2015* | *4* | | |
| | *Report of Incident, dated January 18, 2010* | *3* | | *Within "Attachments," exemptions (b)(6) and (b)(7)(C) were applied to withhold file names if the file names contained the names of third-party inmates.* |
| | *Report of Incident, dated August 4, 2010* | *5* | | |
| | *Report of Incident, dated March 6, 2015* | *6* | | |

| | Reprocessed | | | (b)(6)<br>(b)(7)(C)<br>(b)(7)(E)<br>(b)(7)(F) | Each of these documents were withheld in part.  As the sections and headers are the same within each document, they are grouped for purposes of this Vaughn Index.<br><br>Within "Inmates Involved," exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and personal identifying information of third-party inmates and third-party individuals.  Further, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for third-party inmates.  If the "Inmates Involved" section spanned a full page, the entire page was withheld.<br><br>Within "Description of Incident," exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and personal identifying information of third-party inmates.<br><br>Within "Attachments," exemptions (b)(6) and (b)(7)(C) were applied to withhold file names if the file names contained the names of third-party inmates. |

**FOIA Request No. 2012-00039**

| Doc # | Document | Pages | Exemption | Justification |
|---|---|---|---|---|
| 2 | *Email dated 6/28/2011* | *1* | *(b)(5)* | This document was withheld in full.<br><br>Exemption (b)(5) was applied to withhold an email discussion between to BOP staff regarding proposed steps to take in anticipation of the ACA re-accreditation |
|  | Reprocessed |  |  | This document was released in full. |
| 3 | *Email from Michael Castle to Debbie Straight, dated 6/28/2011* | *1* | *(b)(5)* | This document was withheld in part.<br><br>Exemption (b)(5) was applied to withhold information regarding proposed steps to take in anticipation of the ACA re-accreditation |
|  | Reprocessed |  |  | This document was released in full |
| 4 | *Report of Incident, dated April 20, 2008* | *11* | *(b)(5)*<br>*(b)(6)*<br>*(b)(7)(C)*<br>*(b)(7)(E)*<br>*(b)(7)(F)* | This document was withheld in part. There are partial withholdings on pages 1-5 and 10-11.  Pages 6-8 were withheld in their entirety.<br><br>On pages 2 and 3, exemption (b)(5) was applied to withhold the preliminary cause of death of deceased inmates.  On pages 3 and 4, this exemption was also applied to withhold the estimated cost of the damage associated with incident.<br><br>Throughout the document, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names, personal identifying information, and medical information of staff and third-party inmates.  On page 3, these exemptions were also applied to withhold the identity and contact information for deceased inmates' next-of-kin.<br><br>On pages 1 and 2, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the Bureau's classification and monitoring assignments for third party inmates.  Further, on pages 3 and 4, these exemptions were applied to |

| | | | | |
|---|---|---|---|---|
| | | | | *withhold the names of staff who used munitions and the type of munitions used.*<br><br>*On pages 10 and 11, exemption (b)(7)(E) was applied to withhold the techniques law enforcement officers used to contain and control a critical incident.* |
| | Reprocessed | | (b)(6)<br>(b)(7)(C)<br>(b)(7)(E)<br>(b)(7)(F) | This document was withheld in part. There are partial withholdings on pages 1-5 and 10-11.  Pages 6-8 were withheld in their entirety.<br><br>Throughout the document, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names, personal identifying information, and medical information of staff and third-party inmates.  On page 3, these exemptions were also applied to withhold the identity and contact information for deceased inmates' next-of-kin.<br><br>On pages 1 and 2, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the Bureau's classification and monitoring assignments for third party inmates.  Further, on pages 3 and 4, these exemptions were applied to withhold the names of staff who used munitions and the type of munitions used.<br><br>On pages 3 and 4, within the sections previously withheld under exemption (b)(5), exemption (b)(7)(E) was applied to the "damage estimate" subsection. The information withheld includes a list of weapons used during the disturbance.<br><br>On pages 10 and 11, exemption (b)(7)(E) was applied to withhold the techniques law enforcement officers used to contain and control a critical incident. |

| 5 | *After-Action Review Report – Use of Force, dated April 20, 2008* | *2* | *(b)(5)* *(b)(6)* *(b)(7)(C)* *(b)(7)(E)* *(b)(7)(F)* | *This document was withheld in part.* *On page 1, exemptions (b)(6), (b)(7)(C), (b)(7)(E), and (b)(7)(F) were applied to withhold the names and personal identifying information of third-party inmates as well as the Bureau's classification and monitoring assignments for the inmates.* *On page 2, exemptions (b)(5) was applied to withhold whether the after action was determined appropriate and the recommendation/results.* |
| | Reprocessed | | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in part. On page 1, exemptions (b)(6), (b)(7)(C), (b)(7)(E), and (b)(7)(F) were applied to withhold the names and personal identifying information of third-party inmates as well as the Bureau's classification and monitoring assignments for the inmates. |

**FOIA Request No. 2012-00975**

| Doc # | Document | Pages | Exemption | Justification |
|---|---|---|---|---|
| 2 | *Report of Incident, dated 1/19/2010* | *2* | *(b)(6)*<br>*(b)(7)(C)*<br>*(b)(7)(E)*<br>*(b)(7)(F)* | *This document was withheld in part.*<br><br>*Throughout the document, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and personal identifying information of third-party inmates. Further, these exemptions were applied to withhold the file names of the attachments as the file names included the names of the inmates.*<br><br>*On pages 1 and 2, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for third-party inmates.*<br><br>*On page 2, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold information regarding an assault on an inmate and attachments to the Form 583.* |
|  | Reprocessed |  | (b)(6)<br>(b)(7)(C)<br>(b)(7)(E)<br>(b)(7)(F) | This document was withheld in part.<br><br>Throughout the document, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and personal identifying information of third-party inmates. Further, these exemptions were applied to withhold the file names of the attachments as the file names included the names of the inmates.<br><br>On pages 1 and 2, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for third-party inmates. |
| 3 | *Report of Incident, dated 1/24/2010* | *3* | *(b)(6)*<br>*(b)(7)(C)*<br>*(b)(7)(E)*<br>*(b)(7)(F)* | *This document was withheld in part.*<br><br>*Throughout the document, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and personal identifying information of third-party inmates. Further, these exemptions* |

