UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| JEREMY PINSON, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 12-1872 (RC) |
| | : | | |
| v. | : | Re Document Nos.: | 409, 412 |
| | : | | |
| U.S. DEPARTMENT OF JUSTICE, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

### DENYING DEFENDANTS' RENEWED MOTIONS FOR SUMMARY JUDGMENT

### I. INTRODUCTION

*Pro se* Plaintiff Jeremy Pinson has filed multiple Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, requests with various components of the U.S. Department of Justice ("DOJ"). At issue here are two requests she[1] submitted to the Executive Office of the United States Attorneys ("EOUSA"). Pinson has challenged EOUSA's prior responses to these requests, but she has not challenged the latest response. This Court has already granted in part and denied in part three motions for summary judgment concerning her requests. *See generally Pinson v. U.S. Dep't of Justice*, 145 F. Supp. 3d 1 (D.D.C. 2015); *Pinson v. U.S. Dep't of Justice*, 189 F. Supp. 3d 137 (D.D.C. 2016); *Pinson v. U.S. Dep't of Justice*, No. 12-cv-1872, 2017 WL 6887041 (D.D.C. Aug. 31, 2017).

Now before the Court are DOJ's renewed motions for summary judgment as to two of Pinson's remaining FOIA requests. Defs.' Renewed Mot. Summ. J. ("Defs.' MSJ (409)"), ECF

---

[1] Pinson identifies using feminine pronouns. This Court adopts Pinson's usage. *See Pinson v. U.S. Dep't of Justice*, 273 F. Supp. 3d 1 at 4 n.1 (D.D.C. 2017). The Court's use of feminine pronouns does not convey any substantive or legal characterization.

No. 409; Defs.' Renewed Mot. Summ. J. ("Defs.' MSJ (412)"), ECF No. 412. For the reasons set forth below, the Court denies both motions for summary judgment.

## II. BACKGROUND

The Court has explained the factual background of this case in detail in its prior Memorandum Opinions. *See Pinson*, 145 F. Supp. 3d at 5–7; *Pinson*, 189 F. Supp. 3d at 141–45; *Pinson*, 2017 WL 6887041, at *1–7. The Court therefore confines its discussion to the facts most relevant to the two requests at issue in the present motion.

### A. Request No. 13-1085

Pinson submitted a FOIA request seeking, *inter alia*, "copies of all discovery material" in the case of *United States v. Garcia*, No. 11-cr-68-EJL, in the District of Idaho. Luczynski Decl. (Oct. 20, 2016), Ex. I, ECF No. 332-3. Pinson limited her request to "no more than 150 pages . . . and no more than 2 hours search time." *Id.* After EOUSA informed Pinson that it could not release the information because such third-party information was protected, Pinson limited the scope of her request to "seek only public records." Luczynski Decl. (Feb. 23, 2015), Ex. UUU, ECF No. 170-5; *see also* Luczynski Decl. (Feb. 23, 2015) ¶¶ 82–83, ECF No. 170-4.

After this Court denied DOJ's third motion for summary judgment,[2] EOUSA submitted with its renewed motion a declaration from the FOIA contact who conducted the search for Pinson's requested materials. *See* Narkin Decl. (Oct. 24, 2017), ECF No. 409-3. Legal Administrative Specialist Narkin conducted the search using Courtlink, LexisNexis's docket

---

[2] The Court denied DOJ's third motion for summary judgment as to Request No. 13-1085 because DOJ did not submit an affidavit supporting its claim that it could not release information regarding the District of Idaho case due to discovery being subject to a protective order. *Pinson*, 2017 WL 6887041, at *12. Rather, DOJ only pointed to the case's docket. *Id.* The Court determined that merely pointing to the docket fell "short of the agency's obligation to produce a reasonably detailed affidavit." *Id.*