| | | | | |
|---|---|---|---|---|
| | | | | *were applied to withhold the file names of the attachments as the file names included the names of the inmates.*<br><br>*On pages 1 and 2, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for third-party inmates.*<br><br>*On page 2, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold information regarding an assault on an inmate and attachments to the Form 583.* |
| | | | (b)(6)<br>(b)(7)(C)<br>(b)(7)(E)<br>(b)(7)(F) | This document was withheld in part.<br><br>Throughout the document, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and personal identifying information of third-party inmates.  Further, these exemptions were applied to withhold the file names of the attachments as the file names included the names of the inmates.<br><br>On pages 1 and 2, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for third-party inmates. |
| 4 | *Report of Incident, dated 2/6/2010* | 5 | *(b)(6)*<br>*(b)(7)(C)*<br>*(b)(7)(E)*<br>*(b)(7)(F)* | *This document was withheld in part.*<br><br>*Throughout the document, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and personal identifying information of third-party inmates.  Further, these exemptions were applied to withhold the file names of the attachments as the file names included the names of the inmates.*<br><br>*On pages 1 and 2, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for third-party inmates.*<br><br>*On page 4, exemptions (b)(7)(E) and* |

| | | | | |
|---|---|---|---|---|
| | | | | *(b)(7)(F) were applied to withhold information regarding an assault on an inmate and attachments to the Form 583.* |
| | Reprocessed | | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in part.<br><br>Throughout the document, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and personal identifying information of third-party inmates.  Further, these exemptions were applied to withhold the file names of the attachments as the file names included the names of the inmates.<br><br>On pages 1 and 2, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for third-party inmates. |
| 5 | *Report of Incident, dated 3/7/2010* | *2* | *(b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F)* | *This document was withheld in part.*<br><br>*Throughout the document, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and personal identifying information of third-party inmates.  Further, these exemptions were applied to withhold the file names of the attachments as the file names included the names of the inmates.*<br><br>*On pages 1 and 2, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for third-party inmates.*<br><br>*On page 2, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold information regarding an assault on an inmate and attachments to the Form 583.* |
| | Reprocessed | | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in part.<br><br>Throughout the document, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and personal identifying information of third-party |

| | | | | inmates.  Further, these exemptions were applied to withhold the file names of the attachments as the file names included the names of the inmates.<br><br>On pages 1 and 2, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for third-party inmates. |
|---|---|---|---|---|
| 6 | *Report of Incident, dated 3/11/2010* | *3* | *(b)(6)*<br>*(b)(7)(C)*<br>*(b)(7)(E)*<br>*(b)(7)(F)* | *This document was withheld in part.*<br><br>*Throughout the document, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and personal identifying information of third-party inmates.  Further, these exemptions were applied to withhold the file names of the attachments as the file names included the names of the inmates.*<br><br>*On pages 1 and 2, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for third-party inmates.*<br><br>*On page 3, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold information regarding an assault on an inmate and attachments to the Form 583.* |
| | Reprocessed | | (b)(6)<br>(b)(7)(C)<br>(b)(7)(E)<br>(b)(7)(F) | This document was withheld in part.<br><br>Throughout the document, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and personal identifying information of third-party inmates.<br><br>On pages 1 and 2, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for third-party inmates. |
| 6a | Report of Incident, dated 4/20/2010 | 2 | (b)(6)<br>(b)(7)(C)<br>(b)(7)(E)<br>(b)(7)(F) | This document was withheld in part.<br><br>Throughout the document, exemptions (b)(6) and (b)(7)(C) were applied to |

| | | | | |
|---|---|---|---|---|
| | (NOTE: part of initial release, but erroneously omitted from <u>Vaughn</u>; reprocessed consistent with Court's Opinion) | | | withhold the names and personal identifying information of third-party inmates.<br><br>On pages 1 and 2, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for third-party inmates. |
| 7 | *Report of Incident, dated 6/1/2010* | *3* | *(b)(6)*<br>*(b)(7)(C)*<br>*(b)(7)(E)*<br>*(b)(7)(F)* | *This document was withheld in part.*<br><br>*Throughout the document, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and personal identifying information of third-party inmates.  Further, these exemptions were applied to withhold the file names of the attachments as the file names included the names of the inmates.*<br><br>*On pages 1 and 2, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for third-party inmates.*<br><br>*On pages 2 and 3, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold information regarding an assault on an inmate and attachments to the Form 583.* |
| | Reprocessed | | (b)(6)<br>(b)(7)(C)<br>(b)(7)(E)<br>(b)(7)(F) | This document was withheld in part.<br><br>Throughout the document, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and personal identifying information of third-party inmates.<br><br>On pages 1 and 2, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for third-party inmates. |
| 8 | *Report of Incident, dated 6/5/2010* | *3* | *(b)(6)*<br>*(b)(7)(C)*<br>*(b)(7)(E)*<br>*(b)(7)(F)* | *This document was withheld in part.*<br><br>*Throughout the document, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and personal* |

| | | | | |
|---|---|---|---|---|
| | | | | *identifying information of third-party inmates. Further, these exemptions were applied to withhold the file names of the attachments as the file names included the names of the inmates.*<br><br>*On pages 1 and 2, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for third-party inmates.*<br><br>*On pages 2 and 3, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold information regarding an assault on an inmate and attachments to the Form 583.* |
| | Reprocessed | | (b)(6)<br>(b)(7)(C)<br>(b)(7)(E)<br>(b)(7)(F) | This document was withheld in part.<br><br>Throughout the document, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and personal identifying information of third-party inmates.<br><br>On pages 1 and 2, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for third-party inmates. |
| 9 | *Report of Incident, dated 6/15/2010* | *3* | *(b)(6)*<br>*(b)(7)(C)*<br>*(b)(7)(E)*<br>*(b)(7)(F)* | *This document was withheld in part.*<br><br>*Throughout the document, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and personal identifying information of third-party inmates. Further, these exemptions were applied to withhold the file names of the attachments as the file names included the names of the inmates.*<br><br>*On pages 1 and 2, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for third-party inmates.*<br><br>*On page 2, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold* |