2

research tool, and retrieved the docket for *United States v. Apodaca*, in which two of the eleven co-defendants had the surname Garcia. *See id.* ¶ 9. After searching for two hours and limiting results to only public records, Narkin located 949 pages related to the *Apodaca* case. *Id.* ¶ 10. DOJ claims that all 949 pages relating to Pinson's request for materials concerning the 11-cr-68 case were released. Defs.' Statement of Material Facts ("Defs.' SMF (409)") ¶ 6, ECF No. 409-2. However, the materials DOJ submitted with its renewed motion indicate that 949 pages relating to a case with the docket number 12-cr-236 were released. Luczynski Decl. (Dec. 13, 2017) at 2 & Ex. A, ECF No. 409-4. DOJ again moves for summary judgment, this time on the basis that Pinson has received the materials she requested. *See* Mem. P. & A. Supp. Defs.' MSJ ("Defs.' Mem. (409)") at 3, ECF No. 409-1. Pinson did not submit an opposition to the motion.

### B. Request No. 12-1757

In a letter dated February 26, 2012, Ms. Pinson requested the "production of all documents, email, or records" for, *inter alia*, cases 10-cv-949 and 11-cv-1906. Luczynski Decl. (Dec. 11, 2015), Ex. Y, ECF No. 254-4. Pinson did not explicitly limit the number of pages to be produced or the search time to be occupied by this request. *See id.* She did later clarify that this request also sought public records, but was not limited to them. Luczynski Decl. (Dec. 11, 2015), Ex. T, ECF No. 254-4.

After this Court denied DOJ's third motion for summary judgment,[3] EOUSA submitted with its renewed motion an updated declaration from the FOIA contact who conducted the

---

[3] The Court denied DOJ's third motion for summary judgment as to Request No. 12-1757 because it was not sufficiently detailed. *See Pinson*, 2017 WL 6887041, at *9–10. The Court suggested that DOJ submit an updated declaration that "adequately describes the search terms used to perform the search," clarifies "if the search and released documents were limited to only public records," and addresses "the discrepancy between the 197 pages located and the 200 pages apparently released." *Id.* at *10.

3

search for the materials Pinson requested. Matuszewski Decl. (Dec. 20, 2017) ¶ 15, ECF No. 412-3. Matuszewski's updated declaration repeats information from her original declaration regarding all the records systems that were searched, why those systems were likely to contain all responsive records, and the amount of material produced. *Compare* Matuszewski Decl. (Dec. 20, 2017) *with* Matuszewski Decl. (Oct. 12, 2016), ECF No. 332-3. Additionally, Matuszewski declares that she searched the computerized docketing case management system Caseview using the terms "Jeremy Pinson" and civil case file numbers 11-cv-1906, 11-cv-1346, and 10-cv-949 to produce 197 pages of responsive material. *See* Matuszewski Decl. (Dec. 20, 2017) ¶¶ 16, 18–20. She maintains that "all documents" found were forwarded to EOUSA. *See id.* ¶¶ 18–19. DOJ again moves for summary judgment, contending that Matuszewski's updated declaration sufficiently demonstrates that EOUSA's search was reasonably calculated to locate all responsive documents, and that all such responsive documents were released. *See* Mem. P. & A. Supp. Defs.' MSJ ("Defs.' Mem. (412)") at 5, ECF No. 412-2. Pinson has not opposed this motion either.

### III. LEGAL STANDARD

"[T]o prevail in a Freedom of Information Act suit, 'the defending agency must prove that each document that falls within the class requested either has been produced, is unidentifiable or is wholly exempt from the Act's inspection requirements.'" *Weisberg v. U.S. Dep't of Justice*, 627 F.2d 365, 368 (D.C. Cir. 1980) (quoting *Nat'l Cable Television Ass'n v. FCC*, 479 F.2d 183, 186 (D.C. Cir. 1973)). At the summary judgment stage, the agency does this by showing "that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). This showing requires the agency to demonstrate that its search was adequate and that all responsive records were either released or properly withheld.