| | | | | |
|---|---|---|---|---|
| | | | | *information regarding an assault on an inmate and attachments to the Form 583.* |
| | Reprocessed | | (b)(6)<br>(b)(7)(C)<br>(b)(7)(E)<br>(b)(7)(F) | This document was withheld in part.<br><br>Throughout the document, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and personal identifying information of third-party inmates.<br><br>On pages 1 and 2, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for third-party inmates. |
| 10 | *Report of Incident, dated 8/11/2010* | *2* | *(b)(6)<br>(b)(7)(C)<br>(b)(7)(E)<br>(b)(7)(F)* | *This document was withheld in part.*<br><br>*Throughout the document, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and personal identifying information of third-party inmates.  Further, these exemptions were applied to withhold the file names of the attachments as the file names included the names of the inmates.*<br><br>*On pages 1 and 2, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for third-party inmates.*<br><br>*On pages 2 and 3, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold information regarding an assault on an inmate and attachments to the Form 583.* |
| | Reprocessed | | (b)(6)<br>(b)(7)(C)<br>(b)(7)(E)<br>(b)(7)(F) | This document was withheld in part.<br><br>Throughout the document, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and personal identifying information of third-party inmates.<br><br>On pages 1 and 2, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold |

| | | | | |
|---|---|---|---|---|
| | | | | the BOP's monitoring and classification assignments for third-party inmates. |
| 11 | *Report of Incident, dated 9/9/2010* | 2 | *(b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F)* | *This document was withheld in part.*<br><br>*Throughout the document, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and personal identifying information of third-party inmates.  Further, these exemptions were applied to withhold the file names of the attachments as the file names included the names of the inmates.*<br><br>*On pages 1 and 2, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for third-party inmates.*<br><br>*On page 2, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold information regarding an assault on an inmate and attachments to the Form 583.* |
| | Reprocessed | | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in part.<br><br>Throughout the document, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and personal identifying information of third-party inmates.  Further, these exemptions were applied to withhold the file names of the attachments as the file names included the names of the inmates.<br><br>On pages 1 and 2, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for third-party inmates. |
| 12 | *Report of Incident, dated 9/28/2010* | 3 | *(b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F)* | *This document was withheld in part.*<br><br>*Throughout the document, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and personal identifying information of third-party inmates.  Further, these exemptions were applied to withhold the file names* |

| | | | | |
|---|---|---|---|---|
| | | | | *of the attachments as the file names included the names of the inmates.* |
| | | | | *On pages 1 and 2, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for third-party inmates.* |
| | | | | *On pages 2 and 3, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold information regarding an assault on an inmate and attachments to the Form 583.* |
| | Reprocessed | | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in part. Throughout the document, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and personal identifying information of third-party inmates.  Further, these exemptions were applied to withhold the file names of the attachments as the file names included the names of the inmates. On pages 1 and 2, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for third-party inmates. |
| 13 | *Report of Incident, dated 11/19/2010* | 2 | *(b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F)* | *This document was withheld in part.* *Throughout the document, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and personal identifying information of third-party inmates.  Further, these exemptions were applied to withhold the file names of the attachments as the file names included the names of the inmates.* *On pages 1 and 2, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for third-party inmates.* *On page 2, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold* |

| | | | | |
|---|---|---|---|---|
| | | | | information regarding an assault on an inmate and attachments to the Form 583. |
| | Reprocessed | | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in part.<br><br>Throughout the document, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and personal identifying information of third-party inmates.  Further, these exemptions were applied to withhold the file names of the attachments as the file names included the names of the inmates.<br><br>On pages 1 and 2, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for third-party inmates. |
| 14 | Report of Incident, dated 11/25/2010 | 3 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in part.<br><br>Throughout the document, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and personal identifying information of third-party inmates.  Further, these exemptions were applied to withhold the file names of the attachments as the file names included the names of the inmates.<br><br>On pages 1 and 2, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for third-party inmates.<br><br>On page 2, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold information regarding an assault on an inmate and attachments to the Form 583. |
| | Reprocessed | | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in part.<br><br>Throughout the document, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and personal identifying information of third-party inmates.  Further, these exemptions |

| | | | | were applied to withhold the file names of the attachments as the file names included the names of the inmates.<br><br>On pages 1 and 2, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for third-party inmates. |
|---|---|---|---|---|
| 15 | *Report of Incident, dated 3/2/2011* | *2* | *(b)(6)*<br>*(b)(7)(C)*<br>*(b)(7)(E)*<br>*(b)(7)(F)* | *This document was withheld in part.*<br><br>*Throughout the document, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and personal identifying information of third-party inmates. Further, these exemptions were applied to withhold the file names of the attachments as the file names included the names of the inmates.*<br><br>*On page 1, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for third-party inmates.*<br><br>*On page 2, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold information regarding an assault on an inmate and attachments to the Form 583.* |
| | Reprocessed | | (b)(6)<br>(b)(7)(C)<br>(b)(7)(E)<br>(b)(7)(F) | This document was withheld in part.<br><br>Throughout the document, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and personal identifying information of third-party inmates. Further, these exemptions were applied to withhold the file names of the attachments as the file names included the names of the inmates.<br><br>On page 1, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for third-party inmates. |
| 16 | *Report of Incident, dated 7/19/2011* | *2* | *(b)(6)*<br>*(b)(7)(C)* | *This document was withheld in part.* |

120

| | | | (b)(7)(E) (b)(7)(F) | *Throughout the document, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and personal identifying information of third-party inmates. Further, these exemptions were applied to withhold the file names of the attachments as the file names included the names of the inmates.* |
|---|---|---|---|---|
| | | | | *On pages 1 and 2, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for third-party inmates.* |
| | | | | *On page 2, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold information regarding an assault on an inmate and attachments to the Form 583.* |
| | Reprocessed | | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in part. Throughout the document, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and personal identifying information of third-party inmates. On pages 1 and 2, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for third-party inmates. |
| 17 | *Report of Incident, dated 8/1/2011* | 3 | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | *This document was withheld in part.* *Throughout the document, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and personal identifying information of third-party inmates. Further, these exemptions were applied to withhold the file names of the attachments as the file names included the names of the inmates.* *On pages 1 and 2, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for third-party inmates.* |

| | | | | |
|---|---|---|---|---|
| | | | | *On page 2, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold information regarding an assault on an inmate and attachments to the Form 583.* |
| | Reprocessed | | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in part.<br><br>Throughout the document, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and personal identifying information of third-party inmates.<br><br>On pages 1 and 2, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for third-party inmates. |
| 18 | *Report of Incident, dated 11/15/2011* | *3* | *(b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F)* | *This document was withheld in part.*<br><br>*Throughout the document, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and personal identifying information of third-party inmates. Further, these exemptions were applied to withhold the file names of the attachments as the file names included the names of the inmates.*<br><br>*On pages 1 and 2, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for third-party inmates.*<br><br>*On page 3, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold information regarding an assault on an inmate and attachments to the Form 583.* |
| | Reprocessed | | (b)(6) (b)(7)(C) (b)(7)(E) (b)(7)(F) | This document was withheld in part.<br><br>Throughout the document, exemptions (b)(6) and (b)(7)(C) were applied to withhold the names and personal identifying information of third-party inmates. |