Under FOIA, an adequate search is one that is "reasonably calculated to uncover all relevant documents." *Morley v. CIA*, 508 F.3d 1108, 1114 (D.C. Cir. 2007) (internal quotation marks and citation omitted). "To meet that burden, the agency may submit, and [the Court] may rely on, reasonably detailed affidavit[s], setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials . . . were searched." *Aguiar v. DEA*, 865 F.3d 730, 738 (D.C. Cir. 2017) (internal citation and quotation marks omitted). The affidavit must do more than state in conclusory fashion that the agency "conducted a review of [the files] which would contain information that [the plaintiff] requested" and did not find anything responsive to the request. *Weisberg*, 627 F.2d at 370–71. On the other hand, once the agency has provided a reasonably detailed affidavit describing its search, the burden shifts to the FOIA requester to produce "countervailing evidence" suggesting that a genuine dispute of material fact exists as to the adequacy of the search. *Morley*, 508 F.3d at 1116 (citation omitted).

In a case such as this one, where the requester initially challenges the agency's response but does not consistently articulate specific objections to the agency's releases, the Court is mindful that summary judgment cannot be granted as conceded and that it must independently evaluate whether any issues of material fact exist. "Under the Federal Rules of Civil Procedure, a motion for summary judgment cannot be 'conceded' for want of opposition." *Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 505 (D.C. Cir. 2016) (quoting *Grimes v. District of Columbia*, 794 F.3d 83, 97 (D.C. Cir. 2015) (Griffith, J., concurring)). "The burden is always on the movant to demonstrate why summary judgment is warranted." *Id.* "The nonmoving party's failure to oppose summary judgment does not shift that burden," and "[t]he District Court 'must always determine for itself whether the record and any undisputed material facts justify granting summary judgment.'" *Id.*

## IV. ANALYSIS

DOJ's renewed motions for summary judgment argue that it has performed adequate searches with respect to Request Nos. 13-1085 and 12-1757 and released all non-exempt documents. Pinson has not raised any objections to these motions, but the Court nonetheless considers whether DOJ has demonstrated that it is entitled to summary judgment.

### A. Request No. 13-1085

DOJ asserts that EOUSA adequately searched and properly released records responsive to Request No. 13-1085. Defs.' Mem. (409) at 3. EOUSA's declaration provides a general description of the search, including details of the records system that was searched, the amount of time used to conduct the search, and the scope of the search, which was limited to public records. *See* Narkin Decl. (Oct. 24, 2017) at 2–3. However, the record does not clearly indicate which docket number was used to conduct the search, and even suggests that the wrong docket number may have been used. *See, e.g.*, Luczynski Decl. (Dec. 13, 2017) at 2. For this reason, the Court denies EOUSA's motion for summary judgment as to Request No. 13-1085.[4]

FOIA searches are inadequate when the incorrect search term is used to retrieve responsive records. *See Kleinert v. Bureau of Land Mgmt.*, 132 F. Supp. 3d 79, 87–88 (D.D.C. 2015) (holding that an agency's search was inadequate when the agency used an incorrect spelling of requester's name during its search). Discrepancies in the materials DOJ submitted with its renewed motion for summary judgment indicate that the wrong case number may have been used to search for Pinson's requested materials. If so, EOUSA's search was not sufficient to warrant summary judgment.

---

[4] Although the Court assumes that the incorrect docket number is simply a typographical error, summary judgment cannot be granted based on such an assumption.