122

| | | | | On pages 1 and 2, exemptions (b)(7)(E) and (b)(7)(F) were applied to withhold the BOP's monitoring and classification assignments for third-party inmates. |
|---|---|---|---|---|

<u>Pinson v. U.S. Department of Justice</u>
12-1872 (RC) (D. D.C)

Seventh Declaration of Kara Christenson
Exhibit F

NCR

# Freedom of Information Act Request

9-3-11

Jeremy Pinson # 16267-064
ADX Florence
PO Box 8500
Florence CO 81226

TO: Bureau of Prisons

This letter shall serve as my request pursuant to the Freedom of Information Act, 5 U.S.C. 552 for production of all emails sent by the North Central Regional Director and Warden of the U.S. Penitentiary Administrative Maximum during 2011.

I seek use of no more than 2 hours search time and initial production of no more than 100 pages of information. Upon production of the 100 pages please inform me by letter of how many additional pages are available for production and any cost so I may determine whether to purchase such.

I request an acknowledgment within 20 days.

Sincerely,

Jeremy Pin

Received

SEP 23 2011

FOIA/PA Section
Federal Bureau of Prison

<u>Pinson v. U.S. Department of Justice</u>
12-1872 (RC) (D. D.C)

Seventh Declaration of Kara Christenson
Exhibit G



**U.S. Department of Justice**

**Federal Bureau of Prisons**

_____

_North Central Regional Office_

_____

_Office of the Regional Counsel_                    _Kansas City, KS 66101_


February 28, 2017


Jeremy Pinson
Register No. 16267-064
U.S. Medical Center for Federal Prisoners
PO Box 4000
Springfield, MO  65801


Re:  Information Request No.  2012-00040

Dear Mr. Pinson:

Pursuant to the decision in <u>Jeremy Pinson v. U.S. Department of Justice, et al</u>, Civil No. 12-1892 (RC), the above noted request has been re-opened and re-processed.  As you were advised on or about May 16, 2016, your request for copies of all emails sent by the North Central Regional Director and the Warden of the U.S. Penitentiary-ADX during 2011 concerning you were not available as a result of technical difficulties being experienced by the Bureau of Prisons.  Recently, the technical issues were resolved and searches of emails were able to be accomplished.

Please be advised that staff have thoroughly searched for this information.  However, there are no records responsive to your request.

If you consider my response to be a denial of this request, you may administratively appeal to the Assistant Attorney General, pursuant to Title 28 Code of Federal Regulations, Section 16.9 or 16.45, by filing a written appeal. Both the appeal letter and face of the envelope should be marked "Freedom of Information Act Appeal, and should be addressed to the Office of Information Policy (OIP), U.S. Department of Justice, 1425 New York Ave., Suite 11050, Washington, D.C. 20530-0001.  Your appeal must be received within 60 days from the date of this letter.

Sincerely,

_for_ Kara Christenson

Richard M. Winter
Regional Counsel

<u>Pinson v. U.S. Department of Justice</u>
12-1872 (RC) (D. D.C)

Seventh Declaration of Kara Christenson
Exhibit H

Freedom of Information Act Request

11-5-12

Jeremy Pinson #16267-064
ADX U.S. Penitentiary
P.O. Box 8500
Florence CO 81226

TO: Bureau of Prisons

This letter shall serve as my request pursuant to 5 U.S.C. 552 and 552a for production of all information produced on or after February 25, 2011 which is located in the Central File, SIS File, and any other file maintained on Jeremy Pinson by your agency.

Pursuant to the FOIA I request a response within 20 days.

Sincerely,

Jeremy Pin

Received

NOV 1 3 2012

FOIA/PA Section
Federal Bureau of Prison

Pinson v. U.S. Department of Justice
12-1872 (RC) (D. D.C)

Seventh Declaration of Kara Christenson
Exhibit I

May 24, 2016

Jeremy Pinson #16262-064
PO Box 5000
White Deer PA 17887

Re = 2013-1684 (FOIA)

Dear Ms. Christenson,

I wish to modify the above referenced FOIA request as
follows to narrow the scope of my request:

1. I no longer seek Central File documents produced
on or before Oct. 1, 2014;

2. I no longer seek SIS File documents produced between
Feb. 25, 2011 and Oct. 2013.

All other responsive records are still sought. Please advise
the new fee calculation.

Sincerely,

<u>Pinson v. U.S. Department of Justice</u>
12-1872 (RC) (D. D.C)

Seventh Declaration of Kara Christenson
Exhibit J

United States District Court
District of Columbia District

Jeremy Pinson
            Plaintiff

v-                                    No. 12-1872 (RC)

U.S. Dept. of Justice, et al.
            Defendant

## Motion to Compel Response to Request to Production on CD

Comes now the Plaintiff in part in response to Doc.
No. 353 and notifies the Court she has written the BOP
twice to ask that Req No. 2013-1684 be produced on a
Compact Disc which the plaintiff has done repeatedly
with with the FBI then mail to plaintiff's alternate
address which at this time would be theodore whitehouse
but the BOP has ignored both letters.
Wherefore within 10 days plaintiff requests a
response.

                                    Jeremy Pinson

            Certificate of Service

I certify service upon AUSA Taaffe 4-3-17 via U.S. Mail.

                                    Jeremy Pinson

RECEIVED
Mail Room

APR 10 2017

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

<u>Pinson v. U.S. Department of Justice</u>
12-1872 (RC) (D. D.C)

Seventh Declaration of Kara Christenson
Exhibit K



**U.S. Department of Justice**

**Federal Bureau of Prisons**

_North Central Regional Office_

_Office of the Regional Counsel_                    _Kansas City, KS 66101_

April 11, 2017

Jeremy Pinson
Register No. 16267-064
Medical Center for Federal Prisoners
PO Box 4000
Springfield, MO  65801

Re:   Information Request No.  2013-01684

Dear Mr. Pinson:

We recently received notice of your Motion to Compel dated April 3, 2017, wherein you note you notified the Bureau of Prisons (BOP) twice that you wish for records responsive to Request No. 2013-01684 be provided on a compact disc to Theodore Whitehouse, without any response from the BOP.   Please be advised the BOP did not receive any correspondence from you indicating you wished for records responsive to this request be provided to your attorney of record on a cd.  The only correspondence we have received from you recently is your letter dated March 18, 2017, wherein you requested clarification on the BOP's current position concerning fees.   However, now that we are aware of your preference, the records responsive to Request No. 2013-01684 will be processed and produced to Mr. Whitehouse on a cd.  Please disregard the correspondence dated April 7, 2017, outlining the BOP's position concerning fees related to your Request No. 2013-01684.

I trust this is responsive to your request.

Sincerely,

Richard M. Winter
Regional Counsel

<u>Pinson v. U.S. Department of Justice</u>
12-1872 (RC) (D. D.C)

Seventh Declaration of Kara Christenson
Exhibit L



**U.S. Department of Justice**

**Federal Bureau of Prisons**

_North Central Regional Office_

_____

_Office of the Regional Counsel_                        _Kansas City, KS 66101_

October 23, 2017

Jeremy Pinson
Register No. 16267-064
Federal Medical Center
2110 East Center Street
Rochester, MN  55903

Re:  Information Request No.  2013-01684

Dear Mr. Pinson:

Pursuant to the decision in <u>Jeremy Pinson v. U.S. Department of Justice, et al</u>, Civil No. 12-1892 (RC), the above noted request has been re-opened and re-processed.  Specifically, you request copies of all your record beginning from October 1, 2013. You have requested these records be provided to you on a cd.  As you are aware, inmates are not allowed to receive compact discs in the mail.  Accordingly, the discs containing the records responsive to your request are being mailed to your attorney of record, Theodore Whitehouse.

The Attorney General has exempted the Bureau of Prisons from certain provisions of the Privacy Act of 1974. Title 5 U.S.C. Section 552a(j). Therefore, all material granted, excised from documents, or denied herein has been processed under the authority of an alternative means of access, which is part of said exemption. The exemption, including the alternative means of access, is set forth in Title 28 Code of Federal Regulations, Section 16.97. Accordingly, your access rights are limited to those provided by the non-exempted portions of the Privacy Act of 1974 and the Freedom of Information Act(FOIA), Title 5 U.S.C. Section 552 and as implemented by Title 28 Code of Federal Regulations, Part 16, Subpart A and D. The procedures established for use by the Bureau of Prisons are outlined in Program Statement 1351.5, <u>Release of Information</u>, and Program Statement 5800.11, <u>Inmate Central File, Privacy Folder and Parole Commission File</u>.

Please be advised that a portion of the records (14 pages) was created by the Federal Bureau of Investigation is under their control. Pursuant to Title 5, United States Code, Section 552(a)(3) and Title 28, Code of Federal Regulations, Section 16.4(f), we have forwarded those documents to that agency. You should receive a response from this agency in the near future. The remaining records you have requested have been reviewed in this office and it has been determined that a portion of the records (13,690 pages) are available to you in full and a portion of the records (1481 pages) are available to you in part.  The remaining records (2325 pages) are not releasable to you.

Pursuant to the Freedom of Information Act, 5 U.S.C. 552(b)(2)-(7), portions of the records are exempt in part or in full from disclosure to you under the following exemptions:

(b)(2) -related solely to the internal personnel rules and practices of an agency
(b)(6) - constitutes a clearly unwarranted invasion of personal privacy
(b)(7)(C) - constitutes an unwarranted invasion of personal privacy
(b)(7)(D) - discloses the identity of a confidential source
(b)(7)(E) - discloses investigative techniques and procedures
(b)(7)(F) - could reasonably be expected to endanger the life or physical safety of any individual

Pursuant to Title 28 Code of Federal Regulations, Section 16.9 or 16.45, the material herewith denied in full or in part may be appealed to the Assistant Attorney General, by filing a written appeal.  Both the appeal letter and face of the envelope should be marked "Freedom of Information Act Appeal, and should be addressed to the Office of Information Policy (OIP), U.S. Department of Justice, 1425 New York Ave., Suite 11050, Washington, D.C. 20530-0001.  Your appeal must be received by OIP within 60 days from the date of this letter.

Sincerely,

Richard M. Winter
Regional Counsel

cc:  Theodore C. Whitehouse, w/encl.

<u>Pinson v. U.S. Department of Justice</u>
12-1872 (RC) (D. D.C)

Seventh Declaration of Kara Christenson
Exhibit M



**U.S. Department of Justice**

**Federal Bureau of Prisons**

_North Central Regional Office_

_Office of the Regional Counsel_                    _Kansas City, KS 66101_

April 6, 2017

Jeremy Pinson
Register No. 16267-064
Medical Center for Federal Prisoners
PO Box 4000
Springfield, MO  65801

Re:  Information Request No.  2010-12533

Dear Mr. Pinson:

Pursuant to the recent decision in <u>Jeremy Pinson v. U.S. Department of Justice, et al</u>, Civil No. 12-1892 (RC), five pages at issue in the above noted request have been re-opened and re-processed.  Specifically, these pages involved After Action Reports for FCC Florence.

The Attorney General has exempted the Bureau of Prisons from certain provisions of the Privacy Act of 1974. Title 5 U.S.C. Section 552a(j). Therefore, all material granted, excised from documents, or denied herein has been processed under the authority of an alternative means of access, which is part of said exemption. The exemption, including the alternative means of access, is set forth in Title 28 Code of Federal Regulations, Section 16.97. Accordingly, your access rights are limited to those provided by the non-exempted portions of the Privacy Act of 1974 and the Freedom of Information Act(FOIA), Title 5 U.S.C. Section 552 and as implemented by Title 28 Code of Federal Regulations, Part 16, Subpart A and D. The procedures established for use by the Bureau of Prisons are outlined in Program Statement 1351.5, <u>Release of Information</u>, and Program Statement 5800.11, <u>Inmate Central File, Privacy Folder and Parole Commission File.</u>

The records you have requested have been reviewed in this office and it has been determined that a portion of the records (2 pages) are available to you in full and a portion of the records (3 pages) are available to you in part.  No record were withheld in their entirety concerning the five pages at issue.

Pursuant to the Freedom of Information Act, 5 U.S.C. 552(b)(2)-(7), portions of the records are exempt in part or in full from disclosure to you under the following exemptions:

(b)(7)(E) - discloses investigative techniques and procedures
(b)(7)(F) - could reasonably be expected to endanger the life or physical safety of any individual

Pursuant to Title 28 Code of Federal Regulations, Section 16.9 or 16.45, the material herewith denied in full or in part may be appealed to the Assistant Attorney General, by filing a written appeal.   Both the appeal letter and face of the envelope should be marked "Freedom of Information Act Appeal, and should be addressed to the Office of Information Policy (OIP), U.S. Department of Justice, 1425 New York Ave., Suite 11050, Washington, D.C. 20530-0001.  Your appeal must be received by OIP within 60 days from the date of this letter.

Sincerely,

Richard M. Winter
Regional Counsel

<u>Pinson v. U.S. Department of Justice</u>
12-1872 (RC) (D. D.C)

Seventh Declaration of Kara Christenson
Exhibit N



**U.S. Department of Justice**

**Federal Bureau of Prisons**

_North Central Regional Office_

_____

_Office of the Regional Counsel_          _Kansas City, KS 66101_

April 6, 2017

Jeremy Pinson
Register No. 16267-064
Medical Center for Federal Prisoners
PO Box 4000
Springfield, MO 65801

Re:  Information Request No.  2011-01351

Dear Mr. Pinson:

Pursuant to the recent decision in <u>Jeremy Pinson v. U.S. Department of Justice, et al</u>, Civil No. 12-1892 (RC), the above noted request has been re-opened and re-processed. Specifically, you request copies of all After Action Reports regarding inmate on inmate assaults and/or homicides occurring at FCI Talledega during 2009 – 2010.

The Attorney General has exempted the Bureau of Prisons from certain provisions of the Privacy Act of 1974. Title 5 U.S.C. Section 552a(j). Therefore, all material granted, excised from documents, or denied herein has been processed under the authority of an alternative means of access, which is part of said exemption. The exemption, including the alternative means of access, is set forth in Title 28 Code of Federal Regulations, Section 16.97. Accordingly, your access rights are limited to those provided by the non-exempted portions of the Privacy Act of 1974 and the Freedom of Information Act(FOIA), Title 5 U.S.C. Section 552 and as implemented by Title 28 Code of Federal Regulations, Part 16, Subpart A and D. The procedures established for use by the Bureau of Prisons are outlined in Program Statement 1351.5, <u>Release of Information</u>, and Program Statement 5800.11, <u>Inmate Central File, Privacy Folder and Parole Commission File.</u>

The records you have requested have been reviewed in this office and it has been determined that the records (9 pages) are available to you in part.  No records were withheld in their entirety concerning the five pages at issue.

Pursuant to the Freedom of Information Act, 5 U.S.C. 552(b)(2)-(7), portions of the records are exempt in part or in full from disclosure to you under the following exemptions:

(b)(6) - constitutes a clearly unwarranted invasion of personal privacy
(b)(7)(C) - constitutes an unwarranted invasion of personal privacy

(b)(7)(E) - discloses investigative techniques and procedures
(b)(7)(F) - could reasonably be expected to endanger the life or physical safety of any individual

Pursuant to Title 28 Code of Federal Regulations, Section 16.9 or 16.45, the material herewith denied in full or in part may be appealed to the Assistant Attorney General, by filing a written appeal.  Both the appeal letter and face of the envelope should be marked "Freedom of Information Act Appeal, and should be addressed to the Office of Information Policy (OIP), U.S. Department of Justice, 1425 New York Ave., Suite 11050, Washington, D.C. 20530-0001.  Your appeal must be received by OIP within 60 days from the date of this letter.

Sincerely,

Richard M. Winter
Regional Counsel

<u>Pinson v. U.S. Department of Justice</u>
12-1872 (RC) (D. D.C)

Seventh Declaration of Kara Christenson
Exhibit O



**U.S. Department of Justice**

**Federal Bureau of Prisons**

*North Central Regional Office*
_____

*Office of the Regional Counsel*          *Kansas City, KS 66101*

April 6, 2017

Jeremy Pinson
Register No. 16267-064
Medical Center for Federal Prisoners
PO Box 4000
Springfield, MO  65801

Re:  Information Request No.  2011-01886

Dear Mr. Pinson:

Pursuant to the recent decision in <u>Jeremy Pinson v. U.S. Department of Justice, et al</u>, Civil No. 12-1892 (RC), the above noted request has been re-opened and re-processed. Specifically, you request copies of the referral packet referring you to the U.S. Penitentiary-ADX in Florence, Colorado.

The Attorney General has exempted the Bureau of Prisons from certain provisions of the Privacy Act of 1974. Title 5 U.S.C. Section 552a(j). Therefore, all material granted, excised from documents, or denied herein has been processed under the authority of an alternative means of access, which is part of said exemption. The exemption, including the alternative means of access, is set forth in Title 28 Code of Federal Regulations, Section 16.97. Accordingly, your access rights are limited to those provided by the non-exempted portions of the Privacy Act of 1974 and the Freedom of Information Act(FOIA), Title 5 U.S.C. Section 552 and as implemented by Title 28 Code of Federal Regulations, Part 16, Subpart A and D. The procedures established for use by the Bureau of Prisons are outlined in Program Statement 1351.5, <u>Release of Information</u>, and Program Statement 5800.11, <u>Inmate Central File, Privacy Folder and Parole Commission File.</u>

The records you have requested have been reviewed in this office and it has been determined that a portion of the records (77 pages) are available to you in full and a portion of the records (57 pages) are available to you in part.  The remaining records (3 pages) are not releasable to you.  Please note, within the releasable and partially releasable pages is a copy of your Presentence Investigation Report (PSR).  As recently ordered by the Court, your PSR (32 pages) is being provided directly to the attorney appointed to represent you in this litigation.  The remaining records (102 pages) are provided directly to you.

Pursuant to the Freedom of Information Act, 5 U.S.C. 552(b)(2)-(7), portions of the records are exempt in part or in full from disclosure to you under the following exemptions:

(b)(6) - constitutes a clearly unwarranted invasion of personal privacy
(b)(7)(C) - constitutes an unwarranted invasion of personal privacy
(b)(7)(E) - discloses investigative techniques and procedures
(b)(7)(F) - could reasonably be expected to endanger the life or physical safety of any individual

Pursuant to Title 28 Code of Federal Regulations, Section 16.9 or 16.45, the material herewith denied in full or in part may be appealed to the Assistant Attorney General, by filing a written appeal.  Both the appeal letter and face of the envelope should be marked "Freedom of Information Act Appeal, and should be addressed to the Office of Information Policy (OIP), U.S. Department of Justice, 1425 New York Ave., Suite 11050, Washington, D.C. 20530-0001.  Your appeal must be received by OIP within 60 days from the date of this letter.

Sincerely,

Richard M. Winter
Regional Counsel

cc:  Theodore C. Whitehouse

<u>Pinson v. U.S. Department of Justice</u>
12-1872 (RC) (D. D.C)

Seventh Declaration of Kara Christenson
Exhibit P



**U.S. Department of Justice**

**Federal Bureau of Prisons**

*North Central Regional Office*

*Office of the Regional Counsel*                    *Kansas City, KS 66101*

April 6, 2017

Jeremy Pinson
Register No. 16267-064
Medical Center for Federal Prisoners
PO Box 4000
Springfield, MO  65801

Re:  Information Request No.  2011-02366

Dear Mr. Pinson:

Pursuant to the recent decision in <u>Jeremy Pinson v. U.S. Department of Justice, et al</u>, Civil No. 12-1892 (RC), the above noted request has been re-opened and re-processed. Specifically, you request copies of any financial settlement resulting in monetary compensation arising from litigation against officers and/or employees of the BOP at USP Lewisburg; FCI Oakdale, and FCI Talladega from 2006 to the date of your original request.

The Attorney General has exempted the Bureau of Prisons from certain provisions of the Privacy Act of 1974. Title 5 U.S.C. Section 552a(j). Therefore, all material granted, excised from documents, or denied herein has been processed under the authority of an alternative means of access, which is part of said exemption. The exemption, including the alternative means of access, is set forth in Title 28 Code of Federal Regulations, Section 16.97. Accordingly, your access rights are limited to those provided by the non-exempted portions of the Privacy Act of 1974 and the Freedom of Information Act(FOIA), Title 5 U.S.C. Section 552 and as implemented by Title 28 Code of Federal Regulations, Part 16, Subpart A and D. The procedures established for use by the Bureau of Prisons are outlined in Program Statement 1351.5, <u>Release of Information</u>, and Program Statement 5800.11, <u>Inmate Central File, Privacy Folder and Parole Commission File.</u>

The records you have requested have been reviewed in this office and it has been determined that a portion of the records (2 pages) are available to you in full and a portion of the records (4 pages) are available to you in part.  No records were withheld in their entirety concerning the five pages at issue.

Pursuant to the Freedom of Information Act, 5 U.S.C. 552(b)(2)-(7), portions of the records are exempt in part or in full from disclosure to you under the following exemptions:

(b)(6) - constitutes a clearly unwarranted invasion of personal privacy
(b)(7)(C) - constitutes an unwarranted invasion of personal privacy

Pursuant to Title 28 Code of Federal Regulations, Section 16.9 or 16.45, the material herewith denied in full or in part may be appealed to the Assistant Attorney General, by filing a written appeal.   Both the appeal letter and face of the envelope should be marked "Freedom of Information Act Appeal, and should be addressed to the Office of Information Policy (OIP), U.S. Department of Justice, 1425 New York Ave., Suite 11050, Washington, D.C. 20530-0001.  Your appeal must be received by OIP within 60 days from the date of this letter.

Sincerely,

Richard M. Winter
Regional Counsel

<u>Pinson v. U.S. Department of Justice</u>
12-1872 (RC) (D. D.C)

Seventh Declaration of Kara Christenson
Exhibit Q



**U.S. Department of Justice**

**Federal Bureau of Prisons**

*North Central Regional Office*

*Office of the Regional Counsel*                    *Kansas City, KS 66101*

April 6, 2017

Jeremy Pinson
Register No. 16267-064
Medical Center for Federal Prisoners
PO Box 4000
Springfield, MO 65801

Re:  Information Request No.  2011-07619

Dear Mr. Pinson:

Pursuant to the recent decision in <u>Jeremy Pinson v. U.S. Department of Justice, et al</u>, Civil No. 12-1892 (RC), the above noted request has been re-opened and re-processed. Specifically, you requested copies of all Reports of Incident (Form 583) regarding homicides within the Bureau of Prisons since 2008.

The Attorney General has exempted the Bureau of Prisons from certain provisions of the Privacy Act of 1974. Title 5 U.S.C. Section 552a(j). Therefore, all material granted, excised from documents, or denied herein has been processed under the authority of an alternative means of access, which is part of said exemption. The exemption, including the alternative means of access, is set forth in Title 28 Code of Federal Regulations, Section 16.97. Accordingly, your access rights are limited to those provided by the non-exempted portions of the Privacy Act of 1974 and the Freedom of Information Act(FOIA), Title 5 U.S.C. Section 552 and as implemented by Title 28 Code of Federal Regulations, Part 16, Subpart A and D. The procedures established for use by the Bureau of Prisons are outlined in Program Statement 1351.5, <u>Release of Information</u>, and Program Statement 5800.11, <u>Inmate Central File, Privacy Folder and Parole Commission File.</u>

The records you have requested have been reviewed in this office and it has been determined that a portion of the records (54 pages) are available to you in full and a portion of the records (8 pages) are available to you in part.  The remaining records (2 pages) are not releasable to you.

Pursuant to the Freedom of Information Act, 5 U.S.C. 552(b)(2)-(7), portions of the records are exempt in part or in full from disclosure to you under the following exemptions:

(b)(6) - constitutes a clearly unwarranted invasion of personal privacy
(b)(7)(C) - constitutes an unwarranted invasion of personal privacy

(b)(7)(E) - discloses investigative techniques and procedures
(b)(7)(F) - could reasonably be expected to endanger the life or physical safety of any individual

Pursuant to Title 28 Code of Federal Regulations, Section 16.9 or 16.45, the material herewith denied in full or in part may be appealed to the Assistant Attorney General, by filing a written appeal.  Both the appeal letter and face of the envelope should be marked "Freedom of Information Act Appeal, and should be addressed to the Office of Information Policy (OIP), U.S. Department of Justice, 1425 New York Ave., Suite 11050, Washington, D.C. 20530-0001.  Your appeal must be received by OIP within 60 days from the date of this letter.

Sincerely,

Richard M. Winter
Regional Counsel

<u>Pinson v. U.S. Department of Justice</u>
12-1872 (RC) (D. D.C)

Seventh Declaration of Kara Christenson
Exhibit R



**U.S. Department of Justice**

**Federal Bureau of Prisons**

*North Central Regional Office*

_____

*Office of the Regional Counsel*                    *Kansas City, KS 66101*

April 6, 2017

Jeremy Pinson
Register No. 16267-064
Medical Center for Federal Prisoners
PO Box 4000
Springfield, MO 65801

Re: Information Request No. 2012-00039

Dear Mr. Pinson:

Pursuant to the recent decision in <u>Jeremy Pinson v. U.S. Department of Justice, et al</u>, Civil No. 12-1892 (RC), the above noted request has been re-opened and re-processed. Specifically, you request copies of the Report of Incident and After Action Report concerning the riot at the U.S. Penitentiary in Florence, Colorado.

The Attorney General has exempted the Bureau of Prisons from certain provisions of the Privacy Act of 1974. Title 5 U.S.C. Section 552a(j). Therefore, all material granted, excised from documents, or denied herein has been processed under the authority of an alternative means of access, which is part of said exemption. The exemption, including the alternative means of access, is set forth in Title 28 Code of Federal Regulations, Section 16.97. Accordingly, your access rights are limited to those provided by the non-exempted portions of the Privacy Act of 1974 and the Freedom of Information Act(FOIA), Title 5 U.S.C. Section 552 and as implemented by Title 28 Code of Federal Regulations, Part 16, Subpart A and D. The procedures established for use by the Bureau of Prisons are outlined in Program Statement 1351.5, <u>Release of Information</u>, and Program Statement 5800.11, <u>Inmate Central File, Privacy Folder and Parole Commission File.</u>

The records you have requested have been reviewed in this office and it has been determined that a portion of the records (5 pages) are available to you in full and a portion of the records (8 pages) are available to you in part. The remaining records (3 pages) are not available to you.

Pursuant to the Freedom of Information Act, 5 U.S.C. 552(b)(2)-(7), portions of the records are exempt in part or in full from disclosure to you under the following exemptions:

(b)(6) - constitutes a clearly unwarranted invasion of personal privacy
(b)(7)(C) - constitutes an unwarranted invasion of personal privacy

(b)(7)(E) - discloses investigative techniques and procedures
(b)(7)(F) - could reasonably be expected to endanger the life or physical safety of any
individual

Pursuant to Title 28 Code of Federal Regulations, Section 16.9 or 16.45, the material
herewith denied in full or in part may be appealed to the Assistant Attorney General, by filing
a written appeal.   Both the appeal letter and face of the envelope should be marked
"Freedom of Information Act Appeal, and should be addressed to the Office of Information
Policy (OIP), U.S. Department of Justice, 1425 New York Ave., Suite 11050, Washington,
D.C. 20530-0001.  Your appeal must be received by OIP within 60 days from the date of this
letter.

Sincerely,

Richard M. Winter
Regional Counsel

<u>Pinson v. U.S. Department of Justice</u>
12-1872 (RC) (D. D.C)

Seventh Declaration of Kara Christenson
Exhibit S



**U.S. Department of Justice**

**Federal Bureau of Prisons**

_North Central Regional Office_

_____

Office of the Regional Counsel                    _Kansas City, KS 66101_

April 6, 2017

Jeremy Pinson
Register No. 16267-064
Medical Center for Federal Prisoners
PO Box 4000
Springfield, MO  65801

Re:  Information Request No.  2012-00975

Dear Mr. Pinson:

Pursuant to the recent decision in <u>Jeremy Pinson v. U.S. Department of Justice, et al</u>, Civil No. 12-1892 (RC), the above noted request has been re-opened and re-processed. Specifically, you request copies of the 583 Reports of Incident from ADX Florence in 2010 and 2011.

The Attorney General has exempted the Bureau of Prisons from certain provisions of the Privacy Act of 1974. Title 5 U.S.C. Section 552a(j). Therefore, all material granted, excised from documents, or denied herein has been processed under the authority of an alternative means of access, which is part of said exemption. The exemption, including the alternative means of access, is set forth in Title 28 Code of Federal Regulations, Section 16.97. Accordingly, your access rights are limited to those provided by the non-exempted portions of the Privacy Act of 1974 and the Freedom of Information Act(FOIA), Title 5 U.S.C. Section 552 and as implemented by Title 28 Code of Federal Regulations, Part 16, Subpart A and D. The procedures established for use by the Bureau of Prisons are outlined in Program Statement 1351.5, <u>Release of Information</u>, and Program Statement 5800.11, <u>Inmate Central File, Privacy Folder and Parole Commission File.</u>

The records you have requested have been reviewed in this office and it has been determined that a portion of the records (8 pages) are available to you in full and a portion of the records (40 pages) are available to you in part.  No records were withheld in their entirety.

Pursuant to the Freedom of Information Act, 5 U.S.C. 552(b)(2)-(7), portions of the records are exempt in part or in full from disclosure to you under the following exemptions:

(b)(6) - constitutes a clearly unwarranted invasion of personal privacy
(b)(7)(C) - constitutes an unwarranted invasion of personal privacy

(b)(7)(E) - discloses investigative techniques and procedures
(b)(7)(F) - could reasonably be expected to endanger the life or physical safety of any individual

Pursuant to Title 28 Code of Federal Regulations, Section 16.9 or 16.45, the material herewith denied in full or in part may be appealed to the Assistant Attorney General, by filing a written appeal.   Both the appeal letter and face of the envelope should be marked "Freedom of Information Act Appeal, and should be addressed to the Office of Information Policy (OIP), U.S. Department of Justice, 1425 New York Ave., Suite 11050, Washington, D.C. 20530-0001.  Your appeal must be received by OIP within 60 days from the date of this letter.

Sincerely,

Richard M. Winter
Regional Counsel