6

Pinson's FOIA request sought records in the District of Idaho case *United States v. Garcia*, No. 11-cr-68. Defs.' SMF (409) ¶ 1. DOJ claims in its briefing that it conducted a search for records in that case, which is also called *United States v. Apodaca*, No. 11-cr-68. *See id.* ¶¶ 3–4. However, while EOUSA's FOIA contact in Idaho stated in her declaration that she "utilized . . . Courtlink, to retrieve the criminal case docket of *United States v. Apodaca*," Narkin Decl. ¶ 9, she did not reference which case number was used in conducting the search. Additionally Mr. Luczynski, an Attorney Advisor at EOUSA, stated in his declaration that the 949 pages of materials produced by the FOIA contact's search came from a District of Idaho case numbered 12-cr-236, rather than one numbered 11-cr-68, *see* Luczynski Decl. (Dec. 13, 2017) at 2, and in a letter from the Assistant Director of EOUSA to Pinson regarding the release of 949 pages of public records purportedly responsive to Request No. 13-1085, the subject of the request was listed as "12-cr-236 (D ID)," Luczynski Decl. (Dec. 13, 2017), Ex. A. EOUSA's two references to 12-cr-236, along with the absence of a search term mentioned in the FOIA contact's declaration, suggests that the wrong case number may have been used in searching for materials Pinson requested. Therefore, the Court will deny summary judgment as to Request No. 13-1085 until EOUSA clarifies that the correct search terms were used to perform a search reasonably calculated to uncover all relevant documents.

### B. Request No. 12-1757

DOJ also asserts that EOUSA adequately searched and properly released records responsive to Request No. 12-1757. *See* Defs.' Mem. (412) at 5. However, because EOUSA has not explained how it conducted the search with sufficient detail, summary judgment is denied.

EOUSA's original declaration provided a "general description of the search, including describing all of the records systems that were searched and explaining why those systems were

likely to contain all responsive records." *Pinson*, 2017 WL 6887041, at *9. EOUSA's updated declaration includes the original details provided as well as a description of the search terms used. *See* Matuszewski Decl. (Dec. 20, 2017) ¶¶ 7–20 (stating that the terms "Jeremy Pinson" and the Middle District of Pennsylvania civil case file numbers 11-cv-1906, 11-cv-1346, and 10-cv-949 were used in the search). However, just as in the original declaration, EOUSA's updated declaration does not contain a clarification of whether "the search and released documents were limited to only public records," nor does it contain an explanation of "the discrepancy between the 197 pages located and the 200 pages apparently released." *Pinson*, 2017 WL 6887041, at *10.

While DOJ indicates in its brief that the search was performed "with an intent to provide *all* documents contained therein, including public records," Defs.' Mem. (412) at 4 (emphasis in original), DOJ's submitted materials have not explained why Luczynski's October 20, 2016 declaration stated that a search was conducted for only "*publicly* filed responsive records," Luczynski Decl. (Oct. 20, 2016) ¶ 13 (emphasis added). And although Matuszewski's updated declaration maintains that "all documents" found were forwarded to EOUSA, this was a mere restatement of her original declaration, which the Court found to be unclear as to whether the search was limited to only public documents. Matuszewski Decl. (Dec. 20, 2017) ¶¶ 18–19; *see Pinson*, 2017 WL 6887041, at *9–10. Additionally, DOJ has made no attempt in its renewed motion to explain the discrepancy between the 197 pages mentioned in Matuszewski's declaration and the 200 pages apparently released. *See* Matuszewski Decl. (Oct. 12, 2016) ¶¶ 17–18.

Therefore, although EOUSA's updated declaration sufficiently explains the search terms used, it fails to clarify the other matters this Court highlighted when denying in part DOJ's third

8

motion for summary judgment as to Request 12-1757. Therefore, the Court once again denies summary judgment as to this request, and will continue to do so until EOUSA provides a declaration that adequately explains whether the FOIA contact's search was limited to public documents, as well as the discrepancy between the pages located and those released. If the discrepancy is simply due to mistake, error, and/or sloppiness, then EOUSA must state so. But simply providing slightly different sworn statements with each subsequent motion, without explaining the discrepancies that exist in prior sworn statements, will not do.

## V. CONCLUSION

For the foregoing reasons, Defendants' Renewed Motions for Summary Judgment with respect to EOUSA (ECF Nos. 409, 412) are **DENIED**. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: May 23, 2018　　　　　　　　　　　　　　　　　　　RUDOLPH CONTRERAS
　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge